IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------------------------------X

MIKO PELED, *et al.*,

                Plaintiff,

-against-

BENJAMIN NETANYAHU, *et al.*,

                Defendants.

Docket No:
1:17-CV-260 (RBW)

-----------------------------------------------------------------------X

## MOTION BY DEFENDANT BILLET FEIT & PREIS P.C. FOR RELIEF UNDER LOCAL RULE 5.1(c)(1)[1]

Defendant Billet Feit & Preis P.C. respectfully moves for an order of dismissal of the claims against it for failure to comply with Local Rule 5.1(c)(1).

Local Rule 5.1 provides in relevant part as follows:

(c) NAME AND ADDRESS OF PARTIES AND ATTORNEYS.

(1) The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party…. Failure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant…..

*Id.*

A copy of the plaintiff's complaint is annexed hereto as Ex. A. As the Court can see, most of the plaintiffs are listed without addresses.

There are 35 plaintiffs listed in the caption. Of these, only four contain addresses that satisfy the Rule 5.1(c)(1) requirement. For 20 plaintiffs the only address supplied is simply

---

[1] This motion is made to enforce the moving defendant's specific rights under Local Rule 5.1(c)(1), and is made without prejudice to the moving defendant's right to file a motion to dismiss under Fed. R. Civ. P. 4(m), 12(b), and/or any other applicable rules.

"Palestine." Others are listed with the name of a region, city, town or village, without any street address.

1.  **"Palestine" Plaintiffs**

The 20 plaintiffs whose address in the caption is listed as simply "Palestine" are the following:

- Mahmoud Mohammid Ali Shaalan;

- Muhammad Jihad Muhammad Al-Qata;

- Muhammad Suleiman Mahmoud Baraka;

- Safwat Abd Abu-Teer;

- Sami Shawqi Ahmed Madi;

- Zeinab Safwat Abd Abu-Teer;

- A'id Mahnmoud Ahmed Al-Bur'i;

- Ahmad Kamal Ibrahim Suleiman Abu-Teer;

- Ahmad Suleiman Mamoud Sahmour;

- Ahmed Abdullah Muhammad Abu-Salah;

- Ahmed Al-Zeer;

- Ali Abd Suleiman Abu-Teer;

- Ashraf Abu-Rahma;

- Basem Ibrahim Ahmed Abu-Rahmeh;

- Hanafi Mahmoud Kamel Abu-Yousef;

- Ibrahim Khalil Suleiman Qablan;

- Ibrahim Suleiman Qablan Abu-Qablan;

- Ismail Mahmoud Abu-Dharifa;

- Jawad Issa Ibrahim Salamah Al Horoob; and

- Jawaher Ibrahim Abu-Rahmeh.

The term "Palestine" has a number of meanings, which depend on historical and political contexts. There are also many cities in the world, including in the U.S., which are named Palestine. It is assumed that what plaintiffs mean by "Palestine" the territory that under the Oslo Accords was to be controlled on a municipal level by the Palestinian Authority.

> The Palestinian Authority is a government headquartered in the West Bank city of Ramallah. Established following the 1993 Oslo Accords between Israel and the Palestine Liberation Organization, the Palestinian Authority administers civilian and internal security services in parts of the West Bank and the Gaza Strip. External security remains within Israel's control. See Interim Agreement on the West Bank and the Gaza Strip, Isr.-P.L.O., art. X, Sept. 28, 1995, 36 I.L.M. 551, 561 [hereinafter Oslo II]. The Oslo Accords also circumscribe the Palestinian Authority's "powers and responsibilities in the sphere of foreign relations." *Id.* art. IX, 36 I.L.M. at 561. The Palestinian Authority has non-member observer status in the United Nations and receives foreign aid from the United States, the European Union, and other sources. The United States does not recognize the Palestinian Authority as a government of a sovereign state.

*Livnat v. Palestinian Auth.,* 851 F.3d 45, 47 (D.C. Cir. 2017). This "Palestine" is referred to in Wikipedia as having a territory of 2,400 square miles and population of approximately 4.5 million (https://en.wikipedia.org/wiki/State_of_Palestine).

Listing "Palestine" as a plaintiff's address is not setting forth the "full residence address of the party," as required by Rule 5.1(c)(1).

2. **Remaining Eleven Plaintiffs Without Full Residence Address**

- **Plaintiff Miko Peled**. The only address given is "San Diego, California." This is a not a street address, and thus not the "full residence address of the party" required by Local Rule 5.1(c)(1).

- **Plaintiff Susan Abulhawa**. The only address given is "Yardley, Pennsylvania."

This is a not a street address, and thus not the "full residence address of the party" required by Local Rule 5.1(c)(1).

- **Plaintiff Linda Mansour**. The only address given is "Toledo, Ohio." This is a not a street address, and thus not the "full residence address of the party" required by Local Rule 5.1(c)(1).

- **Plaintiff Mina Ishaq**. The only address given is "Khan Younis, Gaza, Palestine." According to Wikipedia, Khan Younis (or Yunis) is a city in the Gaza Strip encompassing approximately 21 square miles and containing a population of approximately 142,000 people. (https://en.wikipedia.org/wiki/Khan_Yunis). This is a not a street address, and thus not the "full residence address of the party" required by Local Rule 5.1(c)(1).

- **Plaintiff Tagrid Eleyan Mahmoud Abu-Teer**. The only address given is "Gaza Strip, Palestine." According to Wikipedia, Gaza Strip is a "small self-governing Palestinian territory," "[a]dministrated by Hamas" and "claimed by the State of Palestine," with a territory of 141 square miles and the population of 1.85 million (https://en.wikipedia.org/wiki/Gaza_Strip). This is a not a street address, and thus not the "full residence address of the party" required by Local Rule 5.1(c)(1).

- **Plaintiff Waddah Khalid Sofan**. The only address given is "Portland, Oregon." This is a not a street address, and thus not the "full residence address of the party" required by Local Rule 5.1(c)(1).

- **Plaintiff Wala'a Jihad Muhammad Al-Qara**. The only address given is "Khan Younis, Gaza Strip, Palestine." According to Wikipedia, Khan Younis (or Yunis) is a city in the Gaza Strip encompassing approximately 21 square miles and containing a population of approximately 142,000. (https://en.wikipedia.org/wiki/

Khan_Yunis). This is a not a street address, and thus not the "full residence address of the party" required by Local Rule 5.1(c)(1).

- **Plaintiff Bassem Al-Tamimi**. The only address given is "Al Nanbi Saleh, West Bank, Palestine." Google search reveals no municipality or village called "Al-Nanbi Saleh." However, according to Wikipedia, there is a village by the name of "Nabi Salih," population 434, located in the West Bank (https://en.wikipedia.org/wiki/Nabi_Salih). In either case, this is a not a street address, and thus not the "full residence address of the party" required by Local Rule 5.1(c)(1).

- **Plaintiff Doa'a Abu-Amer**. The only address given is "Khan Younis, Gaza Strip, Palestine." As discussed above with reference to plaintiff Wala'a Jihad Muhammad Al-Qara, Khan Younis is a city of approximately 21 square miles and contains a population of approximately 142,000. This is a not a street address, and thus not the "full residence address of the party" required by Local Rule 5.1(c)(1).

- **Plaintiff Emad Shujaia**. The only address given is "Dir Jareer Village, Ramallah, Palestine." According to Wikipedia, a village named "Deir Jarir" is located in the central West Bank, northeast of Ramallah. https://en.wikipedia.org org/wiki/Deir_Jarir. This is a not a street address, and thus not the "full residence address of the party" required by Local Rule 5.1(c)(1).

- **Plaintiff Hiba Bergouthi**. The only address given is "Abood Village, Ramallah, Palestine." According to Wikipedia, Abood (or Aboud) is a village in central West Bank (https://en.wikipedia.org/wiki/Aboud). This is not a street address, and thus not the "full residence address of the party" required by Local Rule 5.1(c)(1).

3.      It is thus clear that the plaintiffs have not complied with Local Rule 5.1(c)(1). The complaint was filed on February 9, 2017. The 30-day deadline under Local Rule 5.1(c)(1) to supply the required addresses has long passed.

The plaintiffs are claiming approximately $40 million in damages. They have filed a rambling, 103-page complaint that makes outlandish allegations of international conspiracies, war crimes, and violations of international law—allegations that were plainly designed with a political agenda and to attract media coverage. Besides the moving defendant, the plaintiffs have sued Prime Minister of Israel, the Defense Ministry of the State of Israel, and the U.S. Ambassador to Israel.

Defendant Billet Feit & Preis, P.C. is a New York-based accounting firm accused by plaintiffs of participating in a conspiracy to "arm and train foreign militia," "ethnic cleansing" and "genocide," (First Cause of Action); "aiding and abetting the commission for war crimes, crimes against humanity, and genocide in violation of the law of nations," (Second Cause of Action) and other alleged misdeeds. All these misdeeds are alleged to have been carried out via the filing of tax returns with the United States Internal Revenue Service.

It is particularly important to the moving defendant to have the full names and addresses of the plaintiffs in order to investigate the wild allegations made in the complaint and to be able to present a defense. Indeed, one is hard-pressed to discern from the complaint what specific injury—and therefore what standing—any one of these plaintiffs has. Some of the plaintiffs are alleged to have suffered loss of life;[2] others loss of unspecified property; and all plaintiffs are alleged to have suffered a loss of "cultural heritage and nationality."

---

[2] Indeed, Google searches reveal that some of the plaintiffs may in fact be dead. Yet the complaint does not indicate that these claims are brought on behalf of their estates by persons who have standing to assert such claims.

A person who identifies as "Palestinian" does not automatically have the right to maintain an action against defendants associated with Israel just because she perceives that Israel has wronged Palestinians. Loss of "cultural heritage and nationality" to a national group does not confer standing on each member of the group to sue for his share of that alleged loss. A plaintiff must have suffered an actual injury proximately caused by the actions of a particular defendant to have standing, since otherwise there is no case in controversy and the court lacks subject matter jurisdiction.[3]

Here, not only has the plaintiffs' vacuous pleading—devoid of any information about the plaintiffs, their supposed claims, or the basis upon which they assert standing—deprive the defendants of the ability to investigate the claims, the plaintiffs have not even set forth the most basic fact about each plaintiff—the plaintiff's address, which is required to be provided by Local Rule 5.1(c)(1).

For the foregoing reasons defendant Billet Fiet & Preis P.C. asks that the complaint as against it be dismissed for failure to comply with Local Rule 5.1(c)(1). If the Court is disinclined to dismiss the claims at this stage, we ask that the Court direct plaintiffs to comply with Local Rule 5.1(c)(1) promptly by a date certain on pain of dismissal. If the Court does direct compliance, it is respectfully submitted that the Court should direct that if the plaintiff contends

---

[3] Each of the plaintiffs, as the parties invoking federal jurisdiction, bears the burden of establishing standing to bring this action. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Osbourn v. Visa, Inc.*, 797 F.3d 1057, 1063 (D.C. Cir. 2015). To satisfy "the irreducible constitutional minimum of standing," a plaintiff must satisfy three elements. *Lujan*, 504 U.S. at 560. *First*, a plaintiff must show an injury-in-fact—"an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. Second, a plaintiff must show "a causal connection between the injury" and the challenged action. *Id*. "Third, it must be likely, as opposed to merely speculative, that the [plaintiff's] injury will be redressed by a favorable decision." *Id*. at 561.

that for whatever reason a particular plaintiff cannot provide an address, a declaration from that plaintiff particularizing the reasons why should be filed.

Dated:   Brooklyn, New York
              May 5, 2017

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Defendant*
*Billet Feit & Preis P.C.*

by:  /s/ Robert J. Tolchin
       Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627

OF COUNSEL:

RIVKIN LAW GROUP pllc
By: Oleg Rivkin, Esq. (admission to the Bar of this Court pending)
*Attorneys for Defendant Billet Feit & Preis P.C.*
800 Third Avenue, Suite 2501
New York, New York 10022
(212) 231-9776

NITSANA DARSHAN-LEITNER & CO.
*Israeli counsel for the defendant Billet Feit & Preis P.C.*
By: Nitsana Darshan-Leitner, Adv.
10 Hata'as Street
Ramat Gan, 52512 Israel

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below a true copy of the foregoing was served via ECF on all counsel of record herein:

Dated:   Brooklyn, New York
         May 5, 2017

_____
Robert J. Tolchin

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

------------------------------------------------------------------X

MIKO PELED, *et al.*,

                Plaintiff,                Docket No:
                                                  1:17-CV-260 (RBW)
        -against-

BENJAMIN NETANYAHU, *et al.*,

                Defendants.

------------------------------------------------------------------X

**ORDER**

On the motion of defendant Billet Feit & Preis P.C., the plaintiff's complaint is dismissed for failure to comply with Local Rule 5.1(c)(1).

Dated: May ___, 2017

 

                                                                 _____
                                                                  REGGIE B. WALTON
                                                                   United States District Judge