**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Miko Peled**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-260 (RBW) |
| ) | |
| **BENJAMIN NETANYAHU**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT BILLET FEIT & PREIS P.C.'s MOTION FOR RELIEF UNDER LOCAL RULE 5.1(C)(1)**

COMES NOW the Plaintiffs herein, and hereby submit their opposition to Defendant Billet Feit & Preis P.C.'s motion for relief under Local Civil Rule 5.1(c)(1). Plaintiff's concede that Local Civil Rule 5 does require that the Plaintiffs state their addresses at the time of filing the lawsuit, and that is what the Plaintiffs did herein. Regarding specific street number addresses of certain Plaintiffs located in Palestine and the Occupied Territories, it is obvious defense Counsel has never traveled to Palestine. Please see the attached affidavit noting that "many Palestinians do not have addresses with street names, building numbers, or zip codes like those found in the United States." (Ex. 1, Affidavit of Miko Peled, the lead Plaintiff named herein). The Court has a solid basis to dismiss Defendant's motion—Local Civil Rule 7(m). This Rule requires opposing counsel to confer with plaintiff's counsel before filing an anticipated motion and so certify. *See* Local Civil Rule 7(m). Had Defense Counsel done so, Plaintiffs' Counsel would have suggested giving us 10 days to provide more specific addresses where possible.

1

This Court has previously outlined the procedures and penalties for failing to comply with Local Civil Rule 7(m):

"Local Civil Rule 7(m) provides that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, *either in person or by telephone,* in a good-faith effort to determine whether there is any opposition to the relief sought and ... to narrow the areas of disagreement." LCvR 7(m) (emphasis added). "The purpose of the Local Rules is to promote the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court." *Ellipso, Inc. v. Mann,* 460 F.Supp.2d 99, 102 (D.D.C.2006). Failure to comply with the rule will result in denial of the motion. *See, e.g., Abbott GmbH & Co. KG v. Yeda Research & Development, Co.,* 576 F.Supp.2d 44, 48 (D.D.C.2008) (denying motion under Local Civil Rule 7(m) where the movant waited until the day of filing to call opposing counsel regarding the motion); *U.S. ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency,* 456 F.Supp.2d 46, 52 (D.D.C.2006) (denying a motion to strike for failure to comply with Local Civil Rule 7 (m)); *Ellipso,* 460 F.Supp.2d at 102 (denying discovery motions absent "any hint that [the parties] discussed the motions in person or by phone as required")."

*Alberts v. HCA Inc.*, 405 B.R. 498, 501 (D.D.C., 2009).  Thus, where Local Rule 7(m) is not complied with, the Court dismisses the motion *sua sponte*. *Id*. Furthermore, "even if the court were to consider the motion to quash a dispositive motion, the fact remains that Local Civil Rule 7(m) 'clearly states that to applies to *any* dispositive motion,' and provides no exceptions for motions relating to dispositive motions.'" *Id*. at 502 (quoting *Niedermeier v. Office of Baucus*, 153 F.Supp.2d 23, 26 (D.D.C. 2001)). Since Defense Counsel never commenced a dialogue with Plaintiffs' Counsel, re: the nature of relief his clients seek, this Court's rules allow it to dismiss the Motion *sua sponte*. Accordingly, this Court should dismiss Defendant Billet Feit & Preis P.C.'s motion. In the alternative, if the Court is so inclined, Plaintiffs request the Court allow some reasonable time [10 days] to ascertain the filing of more precise addresses where

possible (again, see the attached affidavit—precise street addresses like those used in the United States do not exist for 80% of Plaintiffs in this lawsuit).

Finally, as is probably obvious to this Court, whether a Plaintiff lives at 5 Shuva Street or 78 Shuva Street poses no obstacle to Defendant's filing a motion to dismiss. Complaining about incomplete addresses at this preliminary stage does not in any way contribute to resolution of the substantive issues arising out of this lawsuit—i.e. does the Court have subject matter jurisdiction, and have the Plaintiffs sufficiently alleged a nexus between Defendant's activities and the injuries sustained by the Plaintiffs? For the Court's edification, if Defendant had contacted Plaintiffs Counsel, Plaintiffs Counsel would have suggested giving us 10 days to find more complete addresses where possible.

Respectfully Submitted,

_____/s/_____
Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Managing Partner
Transnational Business Attorneys Group
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
mm@martinmcmahonlaw.com
(202) 862 – 4343

Attorney for the Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing and the text of the proposed order has been made through the Court's electronic transmission facilities on the 11th day of May, 2017.

Respectfully Submitted,

_____/s/_____
Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Managing Partner
Transnational Business Attorneys Group
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
mm@martinmcmahonlaw.com
(202) 862 – 4343

Attorney for the Plaintiffs