## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

----------------------------------------------------------------------X

MIKO PELED, *et al.*,

                Plaintiff,

        -against-

BENJAMIN NETANYAHU, *et al.*,

                Defendants.

Docket No:

1:17-CV-260 (RBW)

----------------------------------------------------------------------X

### REPLY MEMORANDUM BY DEFENDANT BILLET FEIT & PREIS, P.C.
### IN FURTHER SUPPORT OF ITS MOTION FOR
### RELIEF UNDER LOCAL RULE 5.1(c)(1)

Defendant Billet Feit & Preis, P.C. respectfully submits this reply memorandum of law in further support of its motion for order of dismissal of the claims against it for failure to comply with Loc. Civ. R. 5.1(c)(1).

### A.      Rule 7(m) Does Not Apply Since this is a Dispositive Motion

Plaintiffs' opposition to the motion first argues that defendant's motion is brought in violation of Loc. Civ. R. 7(m) for failure of counsel to confer prior to filing. However, Rule 7(m) is expressly limited to "nondispositive motions." The rule reads:

**DUTY TO CONFER ON NONDISPOSITIVE MOTIONS.**

Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. The duty to confer also applies to non-incarcerated parties appearing *pro se*. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

*Id.*

Defendant's motion seeks a dismissal of the complaint. It is therefore a dispositive motion. Rule 7(m) does not apply.

Furthermore, it is more likely than not that any attempt to confer with plaintiffs' counsel on this issue would have been futile. This is not the first time plaintiffs' counsel has brought such a complaint. Attached hereto as Ex. A is an amended complaint filed by counsel on behalf of mostly Palestinian plaintiffs in the matter of *Al-Tamimi et al. v. Adelson, et al.*, (D.D.C. 16-cv-445), currently pending in this Court before Judge Tanya S. Chutkan. *Al-Tamimi* is similar to this case in its wild allegations of war crimes, genocide and human rights abuses, and even shares multiple plaintiffs. In *Al-Tamimi*, the same counsel similarly sought to avoid the requirements of Rule 5.1, and Judge Chutkan directed plaintiffs to comply with the rule. This resulted in the filing of an amended complaint.

## B.    Defendants Have Presented No Valid Excuse for Failing to Provide Addresses

Plaintiffs also argue that "many Palestinians do not have addresses with street names, building numbers of zip codes like those found in the United States." (Memorandum in Opposition, p. 1).

*First,* a number of the plaintiffs for whom no address has been provided reside in the United States. For example, plaintiff Miko Peled[1] is said to reside in San Diego, California; Plaintiff Abulhawa is said to reside in Yardley, Pennsylvania; Plaintiff Mansour is said to reside in Toledo, Ohio; and Plaintiff Sofan is said to reside in Portland, Oregon. These plaintiffs obviously do have "street names, building numbers and zip codes." Yet, the complaint does not state them.

---

[1] "Miko" is not even Peled's real name. Upon information and belief, his name is "Avraham Peled" and "Miko" is just a nickname.

*Second*, as shown in the moving papers, 20 of the plaintiffs have listed, as their address, simply "Palestine," an area of approximately 2,400 square miles, containing many towns and villages, with a population of 4.5 million. Counsel cannot seriously contend that an address of "Palestine" satisfies Rule 5.1 requirement. It certainly does not.

*Third*, simply stating the name of the town or village is wholly insufficient for Rule 5.1 purposes. Even if a precise street and building number is unavailable, as the amended complaint in *Al-Tamimi* shows, when ordered to comply with the rules, counsel was able to provide at least some geographical coordinates to enable defendants to ascertain the location of the plaintiffs. Plaintiffs have failed to do even this here. Indeed, if it is truly the contention of plaintiffs' counsel that more precise addresses cannot be provided, then each of the plaintiffs who makes such a claim should be required to submit a declaration so stating and providing a copy of his/her government ID card, passport, and driver's license so it can be seen what address each such person uses for official documents.

## C.      Plaintiffs' Failure to Provide Addresses is a Cover-Up for the Fact that 13 of the Plaintiffs are Dead

Disturbingly, it appears from defendant's preliminary research that some 13 of the plaintiffs named in the complaint are actually dead.

- **Plaintiff Mahmoud Mohammid Ali Shaalan** appears to have died on February 26, 2016. https://www.maannews.com/Content.aspx?id=770460 .

- **Plaintiff Muhammad Suleiman Mahmoud Baraka** appears to have died on July 30, 2016. http://imemc.org/article/68429/

- **Plaintiff Safwat Abd Abu-Teer** appears to have died on July 23, 2014. http://www.btselem.org/statistics/fatalities/after-cast-lead/by-date-of-

event/gaza/palestinians-killed-by-israeli-security-forces

- **Plaintiff Sami Shawqi Ahmed Madi** appears to have died on December 11, 2015.   http://pflp.ps/english/2015/12/12/pflp-mourns-the-martyr-comrade-sami-shawki-ahmad-madi-killed-by-occupation-forces/ .

- **Plaintiff Zeinab Safwat Abd Abu-Teer** appears to have died on July 23, 2015. http://www.btselem.org/statistics/fatalities/after-cast-lead/by-date-of-event/gaza/palestinians-killed-by-israeli-security-forces

- **Plaintiff Ahmad Kamal Ibrahim Suleiman Abu-Teer** appears to have died on August 2, 2014. http://www.mezan.org/en/post/19295/As+International+Silence+Continues%2C+Gaza+Casualties+Continue+to+Mount+due+to+IOF+Attacks+on+Homes+and+Shelters%2C+Al+Mezan%3A+Death+Toll+at+1%2C764%3B+82.5%25+Civilians%3B+399+Children+and+226+Women.

- **Plaintiff Suleiman Mahnoud Sahmour** appears to have died on July 20, 2014. https://www.algemeiner.com/2015/07/10/amnesty-international-says-this-house-had-no-terrorists-wrong-again/.

- **Plaintiff Basem Ibrahim Ahmed Abu-Rahmeh** appears to have died on April 17, 2009. https://en.wikipedia.org/wiki/Bil%27in#Bassem_Abu_Rahmeh.

- **Plaintiff Hanafi Mahmoud Kamel Abu-Yousef** appears to have died on July 24, 2014.   http://www.btselem.org/statistics/fatalities/after-cast-lead/by-date-of-event/gaza/palestinians-killed-by-israeli-security-forces .

- **Plaintiff Ibrahim Khalil Suleiman Qablan** appears to have died on July 18, 2014.   http://www.btselem.org/statistics/fatalities/after-cast-lead/by-date-of-event/gaza/palestinians-killed-by-israeli-security-forces.

- **Plaintiff Ibrahim Suleiman Qablan Abu-Qablan** appears to have died on July

24, 2014. http://www.btselem.org/statistics/fatalities/after-cast-lead/by-date-of-event/gaza/palestinians-killed-by-israeli-security-forces.

- **Plaintiff Wala'a Jihad Muhammad Al-Qara** appears to have died on July 18, 2014. http://www.btselem.org/statistics/fatalities/after-cast-lead/by-date-of-event/gaza/palestinians-killed-by-israeli-security-forces.

- **Plaintiff Jawaher Ibrahim Abu-Rahmeh** appears to have died on December 31, 2010. https://en.wikipedia.org/wiki/Bil%27in#Jawaher_Abu_Rahma.

Thus, astonishingly, at least 13 of the Plaintiffs who bring this action appear to be deceased. Perhaps this is why plaintiff's counsel seeks to avoid providing addresses!

Further, nowhere in the Complaint is there any indication that a representative for any of their estates has been appointed by any judicial authority. Deceased persons do not have standing to sue in their own name simply because a lawyer has decided to name them as plaintiffs. If there is such a claim, it belongs to their respective estates, as represented by duly authorized administrators or their equivalents.

"Federal law looks to state law to determine who may bring a claim." *Boston v. Davis*, 2011 WL 6935710, *3 (W.D.N.C., Dec.29, 2011). Under District of Columbia law, a deceased person's claim for loss of property (which is what is alleged here) must be brought by the "personal representative of the estate of the deceased…on behalf of the estate." *Wallace v. District of Columbia*, 685 F. Supp. 2d 104, 112 (D.D.C. 2010). As explained by the *Boston* v. *Davis* court, when addressing the claim that a relative could sue on behalf of a deceased:

> [I]f that were the case, any relative of a deceased could bring a lawsuit on behalf of the deceased, putting before the court a claim which plaintiff has no authority to bring, exposing defendants to the risk of redundant litigation, and putting the judicial system in jeopardy through the possibility of inconsistent decisions and waste of resources.

2011 WL 6935710 at *3.

It is evident that the claims are not being asserted on behalf of the estates of any of the deceased plaintiffs. Indeed, with one possible exception, it is not even apparent from the complaint that a relative is involved in bringing this lawsuit on behalf of these deceased plaintiffs (which would in any event be impermissible). Not to put too fine a point on it, but what would prevent another lawyer, relative of these deceased individuals—or five or ten such people—from asserting these very claims in other courts?

Obviously, if plaintiffs' counsel had complied with the address requirements of Loc. R. 5.1(c)(1), the fact that these plaintiffs are dead would have been readily apparent.

It is also difficult, if not impossible, to understand how plaintiffs' counsel can pursue claims on behalf of deceased plaintiffs without violating the rules of ethics. District of Columbia Code of Professional Conduct requires a client's "informed consent." *See* Comment to Rule 1.0 ("Many of the Rules of Professional Conduct require the lawyer to obtain the informed consent of a client…before accepting or continuing representation or pursuing a course of conduct"). A dead person cannot give consent, informed or otherwise, to having his interests represented in litigation.

**D.      The Complaint Should Be Dismissed for Non-Compliance with Rule 5.1(c)(1)**

For the foregoing reasons defendant Billet Feit & Preis, P.C. reiterates its request that the complaint as against it be dismissed for failure to comply with Loc. Civ. R. 5.1(c)(1). If the Court is disinclined to dismiss the claims at this stage, we ask that the Court direct plaintiffs to comply with Loc. Civ. R. 5.1(c)(1) promptly by a date certain on pain of dismissal.

If the Court does direct compliance, it is respectfully submitted that the Court should direct that if plaintiffs contend that for whatever reason a particular plaintiff cannot provide an address, a declaration from that plaintiff particularizing the reasons why should be filed, along

with copies of such individual's passport, driver's license, and government ID card so it can be seen what address such individual uses for official purposes. We respectfully emphasize again that it is particularly important to the defendant to have the full names and addresses of the plaintiffs in order to ascertain the accurate identity of each plaintiff; to assess the standing of each plaintiff to bring suit, which could be a basis for a motion to dismiss; to investigate the wild allegations made in the complaint; and generally to be able to present a defense. The plaintiff's complaint conspicuously does not contain the usual section identifying the parties and specifying their interest in the case. Through this subterfuge, plaintiffs dodged disclosing that 13 of the plaintiffs are dead. Indeed, one is hard-pressed to discern from the complaint what specific injury—and therefore what standing—any one of these plaintiffs has. A plaintiff must have suffered an actual injury proximately caused by the actions of a particular defendant to have standing, since otherwise there is no case in controversy and the court lacks subject matter jurisdiction.

Here, not only has the plaintiffs' vacuous pleading—devoid of any information about the plaintiffs, their supposed claims, or the basis upon which they assert standing—diminished the defendants' ability to investigate the claims, the plaintiffs have not even set forth the most basic biographical fact about each plaintiff—the plaintiff's address, which is required to be provided by Loc. Civ. R. 5.1(c)(1).

Dated:   Brooklyn, New York
         May 18, 2017

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Defendant*
*Billet Feit & Preis, P.C.*

by: _____
       Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627

OF COUNSEL:

RIVKIN LAW GROUP pllc
By: Oleg Rivkin, Esq. (admission to the Bar of this Court pending)
*Attorneys for Defendant Billet Feit & Preis P.C.*
800 Third Avenue, Suite 2501
New York, New York 10022
(212) 231-9776

NITSANA DARSHAN-LEITNER & CO.
*Israeli counsel for the defendant Billet Feit & Preis P.C.*
By: Nitsana Darshan-Leitner, Adv.
10 Hata'as Street
Ramat Gan, 52512 Israel

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date indicated below a true copy of the foregoing was served via ECF on all counsel of record herein:

Dated:   Brooklyn, New York
         May 18, 2017

                                        _____
                                        Robert J. Tolchin

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

------------------------------------------------------------------- X

MIKO PELED, *et al.*,

                       Plaintiff,

            -against-

BENJAMIN NETANYAHU, *et al.*,

                 Defendants.

Docket No:
1:17-CV-260 (RBW)

------------------------------------------------------------------- X

**ORDER**

On the motion of defendant Billet Feit & Preis P.C., the plaintiff's complaint is dismissed for failure to comply with Local Rule 5.1(c)(1).

Dated: May ___, 2017

_____
REGGIE B. WALTON
United States District Judge