## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Miko Peled,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| **v.** | ) Case No. 1:17-cv-260 (RBW) |
| | ) |
| **BENJAMIN NETANYAHU,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

COMES NOW the Plaintiffs herein, and hereby submit their motion for leave to file an amended complaint. Plaintiffs make this request in order to more fully address concerns raised by Defendant Billet, Feit & Price, P.C., such as in the Defendant's Motion to Dismiss for failure to comply with Local Rule 5.1(c)(1) that has previously been responded to by undersigned Counsel. By filing an Amended Complaint, undersigned counsel wishes to provide updated addresses for the Plaintiffs where it is possible to have more accurate street addresses. *(See generally*, Docket no. 9, *Response* re 7 *Motion to Dismiss for plaintiffs' failure to comply with Local Rule 5.1(c)(1)*, Ex. 1 Affidavit of Miko Peled).

In addition, Plaintiffs seek leave to file an Amended complaint in order to add one paragraph to the jurisdiction section of the Complaint in order to clarify an additional basis for the Court's personal jurisdiction over Defendant Billet, Feit, & Price, P.C. Although not directly stated in the Jurisdiction section, the Complaint in its current form clearly provides more than enough of a basis for the Court to also exercise personal jurisdiction over Defendant Billet, Feit, & Price, P.C. under the "conspiracy theory" of

personal jurisdiction, an application of long-arm jurisdiction whereby defendant's contacts with the forum consist of the defendant's conspiratorial activities. *See Jungguist v. Sheil Sultin Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1030-31 (D.C. Cir. 1997); *see also First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1377-78 (D.C. Cir. 1988) (discussing theory that defendants satisfied "transacting business" provision by directing checks and wire transfers into and out of the District in furtherance of a check-kiting conspiracy, and discussing extension of jurisdiction to conspirator who did not enter the district).

As this request seeks leave to Amend the addresses and only add one additional paragraph clarifying what is already outlined in the Complaint, Defendants will not be prejudiced by granting this motion, as there would be no material changes or new allegations added. Accordingly, Plaintiffs' request the Court grant leave to file an Amended Complaint within 10 days as outlined above. A Memorandum of Points and Authorities and proposed order is attached.

Respectfully Submitted,

_____/s/_____
Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Managing Partner
Transnational Business Attorneys Group
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
mm@martinmcmahonlaw.com
(202) 862 – 4343

Attorney for the Plaintiffs

<u>**IN THE UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE DISTRICT OF COLUMBIA**</u>

| | |
|---|---|
| **Miko Peled,** *et al.,* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| **v.** | ) Case No. 1:17-cv-260 (RBW) |
| | ) |
| **BENJAMIN NETANYAHU,** *et al.,* | ) |
| | ) |
| Defendants. | ) |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**</u>
<u>**FOR LEAVE TO FILE AN AMENDED COMPLAINT**</u>

COMES NOW the Plaintiffs herein, and hereby submit this Memorandum of Points and Authorities in Support of their Motion for Leave to File an Amended Complaint. FRCP 15 (a)(1)(A) allows a party to amend its pleading once as a matter of course 21 days after serving it. FRCP 15 (a)(2) notes that "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. *The Court should freely give leave when justice so requires*" (emphasis added).

In this case, granting leave to file an Amended complaint as outlined in the Motion—limited to adding more detailed addresses for the Plaintiffs where possible and adding an additional paragraph clarifying the already present basis for the Court's exercise of personal jurisdiction over Defendant Billet, Feit, & Preis, P.C.—would preserve the ability for justice to be served in this case. For one, an amended complaint on this basis would alleviate Defendant Billet, Feit, & Preis, P.C.'s concerns raised in their Rule 5.1(c)(1) Motion to dismiss the case, helping preserve the administration of justice for both the Plaintiffs and the Defendants.

3

In addition, amending the Complaint to add an additional paragraph in the jurisdiction section relating to the Court's exercise of personal jurisdiction over Billet, Feit, & Preis, P.C. would help preserve justice both by helping to maintain the Plaintiffs' claims against this Defendant, and by helping to clarify for the Defendant the Complaint's additional basis for exercising jurisdiction over it in the District of Columbia. As noted in the Motion, although not directly stated in the Jurisdiction section, the Complaint in its current form clearly provides more than enough of a basis for the Court to also exercise personal jurisdiction over Defendant Billet, Feit, & Price, P.C.

In addition to the reasons alleged in the Complaint in its current form, Plaintiffs seek leave to add a paragraph outlining that jurisdiction is proper over Defendant Billet, Feit, & Price, P.C. under the "conspiracy theory" of personal jurisdiction—an application of long-arm jurisdiction whereby defendant's contacts with the forum consist of the defendant's conspiratorial activities. *See Jungguist v. Sheil Sultin Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1030-31 (D.C. Cir. 1997); *see also First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1377-78 (D.C. Cir. 1988) (discussing theory that defendants satisfied "transacting business" provision by directing checks and wire transfers into and out of the District in furtherance of a check-kiting conspiracy, and discussing extension of jurisdiction to conspirator who did not enter the district).

In its current form, the Complaint alleges the elements of conspiracy as outlined in *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983) against all of the Defendants, including Billet Feit & Price, P.C. *See* Complaint ¶¶ 4, 21v, 22, 68, 86, 95, 105 107, 108, 109, (i.e. ¶109 "Their role in the civil conspiracy was to render friendly, pro-occupation professional advice that their clients were looking for in case of an IRS audit. That advice

basically condoned engaging in money laundering or financing arms trafficking and other criminal activity like arson" because "they did not want their wealthy clients to hire an alternative tax firm" or for "the IRS to discover that the alleged charitable activity being engaged in was actually criminal in nature").

Accordingly, the Complaint already contains a sufficient basis for exercising personal jurisdiction over Defendant Billet, Feit & Preis, P.C. in addition to those present in the jurisdiction section of the complaint by virtue of the civil conspiracy count. Amending the complaint to add a paragraph explaining this would not prejudice Billet, Feit, & Price, P.C., as the basis for it is already in the Complaint. Nor would this paragraph, or adding more details to addresses where possible, prejudice any of the Defendants since there would be no substantive or material changes made to the Complaint. *(See generally*, Docket no. 9, *Response* re 7 *Motion to Dismiss for plaintiffs' failure to comply with Local Rule 5.1(c)(1)*, Ex. 1 Affidavit of Miko Peled).

As noted in the Federal Rules of Civil Procedure, the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1. Accordingly, the rules should be employed by the Court to secure justice, and allowing Plaintiffs to amend their complaint as described would help secure justice in this case. *Id*.

Respectfully Submitted,


_____/s/_____
Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Managing Partner
Transnational Business Attorneys Group
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
mm@martinmcmahonlaw.com
(202) 862 – 4343

Attorney for the Plaintiffs




CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing and the text of the proposed

order has been made through the Court's electronic transmission facilities on the 1st day

of June, 2017.


Respectfully Submitted,


_____/s/_____
Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Managing Partner
Transnational Business Attorneys Group
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
mm@martinmcmahonlaw.com
(202) 862 – 4343

Attorney for the Plaintiffs