UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIKO PELED, *et al.*,  )
        Plaintiffs,  )
     )
v.  )   Docket No: 1:17-cv-00260
     )   Hon. Reggie B. Walton
BENJAMIN NETANYAHU, *et al.*,  )
        Defendants  )

## POINTS AND AUTHORITIES

1. The Record herein, including the complaint filed by the plaintiffs

2. Letter dated August 4, 2017 from Plaintiffs' counsel to Judge Spitzer

3. Fed. R. Civ. P. 1.

4. Belhas v. Moshe Ya'alon, 515 F. 3d. 1279 (D.C. Cir. 2008).

/s/ Martin F. McMahon

Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Martin F. McMahon & Associates
(202) 862 – 4343
mm@martinmcmahonlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIKO PELED, *et al.*,
        Plaintiffs,

v.

BENJAMIN NETANYAHU, *et al.*,
        Defendants

Docket No: 1:17-cv-00260
Hon. Reggie B. Walton

**PLAINTIFFS' MOTION TO REQUEST JUDICIAL ASSISTANCE RE: SERVICE OF PROCESS ON ISRAELI DEFENDANTS NAMED HEREIN**

COME NOW the Plaintiffs herein and hereby request the Court's assistance in terms of serving the Israeli defendants named herein. Recently, Plaintiffs' counsel received a letter from the Director of Courts in Israel (Judge Spitzer) saying that Netanyahu and all of the Israeli defendants are immune from suit based on sovereign immunity. Counsel responded by informing this official that, while he respects his position, he must go through the courts and file a Motion to Dismiss for the Court to rule on to determine whether the defendants are in or out of this litigation. *See* Exhibit A – letter to Judge Spitzer.

What is clear to Plaintiffs' counsel is that the Ministry of Israeli Courts did receive our lawsuit and does not challenge receipt of the suit. Their position is that they will not serve the suit despite being required to under The Hague Convention. Plaintiffs' counsel's letter responded that, based on the case law, it is obvious that senior Israeli government officials can be sued if they were not pursuing formal Israeli government public policy, which Plaintiffs allege is the case.

There is another issue with respect to Defendant Netanyahu. It appears that a sitting government's Prime Minister cannot be sued absent exceptional circumstances. However, case law makes it clear that the determination of immunity takes place at the time the defendant-

official files his Motion to Dismiss, i.e., he must be a sitting prime minister at that time to claim immunity. As is obvious from newspaper clippings. *See* Washington Post Article, Aug. 14, 2017, A11, Defendant Netanyahu may shortly be indicted concerning his involvement in two fraud and breach of trust cases. Therefore, on the day defendant Netanyahu files his Motion to Dismiss, he may not be a sitting government official and therefore can be treated like other Israeli officials. *See* Belhas v. Moshe Ya'alon, 515 F. 3d. 1279 (D.C. Cir. 2008).

Finally, Judge Spitzer sent his letter by regular international mail so we will serve this motion on him by similar manner. It is obvious he knows of this suit as demonstrated by his letter. Therefore, he and the parties he represents are on notice of the pendency of this action. Please find a proposed order for the Court's consideration.

Respectfully submitted,
Attorney Martin McMahon