IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------X

MIKO PELED, *et al.*,

                Plaintiff,

-against-

BENJAMIN NETANYAHU, *et al.*,

                Defendants.

Docket No: 1:17-CV-260 (RBW)

---------------------------------------------------------------------X

## MEMORANDUM OF LAW OF DEFENDANT BILLET FEIT & PREIS P.C. IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS

Defendant Billet Feit & Preis P.C. respectfully submits this memorandum of law in opposition to Plaintiffs' motion to stay proceedings.

The sole basis for Plaintiffs' motion is a recent decision in this District Court in the case of *Basem Al Tamimi, et al., v. Adelson, et al.*, Civil Action No. 1:16-cv-00445 ("*Al Tamimi* Litigation"), in which the Court dismissed plaintiffs' claims on the grounds, *inter alia*, that the claims were barred by the political question doctrine. A notice of appeal to the D.C. Circuit has been filed by the *Al Tamimi* Litigation plaintiffs.

Plaintiffs claim that the motions to dismiss the Amended Complaint currently being briefed in this action "raise issues directly relevant to the holding being appealed" in the *Al Tamimi* Litigation. Plaintiffs ask that "in the interest of judicial economy and efficiency" this case be stayed until the D.C. Circuit issues its ruling on the *Al Tamimi* Litigation appeal.

The law governing this application (not cited by Plaintiffs) was established by the Supreme Court in *Landis v. North America Co.*, 299 U.S. 248, 255 (1936): "Only in rare

circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *See also Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971) (the "applicable jurisprudence" on the issue of stay pending outcome of another proceeding "appears in *Landis*…").

In *Landis*, "the Supreme Court instructed that a court abuses its discretion in ordering a stay of 'indefinite duration in the absence of a pressing need'." *Belize Social Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012). A stay is deemed "immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Id*., (quoting *Landis*). "As this court has interpreted and applied *Landis*, a district court's issuance of an indefinite stay order must be supported by a balanced finding that such need overrides the injury to the party being stayed" with "undue delay" constituting "sufficient damage" to warrant denial of a stay. *Id*. (quotations omitted). "The burden is on the movant . . . to make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which it prays will work damage to some one else." *DRC, Inc. v. Rep. of Honduras*, 999 F. Supp. 2d 1, 8 (D.D.C. 2012) (quoting *Landis*).

Plaintiffs' three-page motion does not come close to meeting the *Landis* standard. Plaintiffs are seeking a stay of, if not indefinite, then certainly immoderate duration. The notice of appeal in the *Al Tamimi* Litigation was filed less than a month ago. The appeal to the D.C. Circuit will take at least a year to complete. Whatever the decision, the losing side may seek an appeal to the Supreme Court. Depending on whether certiorari is granted, the *Al Tamimi* Litigation may continue for years still. In the meantime, Defendant Billet Feit & Preis—not a party to the *Al Tamimi* Litigation—must patiently sit and wait its turn to have the frivolous claims against it dismissed.

Moreover, Billet Feit & Preis's motion to dismiss raises issues that are not present in the *Al Tamimi* Litigation appeal. For example, Billet Feit & Preis's very first argument on the motion to dismiss is that the Court lacks personal jurisdiction over it under the District's Long Arm Statute, as established by well-settled law in this Circuit. This issue is in no way affected by the outcome of the *Al Tamimi* Litigation appeal. What possible justification could there be for requiring Billet Feit & Preis to wait a year or more to have the jurisdictional issue decided, given that the outcome of the *Al Tamimi* Litigation bears not an iota on this issue?

Further, Plaintiffs have not demonstrated anything approaching a "clear case of hardship or inequity" in being required to continue with the case they themselves brought. Plaintiffs do not even attempt to articulate a case for hardship to themselves. In fact, the only point Plaintiffs make concerning hardship is that, absent a stay, it is the *Defendants* who would incur "increased time and litigation expenses." Respectfully, if Plaintiffs were concerned about Billet Feit & Preis's litigation expenses, they would not have dragged it into this politically motivated farce of an action. In any case, it is well settled that "the usual costs attendant to litigation, however great and duplicative, do not warrant a stay." *Painters' Pension Fund of Washington D.C. & Vicinity v. Manganaro Corp.*, 693 F. Supp. 1222, 1225 (D.D.C. 1988).

The briefing on the motion to dismiss is almost complete; all that remains are reply briefs by some of the Defendants, including Billet Feit & Preis. Plaintiffs' work here is almost done. They have filed their complaint and have filed their oppositions to two of the three motions to dismiss. There is simply no case for hardship or inequity that Plaintiffs can plausibly articulate in being required to see the action they chose to bring to its conclusion.

This is not remotely the "rare circumstance" where a litigant in one litigation must be told to "stand aside" while another litigation, *to which he is not a party*, concludes at some indefinite point in the future.

For the foregoing reasons, the motion for a stay should be denied.

Dated:   New York, New York
         September 14, 2017

                          Respectfully submitted,

                          RIVKIN LAW GROUP pllc
                          *Attorneys for Defendant Billet Feit & Preis P.C.*

            By: _____
                  Oleg Rivkin

            800 Third Avenue, Suite 2501
            New York, New York 10022
            (212) 231-9776

            THE BERKMAN LAW OFFICE, LLC
            *Attorneys for Defendant Biller Feit & Preis P.C.*
            By: Robert J. Tolchin
            111 Livingston Street, Suite 1928
            Brooklyn, New York 11201
            718-855-3627

OF COUNSEL:

NITSANA DARSHAN-LEITNER & CO.
*Israeli counsel for the defendant Billet Feit & Preis P.C.*
By: Nitsana Darshan-Leitner, Adv.
10 Hata'as Street
Ramat Gan, 52512 Israel

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below a true copy of the foregoing was served via ECF on all counsel of record herein:

Dated:  New York, New York
        September 14, 2017

_____
Oleg Rivkin