**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

------------------------------------------------------------- X

MIKO PELED, et al.,

                        Plaintiff,        Docket No:
                                              1:17-CV-260 (RBW)

            -against-

BENJAMIN NETANYAHU, et al.,

                        Defendants.

------------------------------------------------------------- X

**MEMORANDUM OF LAW OF DEFENDANT
KUSHNER FAMILY FOUNDATION IN OPPOSITION
TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

Defendant Kushner Family Foundation ("KFF") respectfully submits this memorandum of law in opposition to Plaintiffs' motion to stay this case (the "Motion to Stay").

Plaintiffs' Motion to Stay is nothing more than an obvious attempt to delay the dismissal pursuant to the pending motions to dismiss of their frivolous claims in this matter. By this Motion, Plaintiffs seek to force Defendants like KFF – over whom this Court lacks personal jurisdiction and against whom Plaintiffs have no cognizable cause of action – to wait years to obtain dismissal of a frivolous complaint that reads more like a press release than a legal document, and that recklessly accuses KFF of aiding and abetting genocide and war crimes, in a highly politically charged atmosphere, as a completely separate case winds its way through the appellate courts.  Indeed, demonstrating the utter lack of merit, Plaintiffs by this motion do not seek a stay pending an appeal taken in this matter, but rather

seek a stay pending resolution of an appeal ***in a different action*** filed by the same plaintiffs' counsel asserting claims on behalf of certain different plaintiffs and against different defendants: *Basem Al Tamimi, et al., v. Adelson, et al.*, Civil Action No. 1:16-cv-00445 (the "*Al Tamimi* Litigation").

But, despite Plaintiffs' arguments, the two cases are not even close to being sufficiently related so as to justify a stay of this case.  In fact, given that the *Al Tamimi* Litigation was filed first, had the two cases been related, Plaintiffs were required to inform the Court of that fact at the time they commenced this action.  *See* District of Columbia Local Civil Rule 40.5(a) (civil cases involving common issues of fact are related); 40.5(b) ("the plaintiff or his attorney shall indicate . . . the name, docket number and relationship of any related case pending in this Court or in any other United States Court").

Had Plaintiffs done so and it had been determined that they were related for purposes of Local Civil Rule 40.5, this case would likely have been assigned to the same Judge, who would have decided whether this complaint should be dismissed for the same reasons as in *Al Tamimi*, thereby obviating the purported need for this motion.  By failing to inform this Court that the actions were purportedly "related" when this case was commenced, Plaintiffs have conceded that there is no justification for a stay of this case pending resolution of an appeal in a completely different case and have proven they have little regard for the "interests of judicial economy and efficiency," which is the entire premise of their motion.  *See* Motion to Stay, at 2 (*citing Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 248 (D.D.C. 2006)).  Accordingly, for these reasons, as well as those set forth below, Plaintiffs' Motion to Stay should be denied in its entirety.

## ARGUMENT

### A.    Legal Standard

Plaintiffs' Motion to Stay must be denied because Plaintiffs have utterly failed to make the requisite showing that a stay is appropriate on the facts of *this* case.   The governing standards for a motion to stay were established by the Supreme Court in *Landis v. North America Co.*:"[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."[1]  299 U.S. 248, 255 (1936); *see also Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971) (the "applicable jurisprudence" on the issue of stay pending outcome of another proceeding "appears in *Landis*...").

Landis provides that "a court abuses its discretion in ordering a stay of 'indefinite duration in the absence of a pressing need.'"  *Belize Social Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (*quoting Landis*, 299 U.S. at 255).  A stay is "immoderate and hence unlawful" when it will extend beyond "reasonable limits[.]"  *Id.*, (*quoting Landis,* 299 U.S. at 257).  As this Circuit "has interpreted and applied *Landis*, a district court's issuance of an indefinite stay order must be supported by a balanced finding that such need overrides the injury to the party being stayed."  *Id.* (quotations omitted). "[U]ndue delay" constitutes "sufficient damage" that warrants denial of a stay.  *Id.* (quotations omitted).  "The burden is on the movant . . . to make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay

---

[1] As explained below, the rule of law on the political question doctrine's applicability to this case is well-settled and, as such, there are no grounds for any stay here.

for which it prays will work damage to some one else." *DRC, Inc. v. Rep. of Honduras*, 999 F. Supp. 2d 1, 8 (D.D.C. 2012) (q*uoting Landis*, 299 U.S. at 255).

**B.      Plaintiffs' Motion Fails The *Landis* Test And Must Be Denied**

Plaintiffs' Motion to Stay fails on every front.

First, it is impossible to make "a balanced finding that [Plaintiffs'] need overrides the injury to the party being stayed." *Belize Social,* 668 F.3d at 732.  Plaintiffs have already caused significant harm to KFF by filing a frivolous complaint that makes baseless, politically charged and highly inflammatory allegations.  Indeed, the Amended Complaint is more a political diatribe than it is an attempt to make legally sufficient claims that could withstand any motion to dismiss.  The mere nature of the allegations in the Amended Complaint – which absurdly and frivolously charge KFF with knowingly supporting genocide and war crimes – "work damage" to KFF's reputation and as such KFF is prejudiced every moment that this case remains pending.  Moreover, the time period for the appeal process for the *Al Tamimi* Litigation is indefinite – the appeal to the D.C. Circuit will take at least a year to complete, and any appeal to the Supreme Court will add additional time to the length of a stay.  As such, a stay here would be an "abuse of discretion . . . [given] the absence of a pressing need." *Id.*

Further, in their motion, Plaintiffs made absolutely no attempt to demonstrate such need or to make out a "clear case of hardship or inequity" to them as required to support a stay of this case.  *See DRC, Inc.,* 999 F. Supp. 2d at 8 (D.D.C. 2012).  Plaintiffs merely argue that, absent a stay, *Defendants* will incur "increased time and litigation expenses." Motion to Stay, at 2.

However, it is well settled that "the usual costs attendant to litigation, however great and duplicative, do not warrant a stay." *Painters' Pension Fund of Washington D.C. & Vicinity v. Manganaro Corp.*, 693 F. Supp. 1222, 1225 (D.D.C. 1988).  And, more broadly, Plaintiffs have it backward: KFF has already been prejudiced in terms of time and expense in defending against this frivolous lawsuit.  This Court has also already been similarly prejudiced by the filing of a political manifesto masquerading as a legal complaint, and the failure of the Plaintiffs to notify the Court that there are purportedly related cases filed by the same counsel in this very District.  Dismissal of this case allays the prejudice; a stay extends it.

Second, the Motion to Stay should be denied because the Amended Complaint must be dismissed regardless of the outcome of the appeal in the *Al Tamimi* Litigation.  In the *Al Tamimi* Litigation, the Court dismissed the plaintiffs' Alien Tort Statute ("ATS") claim on the ground that it was barred by the political question doctrine.[2]  The *Al Tamimi* defendants there moved to dismiss on political question and act of state doctrine arguments with respect to the ATS claim.  By contrast, here, KFF asserts dispositive grounds that require the dismissal of the Amended Complaint in its entirety regardless of the outcome of any appeal in *Al Tamimi*,[3] and that would require dismissal of the individual claims on

---

[2] Notably, demonstrating that the cases are not sufficiently related and that this case should not be stayed pending an appeal in the *Al Tamimi* Litigation, unlike this case, the *Al Tamimi* plaintiffs did not assert a claim under the Anti-Terrorism Act ("ATA") as the plaintiffs here have.

[3] For example, KFF has moved to dismiss the Amended Complaint as against it on the grounds that (i) this Court does not have personal jurisdiction over KFF; (ii) aiding and abetting liability under the ATA claim is foreclosed by Congress's recent passage of an amendment to the ATA: JASTA; (iii) Plaintiffs' ATS claim is barred by the Supreme Court's decision in *Kiobel*, which requires dismissal of claims such as this one that do not sufficiently "touch and concern" the United States; (iv) many of the named plaintiffs lack standing to bring the claims in this action; and (v) that the

their merits.[4]  As such, any delay in dismissing this case is "undue delay" because KFF has raised several grounds for dismissal beyond those raised in the *Al Tamimi* Litigation.

More broadly, Plaintiffs are simply wrong when they argue that the "outcome of [the *Al Tamimi*] appeal will ultimately determine the Court's rulings on the pending motions to dismiss filed herein due to their precedential nature as to the Plaintiffs' theory of the case."  *See* Motion to Stay, at 2.  In reality, the outcome of Plaintiffs' Amended Complaint has already been determined by the ample precedent in this Circuit and others that demonstrate that Plaintiffs' theory of the case is untenable on both political question grounds and a host of others.  *See* KFF's Motion to Dismiss, at 8-15.

## CONCLUSION

The Motion to Stay is a frivolous filing seeking to extend the life of a frivolous complaint, with the hopes of compounding the reputational damage Plaintiffs seek to inflict on groups (such as KFF) with whom they disagree politically.  The Court should reject the Plaintiffs' attempts to use the judicial system as a vehicle for political attacks, deny the Motion to Stay, and then dismiss the Amended Complaint with prejudice pursuant to KFF's

---

Amended Complaint fails to meet the pleading requirements promulgated by the Supreme Court in *Twombly* and *Iqbal*.  None of these issues were raised by the *Al Tamimi* defendants in their motions to dismiss in that case, none of those issues were decided in the *Al Tamimi* decision dismissing the complaint there, and none of these issues will be decided in any appeal in *Al Tamimi*.

[4] For example, as explained above, Plaintiffs' ATA claim here must be dismissed because there is no secondary liability available under JASTA on the facts of this case, and the ATS claim must be dismissed because it fails to meet the requirements dictated by the Supreme Court's *Kiobel* decision.

pending motion to dismiss.

Dated: New York, New York
September 18, 2017

Respectfully submitted,

*/s/ Donald N. David*
Donald N. David
Joshua D. Bernstein (*pro hac vice*)
Phillip Spinella (*pro hac vice*)
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, NY, 10103
Tel.: (212) 880-3856
Fax: (212) 905-6410
Email: donald.david@akerman.com
D.C. Bar Number 514870

*Counsel for Defendant Kushner Family
Foundation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below a true copy of the

foregoing was served via ECF on all counsel of record herein:

Dated: New York, New York
September 18, 2017

*/s/ Donald N. David*
Donald N. David