UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKO PELED, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Docket No: 1:17-cv-00260 |
| | )  Hon. Reggie B. Walton |
| BENJAMIN NETANYAHU, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPLY TO MEMORANDUM OF LAW OF DEFENDANT KUSHNER FAMILY FOUNDATION IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS

COMES NOW the Plaintiffs' herein, and hereby responds to Defendant Kushner Family Foundation's Memorandum of law in Opposition to Plaintiffs' Motion to Stay Proceedings. The Defendant has proffered various authorities to this court to sustain its argument that the stay should be denied. First of all, Plaintiff agrees with the proposition cited in *Painters' Pension Trust Fund of Washington, D.C. & Vicinity, et al., v. Manganaro corporation, Maryland, et al.* that "it is undeniable that Courts possess the adherent authority to stay proceedings in the interest of judicial economy and efficiency." 694 F. Supp. 1222, 1224 (D.D.C., 1988) (*quoting Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). The defendant does not appear to be arguing that the Court doesn't have the inherent authority to stay proceedings.

In the *Pension Trust Fund* case, however, the Court concluded that "In the present context, we are unable to predict with any confidence that the interest of judicial economy and efficiency would be promoted by the issuance of a stay." *Id*. at 1224. In

contrast here, as argued by the Plaintiffs, the Court can in fact predict with some confidence that the interest of judicial economy and efficiency will be promoted.

In all cases involving the Palestinian-Israeli conflict, the defendants try to convince the court that the case should not go forward because of a political question issue. That's exactly what this Defendant argued. (*See Defendant Kushner Family Foundation's Motion to Dismiss,* Doc. 21 at 8) ("The Court lacks subject Matter Jurisdiction Because the Claims Are Non-Justiciable Pursuant to the Political Question Doctrine"). So at a minimum, the issue of a political question can be resolved on appeal, and that would help promote efficiency in this case. And, as explained in *Landis v. North American* company authority, the decision that a party is relying upon in support of a stay doesn't have to be all that comprehensive, i.e., it "may not settle every question of fact and law in suits by other companies, but in all likelihood it will settle many and simplify them all."  Here Defendant has argued that what happens on the appeal is basically irrelevant to the arguments that he advances. That is a gross exaggeration given the allegations made in this Complaint. A formal ruling on the issue regarding political question issue from the Court of Appeals, applying the *Al Tamimi* decision to the facts herein would likely result in dismissal of the case. *Al Tamimi, et al., v. Sheldon Adelson, et al.,* Civil Action No. 1:16-cv-00445. If the Court reverses on appeal, however, then this litigation will have to be reopened and the Court would have to engage in piecemeal litigation, which is what the motion for a stay is designed to prevent.

Furthermore, this case involves suing senior Israeli government officials for war crimes. They were named specifically in the lawsuit, including President Netanyahu. This case therefore involves the application of the foreign sovereign immunity doctrine, while

the *Al Tamimi* case did not. So there were other issues in this case than just the political question doctrine—but the outcome of arguments raised as to whether or not the cases are barred by the political doctrine are virtually identical between the two cases. Other than the political question doctrine, however, the *Al Tamimi* litigation was not related to this one. It's a simple torts case, but the basis for the Court's dismissal in *Al Tamimi* on the basis of political question is directly applicable to this case, as asserted in the Defendant's Motion to dismiss. Thus, the cases are sufficiently related to justify a stay, contrary to Defendant KFF's arguments.

Counsel also wants to remind the Court that based on the allegations made herein, the Defendants have been engaging in an annual $2 billion money-laundering scheme, resulting in great harm to the U.S. economy. That was one of two paramount concerns Congress had in mind when it enacted *Justice Against Sponsors of Terrorist Activity*, or JASTA. *See* Public Law 114-222. It is respectfully submitted that under these circumstances, granting the Motion to stay will promote judicial economy and efficiency.

Respectfully Submitted,

September 20, 2017

_____*/s/*_____
Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Managing Partner
Transnational Business Attorneys Group
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
mm@martinmcmahonlaw.com
(202) 862 – 4343

Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing and the text of the proposed order has been made through the Court's electronic transmission facilities on the 20th day of September, 2017.

Respectfully Submitted,

_____/s/_____
Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Managing Partner
Transnational Business Attorneys Group
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
mm@martinmcmahonlaw.com
(202) 862 – 4343

Attorney for the Plaintiffs