UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MIKO PELED, et al.,                 )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )   Civil Action No. 17-260 (RBW)
                                    )
BENJAMIN NETANYAHU, et al.,         )
                                    )
            Defendants.             )
_____)

**ORDER**

This matter is before the Court on the plaintiffs' Motion to Stay Proceedings ("Pls.' Mot."), which seeks "to stay all proceedings herein pending a ruling issued by the United States [Court of Appeals] for the District of Columbia Circuit in the case of Al-Tamimi, et al. v. Sheldon Adelson, et al., Civil Action No. 1:16-cv-0445." Pls.' Mot. at 1. For the reasons set forth below, the Court grants the plaintiffs' motion to stay.[1]

In Al-Tamimi, various plaintiffs, some of whom are plaintiffs in this case, alleged that forty-nine defendants

> (1) engaged in a civil conspiracy to expel all non-Jews from East Jerusalem, the West Bank, and the Gaza Strip . . . ; (2) committed war crimes, crimes against humanity, and genocide in violation of the law of nations under the Alien Tort Statute . . . and the Torture Victim Protection Act . . . ; (3) aided and abetted the commission of war crimes . . . ; and (4) engaged in a [thirty]-year pattern of aggravated and ongoing trespass.

__ F. Supp. 3d __, __, No. 16-cv-445 (TSC), 2017 WL 3738415, at *1 (D.D.C. Aug. 29, 2017).

---

[1] In addition to the plaintiffs' motion, the Court considered the following submissions in rendering its decision: (1) the Memorandum of Law of Defendant Billet Feit & Preis P.C. in Opposition to Plaintiffs' Motion to Stay Proceedings ("Def. Billet Feit & Preis P.C.'s Opp'n"); (2) the Memorandum of Law of Defendant Kushner Family Foundation in Opposition to Plaintiffs' Motion to Stay Proceedings ("Def. KFF's Opp'n"); (3) the plaintiffs' Reply to Memorandum of Law of Defendant Billet Feit & Preis P.C. in Opposition to Plaintiffs' Motion to Stay Proceedings ("Pls.' First Reply"); and (4) the plaintiffs' Reply to Memorandum of Law of Defendant Kushner Family Foundation in Opposition to Plaintiffs' Motion to Stay Proceedings ("Pls.' Second Reply").

There, another member of this Court recently dismissed those plaintiffs' claims for lack of subject matter jurisdiction because the claims were "replete with non-justiciable political questions." Id.  Thereafter, the plaintiffs in that case timely appealed this Court's colleague's decision to the United States Court of Appeals for the District of Columbia Circuit.  See Pls.' Mot. at 1.  That matter is pending a decision by the Circuit.

The plaintiffs here argue that the pending motions to dismiss "raise issues directly relevant to the holding being appealed in Al-Tamimi." Id.  Specifically, the plaintiffs contend that the Circuit's decision in Al-Tamimi "will ultimately determine th[is] Court's rulings on the pending motions to dismiss," as those motions will "involve[] the Court's application of the political question doctrine to similar facts" presented in Al-Tamimi.  Id. at 2.  Therefore, according to the plaintiffs, staying the proceedings in this case pending the outcome of the appeal in Al-Tamimi "would be in the interests of judicial economy and the most efficient way for the case to move forward." Id. at 3.

Defendants Billet Feit & Preis P.C. and the Kushner Family Foundation, two of the three defendants who have responded to the plaintiffs' amended Complaint, oppose the plaintiffs' motion to stay.[2]  They argue that the plaintiffs have not met their burden of showing hardship or inequity justifying a stay in this case, see Def. Billet Feit & Preis P.C.'s Opp'n at 3; Def. KFF's Opp'n at 4, and that they raised grounds other than those raised in Al-Tamimi in their motions to dismiss the plaintiffs' amended Complaint on which they contend also require the dismissal of the plaintiffs' claims, see Def. Billet Feit & Preis P.C.'s Opp'n at 3; Def. KFF's Opp'n at 5–6.

---

[2] There are eight defendants named in this case, but only three of those eight defendants have made an appearance. These three defendants have each filed a motion to dismiss the plaintiffs' amended Complaint. See generally Defendant Kushner Family Foundation's Motion to Dismiss ("Def KFF's Mot. to Dismiss"); the Motion of Defendant Billet Feit & Preis P.C. to Dismiss the Amended Complaint ("Def. Billet Feit & Preis P.C.'s Mot. to Dismiss"); Defendant American Friends of Bet El Institutions' Motion to Dismiss the Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(2) and (b)(6) ("Def. Am. Friends' Mot. to Dismiss").

In addition, they assert that they have already been prejudiced by the time and cost of defending against this lawsuit and would continue to suffer prejudice if required to wait until the outcome of the Al-Tamimi appeal for a resolution of this case. See Def. Billet Feit & Preis P.C.'s Opp'n at 3; Def. KFF's Opp'n at 4–5 (arguing that the plaintiffs' allegations "work damage" to its reputation).

The Court has "inherent power" to stay proceedings on its docket. Feld Entm't v. Am. Soc'y for the Prevention of Cruelty to Animals, 523 F. Supp. 2d 1, 2–3 (D.D.C. 2007). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n.6 (1998) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In determining whether to grant a stay, "the [C]ourt, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." Gordon v. FDIC, 427 F.2d 578, 580 (D.C. Cir. 1980). The party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." Feld Entm't, 523 F. Supp. 2d at 3 (quoting Landis, 299 U.S. at 255).

Here, upon balancing the competing interests of the parties, the Court finds that this case and the pending appeal in Al-Tamimi share overlapping similarities that tip the scales in favor of judicial economy sufficient to warrant a stay of the proceedings in this case. Both cases involve allegations, among others, of war crimes, crimes against humanity, genocide, and aiding and abetting the commission of war crimes. Compare Amended Complaint ("Am. Compl.") at 59–94, with Am. Compl., Civil Action No. 16-445, at 145–84. As the parties note, both cases involve the applicability of the political question doctrine, among other defenses. See Pls.' Mot.

3

at 1–2; see also Def. Billet Feit & Preis P.C.'s Opp'n at 3; Def. KFF's Opp'n at 5.  In addition, there is an overlap between the named plaintiffs in both cases, and the plaintiffs' counsel in both cases are the same.  Compare Civil Action No. 17-260 (ECF docket listing the plaintiffs and their counsel), with Civil Action No. 16-445 (same).  More importantly, as the plaintiffs acknowledge, an adverse ruling by the Circuit in the Al-Tamimi appeal will resolve this case in its entirety.  See Pls.' Mot. at 2 (noting that an adverse ruling by the Circuit "would warrant dismissal of this case without further filings by the parties").  Alternatively, a decision by the Circuit in favor of the plaintiffs would give this Court guidance on addressing the application of the political question doctrine in this case.[3]  Consequently, a stay of the proceedings in this case will promote the interests of judicial economy and efficiency.

Furthermore, the damage defendants Billet Feit & Pries P.C. and the Kushner Family Foundation specifically assert they will incur if the Court grants the plaintiffs' stay request does not outweigh the Court's judicial economy interest.  As noted earlier, Billet Feit & Pries P.C. argues that it "must patiently sit and wait its turn to have the [plaintiffs'] claims against it dismissed," Def. Billet Feit & Preis P.C.'s Opp'n at 2, and the Kushner Family Foundation contends that it will incur increased time and litigation costs if this case is stayed pending the Al-Tamimi appeal, see Def. KFF's Opp'n at 5.  However, the defendants' inconvenience of waiting for the resolution of the Al-Tamimi appeal does not exceed the benefits of judicial economy and efficiency derived from a stay of the proceedings in this case.  Moreover, the Court is perplexed as to how the Kushner Family Foundation will incur increased litigation expenses

---

[3] As already noted, defendants Billet Feit & Preis P.C. and Kushner Family Foundation argue that there are other legal grounds that warrant dismissal of the plaintiffs' claims other than the political question doctrine, and therefore, according to them, the Court should deny the plaintiffs' request for a stay in this case.  However, although a decision favorable to the plaintiffs by the Circuit in the Al-Tamimi appeal will not resolve every question of fact and law asserted in the defendants' motions to dismiss, it "in all likelihood . . . will settle many[, if not all of those issues,] and simplify them all."  Landis, 299 U.S. at 256.

and costs if the proceedings in this case are stayed, as it will not be required to further participate in this litigation until the Al-Tamimi appeal is resolved.  Therefore, the Court does not find merit in this argument.  Additionally, the Kushner Family Foundation claims that its reputation will continue to be harmed throughout the stay if the plaintiffs' request for the stay is granted.  But, it has not explained how its reputation is already being harmed or will be harmed in the future more than the potential reputational harm associated with any party defending against a lawsuit.  See Def. KFF's Opp'n at 4 (arguing in a conclusory fashion that the nature of the allegations harm its reputation).  Thus, the reputational damage the Kushner Family Foundation claims it will face does not justify denial of the plaintiffs' request for a stay of the proceedings in this case.

Accordingly, because the interests of promoting judicial economy and efficiency outweigh the alleged damage that has or will be sustained by the defendants, it is hereby

**ORDERED** that the plaintiffs' Motion to Stay Proceedings is **GRANTED.**  This case is therefore **STAYED** until further notice by the Court.  It is further

**ORDERED** that Defendant Kushner Family Foundation's Motion to Dismiss, ECF No. 21, the Motion of Defendant Billet Feit & Preis P.C. to Dismiss the Amended Complaint, ECF No. 29, Defendant American Friends of Bet El Institutions' Motion to Dismiss the Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(2) and (b)(6), ECF No. 34, and the Plaintiffs' Motion to Request Judicial Assistance Re: Service of Process on Israeli Defendants Named Herein, ECF No. 35, are **DENIED WITHOUT PREJUDICE**.  Upon the resolution of the pending appeal in Al-Tamimi, the parties may file new motions to dismiss or petition the Court to reinstate their motions that have been filed already for the Court's review.  It is further

**ORDERED** that defendant Billet Feit & Preis P.C.'s Motion on Consent Requesting Extension of Time to File Reply on Motion to Dismiss, ECF No. 51, and Defendant American Friends of Bet El Institutions' Motion to Extend Date to Reply to Response to Motion to Dismiss Until October 19, 2017, ECF No. 52, are **DENIED AS MOOT**.  It is further

**ORDERED** that the parties shall advise the Court when the Al-Tamimi appeal is resolved by the Circuit within fourteen days after the Circuit's decision is rendered.

**SO ORDERED** this 16th day of October, 2017.

REGGIE B. WALTON
United States District Judge