IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKO PELED, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:17-cv-260 (RBW) |
| BENJAMIN NETANYAHU, et al., | ) **[Oral Argument Requested]** |
| Defendants. | ) |

**DEFENDANT AMERICAN FRIENDS OF BET EL INSTITUTIONS'
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S AMENDED MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1), (B)(2), AND (B)(6)**

COMES NOW DEFENDANT AMERICAN FRIENDS OF BET EL INSTITUTIONS, by and through undersigned counsel, and submits this Reply to Plaintiffs' Amended Memorandum in Opposition. Defendant American Friends of Bet El Institutions has extensively briefed this specific issue, as have the other defendants in this case. Plaintiffs have continued to make assertions—some that can only be described as outlandish conspiracy theories—about the work that Defendant performs. In repeating these theories, it appears they hope this Court will overlook the many fatal flaws associated with this claim: *e.g.*, the fact that Plaintiffs lack standing; that this Court lacks personal jurisdiction over the Defendants; that these types of claims are non-justiciable under the Act of State Doctrine; etc. Rather than belabor these issues, however, Defendant hereby adopts and incorporates by reference the arguments advanced by other Defendants in this case. *See* Amended Memorandum of Law of Defendant Kushner Family Foundation In Support of Its

Motion to Dismiss the Amended Complaint [Doc. # 58]; Motion of Defendant Billet Feit & Preis P.C. to Dismiss the Amended Complaint [Doc. # 59]. Defendant also adopts and incorporates all arguments made by other Defendants in reply briefs filed today, to the extent they do not contradict any argument made by this Defendant.

Defendant will simply focus here on the question of *Al-Tamimi v. Adelson*, 9 F.3d 1 (D.C. Cir. 2019), and why the Court's ruling in that case does not protect these Plaintiffs' Amended Complaint. As Defendant Kushner Family Foundation so clearly stated, "*Al-Tamimi* merely stands for the unremarkable proposition that where the sovereignty of the disputed territories is extricable from the claims asserted, the extricable claims are not barred by the political question doctrine." Amended Memorandum of Law of Defendant Kushner Family Foundation In Support of Its Motion to Dismiss the Amended Complaint [Doc. # 58, pp. 6-7]. While Defendant disagrees with the Court's determination that the issues in *Al-Tamimi* were in fact extricable, there is simply no sound argument to be made that the *Al-Tamimi* Court's ruling governs the case at bar or that it dictates a ruling in favor of Plaintiffs.

This case is literally captioned, "*Peled v Netanyahu*," where Plaintiffs have filed a lawsuit in U.S. federal court against Israel's sitting Prime Minister, officials within its Ministry of Defense, members of the Knesset (Israeli Parliament), and even the United States Ambassador to Israel. Other than Amabassador Friedman, all of the aforementioned parties are government officials sitting throughout the executive and legislative branches of the State of Israel. Allowing this claim to move forward, using American courts to question the sovereign decisions of state and foreign government officials, falls squarely and inarguably within *the* definition of a political question.

Further, even if those defendants have been excised from this case (*see* Notice of Voluntary Dismissal [Doc. # 69]; Court's Minute Order, July 1, 2019) purely for administrative reasons and

without prejudice, and the underlying claims are now being advanced in their absence, Plaintiffs have already given away the truth; namely, *that a determination in this case would still require an American court—this Honorable Court—to adjudicate the political acts of a foreign power*. While Defendant continues to respectfully, but ardently, disagree with the conclusion in *Al-Tamimi*, Defendant must note that in that case, not a single foreign elected official or diplomat was named as a Defendant. Indeed, if *Al-Tamimi* means anything in *this* case, it is that the Plaintiffs' outlandish Amended Complaint—built on a foundation of international political activism and dislike of the acts of a foreign sovereign government—should be summarily dismissed.

Dated:          July 2, 2019

Respectfully submitted,

DAVID I. SCHOEN
   (D.C. Bar No. 391408)
DAVID I. SCHOEN, ATTORNEY AT LAW
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Email: DSchoen593@aol.com
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
*Counsel for Defendant American Friends
   of Bet El Institutions*

MARK A. GOLDFEDER
/s/ *Benjamin P. Sisney*
BENJAMIN P. SISNEY (D.C. Bar # 1044721)
THE AMERICAN CENTER FOR LAW AND JUSTICE
201 Maryland Avenue, N.E.
Washington, D.C.  20002
Email: bsisney@aclj.org
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
*Counsel for Defendant American Friends
   of Bet El Institutions*