IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKO PELED, *et al.* ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:17-cv-260 (RBW) |
| ) | |
| v. ) | |
| ) | |
| BENJAMIN NETANYAHU, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT AMERICAN FRIENDS OF BET EL INSTITUTIONS'
RESPONSE TO PLAINTIFF'S "PRAECIPE" [ECF# 75]**

On June 16, 2021, attorney Alfred L. Scanlan, Jr. filed a document in the above-referenced case, purportedly on behalf of the plaintiffs, reflected on the Court's docket as a "Notice of Appearance," which he styled a "Praecipe" [ECF# 75].

The document purports to be a "limited" notice of appearance as counsel for the stated purpose of "informing the Court, the parties, and opposing counsel" that one of the attorneys for the plaintiffs, Martin F. McMahon, passed away on June 6, 2021. The pleading Mr. Scanlan filed, however, goes well beyond just providing this information.

Mr. Scanlan further advises the Court that there is " ... no other associate counsel at (Mr. McMahon's firm) who is a member of the bar of this court and hence able to continue the litigation." [ECF# 75 at ¶2]. He then asks the Court to grant "the plaintiffs 120 days in which they shall be required to obtain new counsel." [ECF# 75

at ¶2 of the prayer for relief].

Defendant American Friends of Bet El Institutions now responds to Mr. Scanlan's filing on behalf of itself and the Kushner Family Foundation.

Before addressing the process and substance related to Mr. Scanlan's filing, the defendants and defense counsel express their sympathy and condolences to Mr. McMahon's family and friends for their loss.

Mr. Scanlan's filing is, in effect, a motion for a 120 day stay of this action, in order to permit plaintiffs to "obtain new counsel." Defendants oppose that request.

First, it is not at all clear why Mr. Scanlan entered his "limited appearance" to file any such request. The local rules do not appear to contemplate any such "limited appearance" [*See* LCvR 83.6]; but more to the point, the very premise of Mr. Scanlan's motion - that with Mr. McMahon's death plaintiffs are unrepresented by counsel, thereby requiring his appearance and a 120 day stay of the proceedings in this case - is completely erroneous.

The plaintiffs in this case have been represented by counsel at all times and remain represented by counsel who is a member of the bar of this Court.

Mr. McMahon filed this action for the plaintiffs; but on May 20, 2019, he was joined as co-counsel by attorney William R. Cowden.[1] Mr. Cowden is a member of

---

[1] Mr. Cowden entered his version of a "limited appearance" for all plaintiffs on May 20, 2019, with a note providing that he was appearing "as co-counsel with

2

the bar of this Court. On June 21, 2019, attorney Michael James Barfield, also a member of the bar of this Court, entered his appearance on behalf of all plaintiffs, [ECF# 68] and he remains counsel of record for all plaintiffs.[2] On August 14, 2019, Mr. Cowden moved to withdraw as counsel for the plaintiffs in the instant action and in support of his motion to withdraw, he specifically advised this Court that Mr. Barfield had " ... entered his appearance (not on a limited basis) as co-counsel with Mr. McMahon for Plaintiffs ...." [ECF# 72 parentheses in original].

In short, Mr. Barfield has been counsel of record in this case since his appearance on behalf of all plaintiffs on June 21, 2019, two years ago. While he chose to withdraw from representing the plaintiffs in another of Mr. McMahon's cases (*see* note 2, *infra*.), he did not seek to withdraw from the instant case and he remains counsel of record for all plaintiffs, with all of the associated obligations to

---

Mr. McMahon while any suspension before this Court is reviewed." [ECF# 61] Mr. McMahon was suspended from practicing law based on his ethical transgressions.

[2] LCvR 83.6 clearly sets out the stringent requirements for counsel of record to seek his/her withdrawal from representing the parties in a case and Mr. Barfield has never made any effort to seek leave to withdraw. Mr. Barfield certainly is aware of the rule's provisions, the requirement that all counsel must strictly adhere to the same and he remains counsel of record until any withdrawal is appropriately sought and granted. Indeed, in another case of this same variety filed in this District by Mr. McMahon, Mr. Barfield also entered his appearance as co-counsel with Mr. McMahon; but on October 2, 2020, Mr. Barfield decided to withdraw from the case and filed a formal motion to withdraw under LCvR 83.6. [*see* ECF# 172, in *Al-Tamimi v. Adelson, et al.*, Case No. 16-cv-445 (TSC)].

the Court and to his clients.

The defendants' motions to dismiss this action have been fully briefed since July 2, 2019 [*See* ECF## 55, 58-60, 62-64, 67, 70, 71]. The Court has set a status conference in this case for August 2, 2021, in order to give the Court additional time to consider the motions to dismiss [Minute Order of April 22, 2021].

Defendants would have readily consented to a thirty (30) day stay period, simply as a courtesy, in light of Mr. McMahon's death, if they had been consulted[3] and if it were necessary; but there is no need here for any stay at all. All plaintiffs are represented by Mr. Barfield, a member of the bar of this Court, who entered his appearance on their behalf two years ago. The motions to dismiss are ripe for the Court's consideration, Mr. Barfield should be fully familiar with his clients' filings, and there are forty-six (46) days until the status conference in this case. There is no need for any stay of the proceedings in this case.

                        Respectfully Submitted,

                          /s/ David I. Schoen
                          David I. Schoen
                          (DC Bar No. 391408)

---

[3] LCvR 7(m) requires counsel to confer with opposing counsel as to all non-dispositive motions in a good-faith effort to determine whether the motion will be opposed and whether areas of opposition can be narrowed. It further requires moving counsel to include a statement in such a motion that the required discussion occurred and advising the Court as to whether the motion is opposed. This rule was not followed in any regard.

/s/ Benjamin P. Sisney
Benjamin P. Sisney
(DC Bar No. 1044721)

The American Center for Law And Justice
201 Maryland Avenue, N.E.
Washington, DC 20002
Telephone: (202) 546-8890
Facsimile: (202) 546-5309
Counsel for Defendant American Friends of Bet El Institutions

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2021, I caused the foregoing to be served on all counsel of record, by filing the same through this Court's ECF system.

/s/ David I. Schoen
David I. Schoen
(DC Bar No. 391408)

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: 334-395-6611
E-Fax: 917-591-7586
E-Mail: DSchoen593@aol.com; Schoenlawfirm@gmail.com
Counsel for Defendant American Friends of Bet El Institutions