IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKO PELED, *et al.* ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:17-cv-260 (RBW) |
| ) | |
| v. ) | |
| ) | |
| BENJAMIN NETANYAHU, et al. ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant American Friends of Bet El Institutions respectfully submits this notice to bring to the Court's attention as supplemental authority in support of the its pending Motion to Dismiss [ECF## 34; 34-1], the United States Supreme Court's decision in *Nestle USA, Inc. v. Doe I*, – U.S. –, 2021 U.S. LEXIS 3120; 2021 WL 2459254 (June 17, 2021).

In *Nestle*, two U.S. chocolate companies were sued under the Alien Tort Statute ("ATS") based on allegations that they aided and abetted child slavery in Cote d'Ivoire. 2021 U.S. LEXIS 3120 at *5; 2021 WL 2459254 at *2.

After considering all of the alleged facts and legal issues attending the case, the Court rejected the plaintiffs' attempted extraterritorial application of the ATS.

The Court held that notwithstanding whether the ATS requires the conduct that directly caused the injury to have occurred domestically or permits recovery even when the injury occurs overseas, in either scenario, there still has to be a "sufficient

connection" demonstrated between the cause of action alleged and the domestic conduct in order for an ATS claim to be viable. *Id*. 2021 U.S. LEXIS 3120 at *8-*-9; 2021 WL 2459254 at *3.

In language especially relevant for the instant case, the Court wrote: "Even if we resolved all these disputes in respondents' favor, their complaint would impermissibly seek extraterritorial application of the ATS. Nearly all the conduct that they say aided and abetted forced labor—providing training, fertilizer, tools, and cash to overseas farms—occurred in Ivory Coast." *Id*.

The Court noted that the Ninth Circuit had let the lawsuit proceed, "because (plaintiffs) pleaded as a general matter that 'every major operational decision by both companies is made in or approved in the U. S.'" "But allegations of general corporate activity—like decisionmaking—cannot alone establish domestic application of the ATS." *Id*.

The Supreme Court's decision in *Nestle* further supports the dismissal of this action based on Plaintiffs' impermissible effort to seek extraterritorial application of the ATS to the facts alleged in this case. [*See e.g*. ECF## 34-1 at 6-7; 58-4 at 27-31].

Respectfully Submitted,

/s/ David I. Schoen
David I. Schoen
(DC Bar No. 391408)

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of June, 2021, I caused the foregoing to be served on all counsel of record, by filing the same through this Court's ECF system.

 /s/ David I. Schoen
David I. Schoen
(DC Bar No. 391408)

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: 334-395-6611
E-Fax: 917-591-7586
E-Mail: DSchoen593@aol.com; Schoenlawfirm@gmail.com
Counsel for Defendant American Friends of Bet El Institutions