**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MIKO PELED**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-260 (RBW) |
| | ) |
| **BENJAMIN NETANYAHU**, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO WITHDRAW APPEARANCE AS COUNSEL**

Undersigned counsel respectfully moves pursuant to LCvR 83.6(c) to withdraw counsel's appearance for Plaintiffs in this case. Good cause exists for granting this motion.

Plaintiffs retained McMahon and Associates, LLC to represent them in this case. McMahon and Associates is a District of Columbia law firm that was owned and managed by Martin F. McMahon, the lead counsel in this case. On June 15, 2021, Attorney Alfred Scanlon filed a "Praecipe" (ECF. 75) that informed the court that Lead Counsel McMahon had passed away on June 6, 2021 and requested 120 days for Plaintiffs to find new counsel. On June 16, 2021 counsel for Defendant American Friends Of Bet El Institutions ("Friends") filed a "Response" (ECF. 76) that indicated counsel's client opposed Attorney Scanlon's request.

Lead Counsel McMahon engaged undersigned counsel, a member in good standing of this court, in June of 2019 to enter undersigned counsel's appearance in this case while Mr. McMahon was serving a temporary suspension from the practice of law. Mr. McMahon engaged undersigned counsel's services in order to provide Plaintiffs with a barred attorney who could file pleadings

drafted by McMahon and Associates on behalf of Plaintiffs during the pendency of McMahon's suspension.[1]

Undersigned counsel did not file the required certificate to appear as lead or sole counsel for the Plaintiffs. *See* LCvR 83.2 (b). Undersigned counsel has not filed said certificate since because undersigned counsel has not appeared in a lead or sole counsel capacity for any party in this court, nor does undersigned counsel intend to do so in the future. Instead, undersigned counsel was informed by Mr. McMahon that McMahon had informed the Plaintiffs that McMahon was engaging the services of another lawyer for the limited purpose of monitoring the docket and filing pleadings drafted by McMahon and Associates during the pendency of McMahon's suspension.

Undersigned counsel entered counsel's appearance on behalf of the Plaintiffs on June 21, 2019. Pursuant to undersigned counsel's agreement with McMahon and Associates, undersigned counsel filed a Notice of Voluntary Dismissal as to certain Defendants for Mr. McMahon on June 25, 2021. (ECF. 69). Undersigned counsel provided no additional legal services to Plaintiffs, nor has undersigned counsel communicated with Plaintiffs at any point. However, through an administrative oversight, undersigned counsel failed to file the instant Motion at the conclusion of Mr. McMahon's suspension.

---

[1] Regrettably, undersigned counsel did not move the court to enter counsel's appearance on a limited or special basis. Despite the adoption of Fed. R. Civ. P. 12, the United States Supreme Court, circuit courts of appeals, and state courts of last resort have continued to recognize the availability of a "limited" or "special" appearance subsequent to the 1938 adoption of Rule 12. *See*, *e.g.*, *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (standby counsel may be appointed for the limited purpose of assisting *pro se* defendants); *United States v. Martin-Trigona*, 684 F.2d 485, 491 n.7 (7th Cir.1982) (referencing that "an attorney may make a limited appearance" to assist a criminal defendant); *Urciolo v. Urciolo* 449 A.2d 287, 290 (D.C. 1982) (holding a "trial court has the discretionary authority . . . to appear in a short-lived capacity and for a particular purpose); *United States v. Ligas*, 549 F.3d 497, 503-04 (7th Cir. 2008) (permitting entry of appearance only for the purpose of contesting personal jurisdiction). *See also* D.C. Rules of Prof'l Conduct R. 1.2 (c).

In September of 2020, undersigned counsel suspended counsel's practice in the District of Columbia after experiencing health issues related to the COVID-19 pandemic. Undersigned counsel terminated counsel's relationship with McMahon and Associates at that time.[2] Subsequently, undersigned counsel moved away from the District of Columbia. Curiously, despite using undersigned counsel's withdrawal in another case as evidence of why Plaintiffs should be forced to proceed with an attorney which they did not hire nor spoken to at any point, Friends fails to mention the reason for withdrawal in that other case was for health reasons. *See* Friends Response at 3 n.2 (ECF. 76). Surely, that omission was an oversight.

After Mr. McMahon's untimely passing, McMahon's executor began the process of winding down Mr. McMahon's practice and obtaining successor counsel for McMahon's clients. Attorney Scanlon entered appearance on behalf of the Plaintiffs pursuant to those efforts.

When undersigned counsel became aware of counsel's unintended continued appearance in this case, undersigned counsel contacted the D.C. Bar's legal ethics hotline for informal advice regarding how to proceed. Undersigned counsel was advised that the best course would be to attempt to contact the Plaintiffs and discuss how they wished to proceed.

Pursuant to that advice, counsel obtained the contact information for the Plaintiffs from Mr. McMahons representative. Mr. McMahon's representative provided a phone and email for Miko Peled. Mr. Peled has not returned undersigned counsel's calls nor responded to an email. Undersigned counsel has been unable to reach any other Plaintiff at this time.[3]

---

[2] Undersigned counsel provided legal services directly to lead counsel McMahon in a personal capacity in a matter unrelated this Motion.

[3] Mr. McMahon's representative also indicated that the file stated Attorney Jay Sekulow was the contact person for the Defendants. On June 29, 2021, undersigned counsel emailed Mr. Sekulow to discuss this Motion, but has not received a response. *See* LCvR 7(m).

Undersigned counsel is unable to provide the zealous advocacy to which Plaintiffs are entitled. D.C. Rules of Prof'l Conduct R. 1.3. Counsel is unfamiliar with the factual, procedural, and legal background of this case. Mr. McMahon did not provide a copy of the file. As stated above, the entire body of undersigned counsel's work on this case until counsel was made aware of Mr. McMahon's passing was limited to editing and filing the ECF. 69 Notice of Voluntary Dismissal drafted by McMahon and Associates.

Additionally, undersigned counsel is unable to keep the Plaintiffs reasonably informed of the status of the case, comply with requests for information, or explain the matter for the Plaintiffs to make informed decisions about the case. D.C. Rules of Prof'l Conduct R 1.4. Indeed, undersigned counsel has been unable to communicate with the Plaintiffs whatsoever.

Also, undersigned counsel's experience in civil litigation and with the relevant substantive body of law here is limited. Undersigned counsel had a limited relationship with McMahon and Associates to assist with a few matters while Mr. McMahon was serving a suspension. Undersigned counsel graduated law school in 2013 and has practiced nearly exclusively criminal law since that time. Counsel was employed first at small DC law firm practicing criminal law and occasionally assisting a *qui tam* attorney, then as a clinical professor in the Criminal Division of the D.C. Law Students in Court Program, and later as an appointed Criminal Justice Act attorney in the Superior Court for the District of Columbia and the District of Columbia Court of Appeals. Undersigned counsel therefore does not possess the requisite knowledge and skill to represent Plaintiffs before this court with the requisite level of competence. D.C. Rules of Prof'l Conduct R. 1.1.

Even if undersigned counsel remedied his lack of requisite knowledge and skill by associating with a lawyer of established competence, the time commitment required to provide the

zealous advocacy to which the Plaintiffs are entitled would require undersigned counsel to withdraw applications for employment as an attorney with the United States, New York, and New Jersey governments near where counsel has moved since leaving the District of Columbia because government attorneys are not permitted to represent private clients during the course of their employment.[4] Additionally, because undersigned counsel has no contact or representation agreement with the Plaintiffs, counsel would be forced into an untenable situation. Counsel has no means to fund Plaintiff's case. Further appearance in this case on behalf of Plaintiffs would result in an unreasonable financial burden on undersigned counsel. D.C. Rules of Prof' Conduct R. 1.16.

Finally, undersigned counsel's withdrawal will not unduly delay trial of the case, be unfairly prejudicial to any party, or otherwise not be in the interest of justice. The time required for undersigned counsel to familiarize himself with the case and find competent lead counsel for the Plaintiffs is equal to or greater than the time required for Plaintiffs to obtain other counsel. LCvR 83.6(d).

Although no trial date has been set in this matter and other attorneys (Mr. McMahon and Mr. Scanlon) have previously entered an appearance in this matter, LCvR 83.6(b), undersigned counsel is nevertheless proceeding by motion rather than by filing a notice of withdrawal of appearance because obtaining the written consent of all plaintiffs is not possible. Specifically, obtaining written consent is impracticable because lead counsel McMahon has passed and undersigned counsel has never communicated with Plaintiffs, who live in a multitude of countries and had communicated exclusively with McMahon until his passing.

---

[4] Despite moving, undersigned counsel maintains a mailing address in the District of Columbia for the purpose of receiving mail related to clients and former clients so that the correspondence may be routed to the appropriate persons and protect client and former client interests. That address is listed in counsel's signature block below. It will cease to exist on or about September 7, 2021.

In this case, with this unfortunate set of facts, forcing undersigned counsel to remain counsel of record for the Plaintiffs would result in undersigned counsel violating his duties of communication, zealous advocacy, and competent representation. In exchange, the Plaintiffs would be represented by an attorney who lacks the level of experience and skill gained by Mr. McMahon over the course of a career that spanned at least five decades. Whatever the reason (unknown to undersigned counsel), the Plaintiffs chose to retain McMahon and Associates, not undersigned counsel. That choice should be honored by this court while McMahon and Associates follows District of Columbia procedures for winding down a deceased attorney's practice.

WHEREFORE, undersigned counsel respectfully requests that this Motion be granted.

Respectfully submitted,

/s/ Michael Barfield

D.C. Bar No.: 1023971
4401A Connecticut Avenue NW, Ste. 169
Washington, DC 20008
917-284-3106
Michael@BarfieldLegal.com

**CERTIFICATE OF SERVICE**

I certify that on July 13, 2021, a copy of the foregoing and a proposed order was served via ECF on all counsel for the Defendants, and on counsel for the Plaintiffs, McMahon and Associates and Alfred Scanlon.

/s/ Michael Barfield