IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MIKO PELED, *et al.* | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:17-cv-260 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN NETANYAHU, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT AMERICAN FRIENDS OF BET EL INSTITUTIONS'
RESPONSE TO DEFENSE COUNSEL'S
<u>MOTION TO WITHDRAW APPEARANCE AS COUNSEL [ECF# 81]</u>**

On July 13, 2021, the only remaining counsel of record for the Plaintiffs, Mr.
Michael Barfield, filed a motion to withdraw as counsel for the Plaintiffs [ECF# 81].
If granted, Mr. Barfield's withdrawal would leave the Plaintiffs without any counsel,
and it would leave the Court and the Defendants in limbo, with meritless,
inflammatory accusations against the Defendants hanging over their heads
indefinitely.  Such a result is inconsistent with LCvRs 83.2(h) and 83.6(c),[1] Mr.
Barfield's ethical obligations, and any reasonable concept of fundamental fairness.
Mr. Barfield's motion must be denied at this time.

Instead, it is respectfully submitted that, given Mr. Barfield's representation to
the Court that the lead Plaintiff, Miko Peled, has not responded to his attempts to

---

[1]   No Plaintiff's written consent has been obtained and no Plaintiff is
represented by another attorney.  *See* LCvR 83.6(c).

reach him by email or phone [ECF# 81 at 3], that he has not been able to reach any other Plaintiff [ECF# 81 at 3], that he "... has been unable to communicate with the Plaintiffs whatsoever" [ECF# 81 at 4], and that Plaintiffs intended to retain only Mr. McMahon to represent them [ECF# 81 at 6]. Plaintiffs should be required to immediately show cause as to why this case should not be dismissed.[2]

Mr. Barfield should be required to provide the Court with an affidavit or declaration from each Plaintiff responding to such a Show Cause Order.

## **Background Regarding Plaintiffs' Counsel**

This action was filed on February 9, 2017 by Martin McMahon, Esq. [ECF# 1].

---

[2] On June 16, 2017 Mr. McMahon filed an Amended Complaint which, among other things, corrected the deficiency in his original Complaint by providing purported addresses for the Plaintiffs, as required by LCvR 5.1(c) [ECF# 18]; so contacting the Plaintiffs should be no problem for Mr. Barfield.

Mr. Barfield asserts that it is "impracticable" for him to communicate with any Plaintiff or to obtain their written consent for his withdrawal, "because lead counsel McMahon has passed and undersigned counsel has never communicated with Plaintiffs, who live in a multitude of countries and had communicated exclusively with McMahon until his passing" [ECF# 81 at 5]. Carried to its logical conclusion, since Mr. McMahon is no longer alive, there would seem to be no alternative to a dismissal. Similarly, Mr. Barfield's directive to the Court that because "the Plaintiff chose to retain McMahon and Associates, not (Barfield)" to represent them, "[T]hat choice should be honored by this Court ..." [ECF# 81 at 6] also should logically require a dismissal of the action. Clearly, Mr. McMahon cannot represent the Plaintiffs and his firm has made clear through Mr. Scanlan that it certainly does not intend to represent them [ECF# 75].

On May 20, 2019, an attorney named William R. Cowden entered a "limited notice of appearance," joining Mr. McMahon as co-counsel for all Plaintiffs. In his limited notice of appearance, Cowden represented to the Court that he was just in the case as a function of Mr. McMahon's suspension from the practice of law[3] and while that suspension was being reviewed [ECF# 61].

On June 21, 2019, just a month after Mr. Cowden entered his appearance, Mr. Barfield entered his appearance on behalf of all plaintiffs, [ECF# 68], serving as co-counsel with Messrs. McMahon and Cowden. Unlike Mr. Cowden, Mr. Barfield in no way indicated that his appearance was a limited one or that it bore any relationship to Mr. McMahon's suspension.

Less than three months after he entered the case, on August 14, 2019, Mr. Cowden moved to withdraw as counsel for the Plaintiffs and the Court granted his motion [ECF# 72; Minute Order of 8/14/2019].

Tellingly, when Mr. Cowden moved to withdraw, in support of his motion, he

---

[3]  Mr. McMahon was suspended from the practice of law for a period of 60 days initially by the Virginia Bar, for, *inter alia*, forging other lawyers' signatures. https://www.vsb.org/docs/McMahon-113018.pdf. That order of suspension was entered on November 30, 2018, *nunc pro tunc* to November 19, 2018. Mr. McMahon was then suspended from the practice of law in the District of Columbia by a reciprocal order. That suspension was upheld by the District of Columbia Court of Appeals on March 21, 2019. *In re McMahon*, 204 A.3d 843 (D.C. 2019) (upholding 60 days suspension, *nunc pro tunc* to November 13, 2018).

expressly noted that Mr. Barfield remained in the case and that Mr. Barfield had " ... entered his appearance (not on a limited basis) as co-counsel with Mr. McMahon for Plaintiffs ...." [ECF# 72] (parentheses in original).  Mr. Barfield now acknowledges that he did not enter any sort of limited appearance and calls it "regrettable" [ECF# 81 at 2, n.1].

Finally, by way of background, on June 16, 2021, yet a fourth attorney for the Plaintiffs, Alfred L. Scanlan, Jr., filed a "Praecipe," which he intended to be his limited notice of appearance for the Plaintiffs to advise the Court of Mr. McMahon's death and to ask the Court to suspend the case for 120 days  [ECF# 75].  Mr. Scanlan filed his notice of withdrawal on July 13, 2021 [ECF# 80] and as quickly as he appeared he was terminated from the case, leaving Mr. Barfield once again as sole counsel of record for the Plaintiffs.

## Mr. Barfield's Motion to Withdraw is Problematic for Several Reasons

In Mr. Barfield's recent motion to withdraw he represents to the Court:  (1) that he only entered the case to file pleadings that Mr. McMahon prepared while McMahon was under suspension [ECF# 81 at 1-2],[4] (2) that, despite entering his

---

[4]  This assertion is troubling for at least two independent reasons:

**First**, in addition to the failure to explain why two lawyers (Cowden and Barfield) would be required to enter the case to make filings for the suspended McMahon, the timing of Barfield's entry into the case, if for that purpose alone, is difficult to understand.  Consider the following:

_____

On January 23, 2019, McMahon wrote to defense counsel in the related case *Al-Tamimi v. Adelson, et al.*, Case No. 16-cv-445 (TSC), to advise counsel in that case of his suspension and he wrote that the suspension was effective in the District of Columbia as of January 23, 2019, but that he would continue to fight what he believed to be an "unfair decision." On March 21, 2019, the District of Columbia Court of Appeals entered its order upholding McMahon's suspension from the practice of law in the District of Columbia, for a period of sixty (60) days *nunc pro tunc* to November 13, 2018. *See In re McMahon*, 204 A.3d 843 (D.C. 2019).

It is difficult to reconcile the assertions now made in Mr. Barfield's recent submissions that he only entered his appearance in this case (on June 19, 2019), because Mr. McMahon was under suspension, when by McMahon's own account and the D.C. Court of Appeals' Order, McMahon's suspension should have been over by the date Mr. Barfield entered the case. Further explanation is required.

**Secondly**, if, as Mr. Barfield asserts, his sole purpose in entering the case was to serve as a "barred attorney who could file pleadings drafted by McMahon and Associates on behalf of Plaintiffs during the pendency of McMahon's suspension," [ECF# 81 at 1-2], this raises a serious ethical issue. Mr. McMahon was suspended from the practice of law. While under suspension, continuing to work on the case by drafting pleadings for Mr. Barfield to simply file because Barfield was authorized to practice law, constituted the unauthorized practice of law by McMahon. It would seem rather clear that Mr. Barfield's conduct was a prohibited facilitation of the same, made even worse by not advising the Court or defense counsel of McMahon's suspension (see hereinbelow) or that this circumvention of the suspension was taking place. *See e.g., In re Stanton*, 532 A.2d 95 (D.C. 1987). Practicing law while under suspension from the practice of law could well subject those involved to contempt sanctions. *In re Order*, 2015 D.C. App. LEXIS 519, *45 (D.C., October 16, 2015).

The Virginia order of suspension required Mr. McMahon to notify this Court and counsel for all parties of his suspension. https://www.vsb.org/docs/McMahon-113018.pdf. Similarly, Section 14(c) of the D.C. Bar's Rules concerning Disciplinary Proceedings (Rule XI: Disciplinary Proceedings) sets forth the requirement that notice of the suspension must be provided to counsel for each adverse party in every pending matter. https://www.dcbar.org/about/who-we-are/rules-and-bylaws/rules-governing-the-district-of-columbia-bar/rule-xi-disciplinary-proceedings .

appearance, signing pleadings, and remaining counsel of record for all Plaintiffs for the past two years, he has never communicated with his clients and does not know anything about any issue in the case [ECF# 81 at 2-6],[5] and (3) that failing to move to withdraw earlier was just an "administrative oversight [6]" [ECF# 81 at 2, n.1].

The representations in Mr. Barfield's motion to withdraw are troubling for a number of reasons in addition to the issues identified in footnotes 4-6 herein:

First, Mr. Barfield advises that the Court that he should be permitted to withdraw because he cannot provide the "zealous advocacy to which Plaintiffs are entitled" as required by Rule 1.3 of the D.C. Rules of Professional Conduct [ECF# 81 at 4]. This is so, the Court is told, because Mr. Barfield is "unfamiliar with the factual, procedural, and legal background of this case," he has not been provided with a case file, and his work in the case has been limited to "editing and filing" a notice

---

[5] This would appear to be a clear violation of Rule 11 of the Federal Rules of Civil Procedure from the inception, as well as a violation of a whole panoply of ethical rules.

[6] LCvR 83.6 clearly sets out the stringent requirements for counsel of record to seek his/her withdrawal from representing the parties in a case. Mr. Barfield certainly is aware of the rule's provisions and the requirement that all counsel must strictly adhere to the same. Indeed, as noted in *al-Tamimi*, Mr. Barfield also entered his appearance as co-counsel with Mr. McMahon; but on October 2, 2020, Mr. Barfield decided to withdraw from that case and filed a formal motion to withdraw under LCvR 83.6. [*see* ECF# 172, in *Al-Tamimi v. Adelson, et al.*, Case No. 16-cv-445 (TSC)                                                                                            ].

6

of voluntary dismissal drafted by McMahon and Associates [ECF# 81at 4].[7]

Mr. Barfield puts a unique new twist on the ethical requirements for zealous advocacy by counsel.  Rule 1.3 of the D.C. Rules of Professional Conduct is not intended to provide an excuse for an attorney who entered an appearance in a case, without taking the time to learn anything about the case or the clients to then leave the case in limbo by withdrawing.  Rather, the Rule required Mr. Barfield to prepare himself to zealously represent his clients *before* he entered his appearance on behalf of all Plaintiffs.  Indeed, Comment [1] to the Rule requires the lawyer to pursue a matter in which he or she is involved "... despite ... personal inconvenience."

It certainly is not the Court's fault nor any Defendant's fault that in the more than two years Mr. Barfield has been counsel of record in the case, he chose not to inform himself about any aspect of the case - substantive or procedural - or to meet the clients.

Moreover, ascertaining the procedural posture would require nothing more than reviewing the docket sheet on Pacer.  Mr. Barfield could familiarize himself with the

---

[7]   The document Mr. Barfield filed makes a number of specific factual assertions about certain Defendants, refers to the *al-Tamimi* case and to legal issues in both cases, and is, of course, signed by Mr. Barfield pursuant to Rule 11 of the Federal Rules of Civil Procedure [ECF# 69], indicating at the very least that, notwithstanding his assertions to the contrary in his effort to withdraw, Mr. Barfield must have engaged in sufficient inquiry about the facts and legal issues in this case to certify that they had evidentiary support, are warranted by existing law, etc.  *See* Rule 11(b).

substantive issues by simply clicking on the link to each document that has been filed in the case, just as any lawyer new to the case might do.  Mr. Barfield has had more than two years since his professional obligation upon entering an appearance for the Plaintiffs in the case required him to do so.

Mr. Barfield's representation that he is unfamiliar with the "legal background" of this case and that he lacks the legal experience, requisite knowledge, and requisite level of competence to represent the Plaintiffs who he signed on to represent in this case is surprising.  Mr. Barfield purports to rely on Rule 1.1 of the D.C. Rules of Professional Conduct.  [ECF# 81 at 4].

In addition to his appearance with Mr. McMahon in this case, Mr. Barfield also entered an appearance as co-counsel with Mr. McMahon in another case in this District, *Al-Tamimi v. Adelson, et al.*, Case No. 16-cv-445 (TSC).  That case, as this Court is aware, raises claims and legal issues that are virtually identical to the claims and legal issues in the instant case, brought by plaintiffs almost identically situated to the Plaintiffs in the instant case.  Indeed, the instant case was stayed while the interlocutory appeal in *al-Tamimi* was pending because of the similarities [ECF# 53].

In *al-Tamimi*, Mr. Barfield presented himself to defense counsel in a very different light.  For example, on April 8, 2020, Mr. Barfield advised defense counsel by telephone that while Mr. McMahon "steers the ship," he (Barfield) was brought in because he is "a litigator."  Similarly, in an email addressed to defense counsel

dated September 30, 2020, seeking consent for an extension of time, Mr. Barfield represented that he was brought into the case by Mr. McMahon "primarily to respond to the various motions to dismiss" that had been filed in that case [9/30/2020 email from Mr. Barfield to defense counsel in *al-Tamimi*]. The motions to dismiss in that case are based on legal issues that are virtually identical to the legal issues in this case.[8]

In short, if as Mr. Barfield represented in *al-Tamimi*, his primary role was to serve as "a litigator" brought in to deal with the issues in the motions to dismiss there, he should be perfectly well prepared to deal with the fully briefed motions to dismiss, responses and replies in the instant case.

Mr. Barfield appears to misunderstand the role of Rule 1.1 of the D.C. Rules of Professional Conduct. It is not an excuse for withdrawal; rather it requires an attorney to take the necessary steps to acquire sufficient competence to proficiently represent a client, through "thoroughness and preparation" and, in fact, Comment [2] to the Rule expressly recognizes that "[A] newly admitted lawyer can be as competent as a practitioner with long experience." And he is not a newly admitted lawyer. Mr. Barfield simply needs to apply the approach to the case that his ethical obligations demand. He surely knows that, having served as a lawyer since 2013, including work

---

[8] Emails and notes of the phone conversation can be produced for the Court's review if the Court deems it necessary.

as a law professor, and as a lawyer who took court appointed cases [ECF# 81 at 4]. It is unlikely he limited his acceptance of CJA cases to those in which he intuitively knew the facts and law.

## **CONCLUSION**

While it might well be regrettable for Mr. Barfield that he remains the only counsel of record for the Plaintiffs, he knowingly and voluntarily entered his appearance in this case, subject to the Rules of this Court and his ethical obligations to the Court and to his clients.

It is not acceptable for counsel to assert, after more than two years in the case, that he knows nothing about any factual or legal issue in the case, has had no communication with any his clients ever, lacks the experience, skill, and knowledge to serve as counsel in the case and that, therefore the solution to this problem he created by entering his appearance under such circumstances (for a purpose which raises very serious ethical concerns), is to simply have the case suspended for 120 days without any counsel for the Plaintiffs, leaving the Court to sort it all out, and leaving the Defendants with the meritless, inflammatory allegations Plaintiffs have made hanging over their heads.

Mr. Barfield has represented that the lead Plaintiff, Peled, has not responded to his phone calls or emails and that he has no way to communicate with any other

10

Plaintiff [ECF# 81 at 3] and that Plaintiffs sought only to retain Mr. McMahon and no other lawyer [ECF# 81 at 6]. Under these circumstances, the burden must be placed on the Plaintiffs to show cause why this case should not be dismissed.

Accordingly, this Defendant respectfully requests that Plaintiffs be ordered to show cause immediately as to why this case should not be dismissed. In responding to such a Show Cause Order, Mr. Barfield should be required to provide an affidavit or declaration from each Plaintiff addressing the show cause Order within thirty (30) days. If Mr. Barfield is to be permitted to withdraw from this case, it is respectfully submitted that, at a minimum, he should be required to take these steps before being allowed to withdraw.

In addition, this Defendant also would note that the Defendants' motions to dismiss this action have been fully briefed since July 2, 2019 [*See* ECF## 55, 58-60, 62-64, 67, 70, 71] and are ripe for consideration. The Court has set a status conference in this case for August 2, 2021 [Minute Order of April 22, 2021]. Defense counsel will be prepared to appear, absent a direction by the Court to the contrary.

Respectfully Submitted,

 /s/ David I. Schoen
David I. Schoen
(DC Bar No. 391408)
Counsel for Defendant American Friends of Bet El Institutions

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of July, I caused the foregoing

to be served on all counsel of record, by filing the same through this Court's ECF

system.

 /s/ David I. Schoen
David I. Schoen
(DC Bar No. 391408)

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: 334-395-6611
E-Fax: 917-591-7586
E-Mail: DSchoen593@aol.com; Schoenlawfirm@gmail.com

The American Center for Law And Justice
201 Maryland Avenue, N.E.
Washington, DC 20002
Telephone:  (202) 546-8890
Facsimile:  (202) 546-5309

Counsel for Defendant American Friends of Bet El Institutions

12