## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIKO PELED**, *et al.*,            Plaintiffs,            v.            **BENJAMIN NETANYAHU**, *et al.*,            Defendants. | Case No. 1:17-cv-260 (RBW) |

### SUPPLEMENT TO MOTION TO WITHDRAW APPEARANCE AS COUNSEL

Plaintiffs, by and through undersigned counsel, respectfully submit the following Supplement to undersigned counsel's Motion To Withdraw Appearance As Counsel (ECF 81). A telephonic hearing is scheduled at 9 am on September 2, 2021. Undersigned counsel is prepared to address the Motion at the hearing. However, Plaintiffs submit the following letter from the Plaintiffs in support of undersigned counsel's request to withdraw as counsel. Ex. 1.

Specifically, on August 19, 2021, undersigned counsel had a lengthy telephone conversation with Plaintiff Kateeb. Ms. Kateeb indicated that she would discuss the case and how they would like to proceed with other plaintiffs, and that she would need some time to do so. On August 31, 2021, Ms. Kateeb requested that undersigned counsel file the attached letter.

The Plaintiffs request that undersigned counsel be permitted to withdraw from the case. The Plaintiffs would like to retain an attorney or attorneys of similar experience to McMahon and Associates to represent them in the case going forward. They are in conversations with multiple international human rights organizations and law firms. Accordingly, the Plaintiffs have requested undersigned counsel to ask the court for 60 days to find a new attorney to represent them. Both of those requests are reasonable in the circumstances.

A man is dead. He died unexpectedly and alone. His family is grieving. A single Defendant in this case has made a choice to attempt to leverage that man's death to their gain. ECF 76; 82. In both of those pleadings, Defendant Friends of Bet El Institutions asserts that motions to dismiss have been fully briefed "since July 2, 2019." *Id*.[1] Tellingly, only after learning of McMahon's death has it sought to move this case forward more expeditiously than as proposed by the court in a series of Minute Orders. To the Plaintiff's knowledge, at no point in that intervening period did the Defendant notify the court that it had concerns about the pace at which the case was progressing, or request a date certain for a hearing or ruling on said motions. One might assume if it was so concerned about the "meritless, inflammatory allegations Plaintiffs have made hanging over their heads," (ECF 82 at 10), Defendant Friends of Bet El Institutions might have taken such steps.

Be that as it may, undersigned counsel should be permitted to withdraw.[2] The core reason: Plaintiffs do not wish to retain undersigned counsel's services. Despite Mr. McMahon's death in early June, Plaintiffs were unaware of his death until August, 2021. Now aware, they are in negotiations and discussions with new attorneys. They should be permitted to finish those discussions, retain counsel of their choosing, and proceed with the matter in the normal course.

---

[1] The Defendants reasonably sought and received a continued status conference due to a conflict with Rosh Hashana. ECF 73. The Plaintiffs have not sought a continued status conference date since the completion of briefing regarding the motions to dismiss until Mr. McMahon's death.

[2] Defendant Friends of Bet El Institutions makes several assertions regarding undersigned counsel personally. ECF 82. To be crystal clear, if counsel is not permitted to withdraw and the court orders counsel to represent the Plaintiffs against the Plaintiff's will, counsel will comply with counsel's obligations to the Plaintiffs and any court orders, and proceed with the representation, unless changed circumstances require counsel to make a further request to withdraw. However, one representation in counsel's initial Motion to Withdraw bears clarification. Counsel represented that counsel edited a Notice of Voluntary Dismissal prepared by McMahon and Associates. A law clerk provided counsel with a template Notice that the clerk obtained from an associate at the firm, which counsel then used to prepare the Notice filed in this case, ECF 69.

WHEREFORE, Plaintiffs respectfully request that undersigned counsel be permitted to withdraw and they be afforded 60 days to retain new counsel.[3]

Respectfully submitted,

/s/ Michael Barfield

D.C. Bar No.: 1023971
4401A Connecticut Avenue NW, Ste. 169
Washington, DC 20008
917-284-3106
Michael@BarfieldLegal.com

## CERTIFICATE OF SERVICE

I certify that on September 1, 2021, a copy of the foregoing was served via ECF on all counsel for the Defendants, and on counsel for the Plaintiffs, McMahon and Associates. Additionally, copies of the Motion to Withdraw and this Supplement was provided to the Plaintiffs by traditional means.

/s/ Michael Barfield

---

[3] To the extent the court would like an update regarding Plaintiff's efforts in the intervening period, counsel can prepare one or more of the Plaintiffs to be available for a status conference at a future date.