UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIKO PELED**, *et al.*, )  | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | Case No. 1:17-cv-260 (RBW) |
| ) | |
| **BENJAMIN NETANYAHU**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO ECF 84 ORDER**

Plaintiffs, by and through and undersigned counsel, respectfully provide the following response regarding their efforts to obtain new counsel pursuant to this court's September 3, 2021 Order, ECF 84. Undersigned counsel has now had an opportunity to consult with most but not all of the plaintiffs. Every plaintiff with whom counsel has communicated has indicated that he or she does not wish to engage counsel's services going forward. To date the plaintiffs have not engaged new counsel. However, they are awaiting a decision by the Board of Directors of an international human rights nonprofit whether to take their case. Accordingly, the plaintiffs respectfully request an additional 14 days to see if those negotiations are successful before providing a final decision about whether to proceed *pro se*. Undersigned counsel provides some background information below to assist the court in ruling on the plaintiff's request.

The plaintiffs in this case were represented by attorney Martin McMahon from the filing of this suit until his passing in June, 2021. In 2019, Mr. McMahon was ordered by the District Court to obtain interim counsel for his clients while he served a reciprocal 60-day suspension from the practice of law. Pursuant to that Order, Mr. McMahon contacted undersigned counsel, informed counsel McMahon had informed the plaintiffs that he was engaging another attorney to comply with that Order, and that the plaintiffs had assented to counsel's appearance. Undersigned counsel

had no direct representation agreement with the plaintiffs, nor did counsel have contact with the plaintiffs until he became aware of Mr. McMahon's passing in June, 2021.

Thereafter, counsel moved to withdraw for the reasons stated in ECF 81. At a hearing on that Motion on September 2, 2021, the court orally denied the Motion without prejudice for failure to fully comply with LCvR 83.6(c). At that time, and in ECF 84, the court Ordered the plaintiffs to have new counsel enter his or her appearance by October 15, 2021, or indicate that they have decided to proceed *pro se*. Also at the hearing, undersigned counsel informed the court that he had limited contact prior contacts with the plaintiffs, the majority of whom live in occupied and disputed territories within Gaza and the West Bank, and that counsel's efforts to reach them had been less than fruitful.

Since the hearing, undersigned counsel has made efforts to contact every plaintiff in this case.[1] At this time, counsel has spoken directly with five of the seven US plaintiffs, and a sixth has been apprised of the posture of this case through one of the first five. Counsel sent letters to all overseas plaintiffs[2] and is in contact with the overseas plaintiff's overseas counsel.[3] While counsel was unable to speak directly with some of the plaintiffs until this week, all the plaintiffs agree that counsel is not the proper attorney to represent them in this litigation and have either requested that counsel withdraw or indicated that he or she does not wish to engage counsel's services going forward. Counsel has, however, agreed to represent the plaintiffs only for the limited purposes of

---

[1] Mr. McMahon's former assistant provided useful contact information for a handful of plaintiffs in September. Counsel used that information to slowly build the network of plaintiffs for whom counsel had contact information.

[2] International mail to the West Bank and Gaza is notoriously unreliable. *See*, *e.g.*, Megan Specia, *Palestinian Mail Reaches the West Bank, 8 Years Late*, N.Y. TIMES, Aug. 18, 2018, https://www.nytimes.com/2018/08/15/world/middleeast/israel-west-bank-mail.html.

[3] Overseas counsel has signed powers of attorney to represent the overseas plaintiff's interests, and similarly requested the 14 additional days on the overseas plaintiff's behalf.

filing this response, assisting with transferring Mr. McMahon's files to new counsel or the plaintiffs directly, and facilitating/scheduling the case until the plaintiffs retain new counsel or proceed *pro se*. Counsel will be filing a second Motion to Withdraw in full compliance with the local rules in the coming week.

For the past several weeks, a representative for the plaintiffs has been negotiating with the nonprofit referenced above to represent them going forward. Those negotiations culminated with an in-person meeting during the weekend of October 9, 2021. On October 13, undersigned counsel was informed that the organization's Board is going to vote on whether to accept the case.

In these circumstances, it is reasonable and there is good cause for the court to afford the plaintiffs an additional 14 days to inform the court if the nonprofit accepts their case. As the court is aware, litigation involving *pro se* parties is unwieldy and tends to proceed more slowly than when both parties are represented by competent counsel. Competent counsel will greatly simplify communications between the court, plaintiffs, and defendants; will be familiar with court rules and applicable law, thereby preventing unnecessary litigation delay, and ensure the plaintiff's interests are properly represented. A short delay presents little to no prejudice to the defendants, particularly in a circumstance where the pending Motions to Dismiss have been fully briefed since July 2, 2019 and to counsel's knowledge no party expressed concern about the timing of the court's ruling on said Motions until July, 2021, roughly two years later.

Undersigned counsel emailed counsels for the defendants to inquire about their positions on the plaintiff's request for 14 additional days to secure counsel. Defendant Friends of Bet El opposes the plaintiffs request for 14 days and opposes the filing of this pleading. Defendant Kushner Family Foundation does not consent to additional time for the plaintiffs to obtain new counsel. No other defendant has responded as of the time of this filing.

WHEREFORE, undersigned counsel respectfully requests that the court accept the instant response and afford the plaintiffs an additional 14 days to determine whether they have obtained new counsel.

Respectfully submitted,

/s/ Michael Barfield
D.C. Bar No.: 1023971
4401A Connecticut Avenue NW, Ste. 169
Washington, DC 20008
917-284-3106
Michael@BarfieldLegal.com

## CERTIFICATE OF SERVICE

I certify that on October 15, 2021, a copy of the foregoing was served via ECF on all counsel for the Defendants.

/s/ Michael Barfield
