<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA</u>

| | |
|---|---|
| **MIKO PELED**, *et al.,* | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
| **v.** | )   Case No. 1:17-cv-260 (RBW) |
| | ) |
| **BENJAMIN NETANYAHU**, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

## **MOTION TO WITHDRAW APPEARANCE AS COUNSEL**

Undersigned counsel respectfully moves pursuant to LCvR 83.6(c) to withdraw counsel's appearance for the plaintiffs in this case.[1] Good cause exists for granting this motion because none of the plaintiffs have retained counsel's services, nor do the plaintiffs wish for undersigned counsel to represent them prospectively. In support of this Motion, counsel states as follows:

1. The plaintiffs retained attorney Martin McMahon to represent them in this case. In 2019, Mr. McMahon was suspended from the practice of law by this court for 60 days. Mr. McMahon contacted undersigned counsel and informed counsel that he had obtained the Plaintiff's consent for undersigned counsel to enter his appearance on their behalf during Mr. McMahon's suspension. Undersigned counsel now knows that Mr. McMahon's representation was false.

2. In the fall of 2020, undersigned counsel suffered serious health issues related to the COVID-19 pandemic, suspended his practice in the District of Columbia, and moved away from the District of Columbia.

3. On June 5, 2021, Mr. McMahon passed away unexpectedly.

---

[1] At a November 3, 2021 status conference, undersigned counsel represented that he would file the instant Motion on November 4, 2021. Complications with International Mail at the local post office required counsel to update the certificate of service to reflect mailing copies of the Motion today, rather than yesterday. Counsel was uncomfortable certifying the mailing prospectively, and accordingly files the Motion today, November 5, 2021.

4. In July, 2021, undersigned counsel became aware that he had failed to withdraw from the case during his health issues in 2020. Counsel promptly moved to withdraw because, *inter alia*, he had no contact with the plaintiffs and the plaintiffs had not retained him to represent them.

5. In August, 2021, undersigned counsel was able to connect with Plaintiff Linda Kateeb. Ms. Kateeb subsequently wrote a letter supporting counsel's withdrawal from the case. ECF. 83.

6. On September 2, 2021, the court held a hearing on counsel's Motion To Withdraw, ECF. 81. At that hearing the court indicated that it had doubts whether the plaintiffs were aware of undersigned counsel's involvement in the case and that counsel should continue to make efforts to contact the plaintiffs. The court denied without prejudice counsel's Motion To Withdraw for failure to strictly comply with LCvR 83.6(c)'s certificate of service requirements.

7. Since that time, counsel has communicated directly with four of the five domestic plaintiffs,[2] sent multiple letters to all foreign plaintiffs, and communicated extensively with the foreign plaintiff's local attorney in Gaza and the West Bank, who was Mr. McMahon's point of contact for all foreign plaintiffs. All of them indicated that Mr. McMahon did not tell them that undersigned counsel was entering his appearance in the case. None of them wish for counsel to represent them prospectively. Instead, they all asked counsel to request additional time for them to search for and negotiate with new counsel, and appear on their behalf at the status conference on November 3, 2021. Counsel agreed to do so *pro bono*, but informed the plaintiffs that he would be unable to continue representing them after the hearing unless he was properly retained to do so, and that he would withdraw from the case at that time in the absence of a formal representation agreement.

---

[2] Previous pleadings filed with the court referenced seven domestic plaintiffs. The files provided to undersigned counsel by Mr. McMahon's former assistant did not reflect the removal of former plaintiffs Linda Mansour and Susan Abulhawa. The correct number of domestic plaintiffs is five.

8. No plaintiff has retained counsel to represent them any further in any capacity. No plaintiff is a corporate entity for which counsel is required by court rule. Any further action taken by undersigned counsel on the plaintiff's behalf would be *ultra vires*.

9. After the November 3, 2021 hearing, undersigned counsel informed the plaintiffs that the court scheduled another status conference for March 4, 2022 at 9:30am. However, no telephone instructions were included in the court's November 3, 2021 Minute Entry. The plaintiffs respectfully request that the dial-in instructions be included in the court's ruling on this Motion. Undersigned counsel will communicate that information to the plaintiffs upon receipt.

10. Pursuant to LCvR 83.6(c), undersigned counsel prepared a mailing to all plaintiffs at their last known addresses. In that mailing, counsel included a copy of the instant Motion and a written notice advising them to obtain other counsel, or to notify the Clerk in writing within seven days of service whether they intend to conduct the case *pro se* or object to counsel's withdrawal. It also included the court's address and phone number. A Certificate of Service listing each plaintiff's last known address is attached hereto.

WHEREFORE, undersigned counsel respectfully requests that the instant Motion be granted and he be permitted to withdraw. The plaintiffs respectfully request that the court's ruling on the instant Motion contain dial-in instructions for the March 4, 2022 hearing.

Respectfully submitted,

/s/ Michael Barfield

D.C. Bar No.: 1023971
4401A Connecticut Avenue NW, Ste. 169
Washington, DC 20008
917-284-3106
Michael@BarfieldLegal.com