IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MIKO PELED, *et al.* | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:17-cv-260 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN NETANYAHU, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT AMERICAN FRIENDS OF BET EL INSTITUTIONS'
OPPOSITION TO PLAINTIFF KHATIB'S MOTION
TO CONTINUE MARCH 4, 2022 STATUS HEARING**

On March 1, 2022, Plaintiff Linda Khatib,[1] through counsel, filed a motion

[ECF# 92] to continue the March 4, 2022 status conference in this case that was

scheduled by Order almost four (4) months ago on November 9, 2021 [ECF# 88].

Defendant American Friends of Bet El Institutions adamantly opposes this

motion.  As and for grounds for Defendants' opposition to this latest in a long line of

---

[1]  It is assumed for purposes of this Opposition, that the person referred to in this most recent filing as "Linda Khatib" [ECF# 92] is the same person listed as "Linda Kateeb" at all earlier times in this case, including on the docket sheet, in her pleadings, and in her own handwriting in a letter she sent to this Court on August 30, 2021 [ECF# 83-1].  It is also assumed that this is the same person who served as a plaintiff for Mr. McMahon at least one of the other cases he filed in this District, raising claims of the same nature as those raised in this case, in the same voluminous, scatter-shot manner as in the instant case.  See e.g. *Personal Representative of The Dawabsheh Family, et al. v. Netanyahu, et* al, 1:20-cv-00555-DLF ("Linda Khateeb") (Case dismissed and closed based on the inappropriateness of its voluminous, scatter-shot Complaint and for the failure to effect service on some defendants - See ECF## 62; 77).

motions to stay or continue the case long after all briefing on Defendants' motion to dismiss has been completed, Defendant sets forth the following:

1.    Plaintiff's counsel, a member of this Court's Bar, failed to follow the mandatory provision in LCvR 7(m), that requires counsel for the moving party with respect to a non-dispositive motion to confer with opposing counsel in a good-faith effort to come to an agreement or to narrow differences.  No such effort was made, no attorney for any Defendant was contacted; nor is there any statement in the motion that any such discussion even was attempted. Plaintiff's counsel fails also to advise the Court, as the Rule requires, that the motion is opposed.[2]

2.    Plaintiff's motion is just the latest repeat performance of Plaintiffs' efforts since June 16, 2021, to avoid a ruling on the pending motions to dismiss at all costs.

      Time after time, generally on the eve of a scheduled status conference, the Plaintiffs have asked for an extended stay or continuance and on each occasion, they have assured the Court that they are in negotiations with counsel, have found counsel, counsel is just getting up to speed on the case or is on the verge of entering an

---

[2] *See e.g., McDowell-Bonner v. District of Columbia*, 668 F. Supp. 2d 124, 127 (D. D.C. 2009) (Walton, J.) (Denying motion for failure to comply with LCvR 7(m) and other rules violations, citing earlier denial of a motion for violation of LCvR 7(m); emphasizing responsibility of admitted counsel to be familiar with the rules).

appearance; yet each time the claim has failed to come true [ECF## 83[3]; 85[4]; 86[5]; 92[6]]

---

[3]  On September 1, 2021, Plaintiffs' counsel filed a special "supplement" to his earlier filings seeking additional time.  That filing was made for the express purpose of requesting an additional 60 days extension of time, specifically based on the representation by this same Plaintiff, "Linda Kateeb" that plaintiffs were in "conversations with multiple human rights organizations and law firms" to represent them in this matter and expected to secure their representation within 60 days.  That was five months ago.  It was filed with a letter from Ms. Kateeb, dated August 30, 2021 to the same effect [ECF# 83-1].

[4]  On October 15, 2021, the Court was told by Plaintiffs' counsel that Plaintiffs just needed a 14 day additional extension, following several weeks of discussions with an "international human rights non-profit" that was voting on whether to take on the case.

[5]  Once again, on November 2, 2021, just when the previously requested period expired and on the eve of another status conference, Plaintiffs' counsel represented to the Court that Plaintiff Susan Abulhawa had just about secured attorney Stanley Cohen to represent her; but that he needed 45 days to review the file before entering his appearance.  Cohen, only back in practice for a short time after his release from prison, was a bit more candid.  He wrote to the Court to support the 45 day extension of time, but wrote that he needed the time in order to decide whether he would take on the case.  He assured the Court that he would also use that time to share the file with others who were interested.  As the Court is aware, that time, like the other extended periods, expired without Cohen or any of the "multiple international human rights organizations" entering the case.

Of course, as the Court might recall, at the status conference held the following day, on November 3, 2021, Plaintiffs' counsel sheepishly withdrew the extension motion on behalf of Ms. Abulhawa, when it was pointed out that, as the docket clearly reflects, Ms. Abulhawa had not actually been a Plaintiff in this case since her withdrawal and termination October 4, 2017, some 4 years earlier [Minute Entry for 11/3/2021; ECF# 50; Minute Order of October 4, 2017, granting the motion to strike Ms. Abulhawa as a Plaintiff, based on a finding of "good cause"].

[6]  In the latest motion, Plaintiff "Linda Khatib" now seeks an additional 30 day extension or a stay of the case until June 1, 2022, on top of the 60 days she sought 5 months ago, notwithstanding the fact that she now has a lawyer.  Her reason for the

3.      Counsel for Mr. Khatib has now entered his appearance with his March 1, 2022 motion.  He has not provided any reason why he cannot appear at the March 4, 2022 status conference.

4.      This case has seen multiple lawyers enter their appearances for the Plaintiffs in this case and then withdraw, with one after another marked by false assertions and transgressions of the rules of this Court and the Bar's ethical rules.  One theme that has been a constant is that every Plaintiff just wanted Mr. McMahon to represent them.

Well, Mr. McMahon represented all Plaintiffs up until his death.  At the time of his death, the Defendants' motions to dismiss in this case had been fully briefed and had been before the Court for a decision since July 2, 2019, approximately two years [*See* ECF## 55, 58-60, 62-64, 67, 70, 71].

The responses to those motions were all briefed by the Plaintiffs' counsel of

---

request, the Court is told is that, once again, other Plaintiffs are "in the process of entering into representation agreements ...." [ECF# 92 at 2].

There are no statements from any of the non-admitted attorneys who purportedly are preparing to enter the case nor is there any indication as to what unnamed Plaintiffs purportedly are working to retain these lawyers or what "in the process of entering into representation agreements ..." means.  [ECF# 92 at 2]. Yesterday, one defense attorney wrote to Plaintiff's counsel with additional specific questions. Today, in response, counsel for Ms. Khatib identified the potential non-admitted lawyers and provided no further responsive information, other than to write that he failed to follow LCvR 7(m) because he was in a hurry and he understood the conference was likely to be continued anyway.

choice, Mr. McMahon.  Yet, Plaintiffs have sought to delay any progress forward in this case on occasion after occasion.  There is no reason for any further delay.  All Plaintiffs have their positions preserved in Mr. McMahon's opposition to the pending motions and the motions are all ripe to be decided, having been fully briefed long ago.

5.  The Plaintiffs' allegations in this case raise outrageous, completely meritless screeds, motivated by Plaintiffs' virulent hatred of Israel and all things associated with Israel, and based on a demonstrably false historical narrative.  During this period of delay, Defendants have had these outrageous, false, inflammatory, and bigoted allegations hanging over their heads, when the case should have been dismissed long ago.

With the most recent filings in the case, Defendants have had to endure vile, unveiled, bigoted, antisemitic rhetoric in two filings by Plaintiff Dudar [ECF## 89 & 91].  Enough is more than enough at this point.

## Conclusion

At the most recent conference with all parties last November, the Court apologized for not having decided the outstanding motions to dismiss, explaining that an administrative error had temporarily taken the Court's attention away from them.  The Court set a status conference four months in the future, to March 4, 2022, which

the Court identified as a "target date" for having the motions to dismiss that have been fully briefed since July 2, 2019 finally resolved.

There is no fair basis for granting Ms. Khatib's second motion for an even further extension of time in this case. It is respectfully requested that the Motion to Continue [ECF# 92] be denied, based on the foregoing and the record in this case.

Respectfully Submitted,

 /s/ David I. Schoen
David I. Schoen
(DC Bar No. 391408)
Counsel for Defendant American Friends of Bet El Institutions

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of March, 2022, I caused the foregoing to be served on all counsel of record, by filing the same through this Court's ECF system.

 /s/ David I. Schoen
David I. Schoen
(DC Bar No. 391408)

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: 334-395-6611
E-Fax: 917-591-7586
E-Mail: DSchoen593@aol.com; Schoenlawfirm@gmail.com

The American Center for Law And Justice
201 Maryland Avenue, N.E.
Washington, DC 20002
Telephone:  (202) 546-8890
Facsimile:  (202) 546-5309

Counsel for Defendant American Friends of Bet El Institutions

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MIKO PELED, *et al.* | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:17-cv-260 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN NETANYAHU, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

After a full consideration of Plaintiff Linda Khatib's Motion to Continue

Status Hearing Set for March 4, 2022 and the Defendant's Opposition

thereto, it is hereby **ORDERED** that the Motion is Denied.

**SO ORDERED** this _____ day of March, 2022.


REGGIE B. WALTON
United States District Judge