IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIKO PELED, et al.,
Plaintiffs,

vs.

Case No. 1:17-cv-260 (RBW)

BENJAMIN NETANYAHU, et al.,
Defendants.

## MOTION FOR A CONFERENCE CALL WITH THE COURT

Undersigned counsel requests that this Court set a conference call with attorneys for Plaintiffs and Defendants and further states:

1.  The original Plaintiffs' attorney who filed this case, Martin F. McMahon, died on June 5, 2021. There was no co-counsel for Plaintiffs until Attorney Michael Barfield entered his Appearance, apparently as a result of McMahon's suspension from practice. This Court may take notice of Doc. 87 in this case, a Motion to Withdraw filed by Barfield, (hereafter "Barfield Motion"), at 1, ¶3, in which Barfield recounted his experiences in the case between his 2019 Appearance and this Court's Order (Doc. 88) of November 9, 2021, allowing him to withdraw.

2.  Barfield stated that McMahon falsely stated to him that McMahon "had obtained the Plaintiff's [sic] consent for undersigned counsel to enter his appearance on their behalf during Mr. McMahon's suspension." Barfield Motion, at 1, ¶1.

3.  A group of volunteer attorneys, who were not involved in the original litigation conducted by McMahon, in January, 2022 assembled to assess the status of the case, to determine what steps were necessary to protect the interests of the Plaintiffs and, once the assessments and determinations were completed, to identify substitute counsel who would appear and represent Plaintiffs in this litigation.

1

4. For reasons not entirely clear, it appears from a preliminary review by the volunteer attorneys that Barfield was unable to or did not contact all Plaintiffs. Difficulties in communication may have occurred because some Plaintiffs live in the Occupied Territories of Gaza, the West Bank, and Jerusalem controlled by the Israeli government (collectively "Mideast residents") where privileged communication is difficult, and Barfield practiced in the District of Columbia.

5. The volunteer attorneys are presently attempting to organize and evaluate the files of Attorney McMahon pertaining to the Plaintiffs, most of which were obtained in late March. It appears that Attorney McMahon's firm has dissolved, as evidenced in part by Internet web pages which are no longer functioning. It is possible that obtaining additional records will require an Order from this Court or from another forum.

6. One attorney, Jonathon Kuttab, who is a member of the Bar in Israel and Palestine, as well as New York, and is an Arabic speaker, has been able to contact some Plaintiffs who are Mideast residents and who stated that they were unaware of Attorney McMahon's death. Mr. Kuttab has also asked a colleague in the West Bank to undertake vigorous efforts to assist in communicating with the Mideast residents, inform them of the status of their case, and ask whether they choose to continue with another attorney, proceed *pro se*, or abandon their claims altogether.

7. Also now working with the volunteer attorneys is Susan Abulhawa, who applied for reinstatement in this case on February 24, 2022. Ms. Abulhawa resides in the United States, and is an Arabic speaker. She is participating in the effort to communicate with other Plaintiffs. On April 8, 2022, Kent Hull applied for admission *pro hac vice* to represent Ms. Abulhawa in this case. His motion for admission *pro hac vice* was granted by this Court on April 12, 2022.

8. While the present case pended, the United States Court of Appeals for the District of Columbia held that the issue of whether Israeli settlers committed genocide of Palestinian residents in specified geographical areas was justiciable and remanded for further proceedings to Judge Chutkan of this Court. *Al-Tamimi v. Adelson*, 916 F.3d 1, 21 (D.C. Cir. 2019).

9. Based on *Al-Tamimi* and other authorities, the volunteer attorneys have concluded that Plaintiffs have stated claims upon which this Court may grant relief. They will advise Plaintiffs to seek leave from this Court to file a Second Amended Complaint which better complies with the Federal Rules of Civil Procedure than does the current First Amended Complaint (Doc. 18).

10. An urgent matter is the need to locate and communicate with the Plaintiffs originally represented by McMahon. While initial efforts have reached some Plaintiffs and the participation of a law firm located in the Mideast should expedite communication, the need to review the McMahon files causes uncertainty about the time needed.

11. The volunteer lawyers who have appeared or are in the process of appearing are:

    a. Samer Khalaf, Arab-American Anti-Discrimination Committee, Washington, D.C.;

    b. Samuel Jarjour, Fort Wayne, IN;

    c. Kent Hull, South Bend, IN;

    d. Jonathan Kuttab, Jerusalem and New York, NY;

    e. Stanley Cohen & Associates, 79 Blackberry Lake Road, P.O. Box 629, Jeffersonville, NY, who will seek leave to enter his appearance on behalf of a Palestine-based Plaintiff;

    f. Amith Gupta, American Trial Law Litigators, LLC, Atlanta, GA; and

    g. Randolph Darr, San Francisco, CA.

12. The aforementioned attorneys are willing to appear and represent Plaintiffs without seeking retainers from Plaintiffs. They are currently seeking either general admission or permission to appear before this Court *pro hac vice.*

Wherefore, for these reasons the undersigned requests that this Court set a telephone conference to consider the further progress of this case.

Respectfully submitted,

/s/ Samuel W. Jarjour
Samuel W. Jarjour (Bar No. IN0012)
7824 Coldwater Road
Fort Wayne, IN 46825
Telephone: (260) 420-2333
Facsimile: (260) 420-2335
Email: sam@jarjourlaw.com
*Counsel for Plaintiff Linda Kateeb*

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 12, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

/s/ Samuel W. Jarjour
Samuel W. Jarjour
