IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MIKO PELED, *et al.* | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:17-cv-260 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN NETANYAHU, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE RE: STATUS CONFERENCE OF JUNE 17, 2022

Defendant American Friends of Bet El Institutions respectfully submits this notice to bring to the Court's attention record facts relevant to today's telephonic status conference. The undersigned wanted an opportunity to consult the docket sheet prior to this filing to confirm all facts and now has done so.

As the Court will recall, during today's telephonic status hearing, counsel for the Plaintiffs urged the Court to permit Plaintiffs to file another amended complaint in this action, for the primary reason that the legal landscape purportedly has changed dramatically since Mr. McMahon's death, in a way that supports the Plaintiffs' opposition to the motion to dismiss and opens up new claims for the Plaintiffs that they should be able to bring through yet another amended complaint, now over five years after the case was filed [ECF# 1], five years after their earlier amended complaint was filed [ECF# 18], and three years after the motions to dismiss have been fully briefed.

Plaintiffs' counsel specifically directed the Court's attention to the United States Supreme Court's decision in *Nestle USA, Inc. V. Doe I*, –U.S.–, 141 S.Ct. 1931, 210 L.Ed. 2d 207 (June 17, 2021) as the new development that has purportedly enhanced the Plaintiffs' position and that should permit the new claims.

Ultimately, based on Plaintiffs' counsel's representations regarding the decision in *Nestle*, the Court granted Plaintiffs leave to file a supplement to the briefs that have been fully ripe for decision for the past three years, in order to demonstrate to the Court why the decision in *Nestle* materially changed the legal landscape. In addition, the Court gave leave to the Plaintiffs to propose amending the complaint yet again, in light of *Nestle.*

The Court might recall that during the previous status hearing with this new group of Plaintiffs' lawyers, held on May 17, 2022, they argued that they should be able to file another amended complaint and/or file a new brief in this case because of what they asserted was the intervening decision in the related case of *Al-Tamimi v. Adelson*, 916 F.3d 1 (D.C. Cir. 2019). Of course, the problem with that argument, as the undersigned pointed out during that status hearing, was that the parties in this case already fully briefed a whole second round of motions to dismiss following the decision in *Al-Tamimi*, and specifically for the purpose of addressing it. [See e.g. ECF## 55, 58, 59, 60, 62, 63, 64, 67, 70, 71].

So, in today's status hearing, counsel for the Plaintiffs claimed it actually is the

2

decision in *Nestle* that requires another amended complaint and new briefing. But there is a problem with that argument as well.

On June 23, 2021, a year ago, the undersigned filed a Notice of Supplemental Authority, providing the Court with a copy of the *Nestle* decision and explaining briefly why it actually further supports the pending and fully briefed motions to dismiss [ECF# 77](copy attached). On July 6, 2021, Defendant Kushner Family Foundation filed its own Notice of Supplemental Authority, also relying on the *Nestle* decision [ECF# 79].

Plaintiffs were at that time all represented by counsel, Mr. Barfield, who had entered his general appearance for all Plaintiffs two years earlier, on June 21, 2019 [ECF# 68], and had been counsel for the Plaintiffs ever since. Indeed, as disclosed in an earlier pleading in this case opposing Mr. Barfield's withdrawal, Mr. Barfield entered his appearance in this case and in the related *Al-Tamimi* case (which has overlapping Plaintiffs) and expressly represented to defense counsel that he was brought into the case because he was a "litigator" and "primarily to respond to the various motions to dismiss." [See ECF# 82 at 8-9]. Mr. Barfield was counsel of record for all Plaintiffs in this case until the Court permitted his withdrawal on November 9, 2021 [ECF# 88], well over four months after the *Nestle* decision was handed down and the Notices of Supplemental Authority were filed. He was fully informed of the *Nestle* decision and had every opportunity to address it.

3

Mr. Barfield's initial motion to withdraw was denied on September 3, 2021 [ECF# 84] and Mr. Barfield was fully responsible for the litigation of this case for all Plaintiffs until his withdrawal months later - and, again, he was, by his own account, expressly brought in by Mr. McMahon to address the motion to dismiss issues.

In short, the true facts are that the decision in *Nestle* is a matter which was brought to the Court's attention and to Plaintiffs' attention a year ago when it came out and Plaintiffs, represented by counsel at all relevant times, had every opportunity, after receiving two notices, to address any impact they believed the decision had on their position with respect to the motions to dismiss, that by then had been fully briefed for approximately two years.

Whether or not this changes the Court's decision to allow Plaintiffs to further delay this matter at great cost in resources to the Defendants, the undersigned thought it important, in any event, for the Court to have an accurate picture of the relevant facts as confirmed by the docket sheet.

Respectfully Submitted,

 /s/ David I. Schoen
David I. Schoen
(DC Bar No. 391408)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 17th day of June, 2022, I caused the foregoing

to be served on all counsel of record, by filing the same through this Court's ECF

system.

 /s/ David I. Schoen
David I. Schoen
(DC Bar No. 391408)

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: 334-395-6611
E-Fax: 917-591-7586
E-Mail: DSchoen593@aol.com; Schoenlawfirm@gmail.com
Counsel for Defendant American Friends of Bet El Institutions