## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

MIKO PELED, et. al.,

     *Plaintiffs*

    v.

                                    **CIVIL ACTION
NO. 1:17-cv-00260 (RBW)**

BENJAMIN NETANYAHU, et. al.,

     *Defendants*

### <u>RESPONSE TO DEFENDANT'S NOTICE</u>

      Attorneys for represented Plaintiffs hereby file this response to Defendants'
"Notice Re: Status Conference of June 17, 2022" to the Court (ECF Dkt. 110).
Defendants argue that because they have filed a previous supplemental briefing on
the relevance of the Supreme Court's decision in <u>Nestle v. Doe I</u>, 141 S. Ct. 1931
(2021), that this Court's order extending thirty days to Plaintiffs to provide
supplemental briefing along with an amended complaint (ECF Dkt. 109) might be
called into question. For the reasons below, we believe that this Court's order is
adequate and should remain in place.

1

**1) Defendants should have raised this argument during the call.**

As an initial matter, we note that Defendants had ample opportunity raise this concern <u>during</u> the June 17, 2022 conference call itself. They did not. In our view, the Notice is an unfair post-hoc attempt to call into question this Court's order, and as a result, has forced attorneys for Plaintiffs to redirect whatever limited time and resources are available to us to address Defendant's Notice instead of filing substantive supplemental pleadings. For this reason alone, we believe the Court should disregard Defendants' Notice.

**2) Michael Barfield's representation did not provide an opportunity to address <u>Nestle</u>.**

As stated during the June 17, 2022 Conference Call, Plaintiffs' prior counsel, Martin McMahon, died less than two weeks before the Supreme Court's ruling in <u>Nestle</u>. But according to Defendants' Notice, because Mr. Michael Barfield had entered an appearance on behalf of all Plaintiffs and was "brought in to address motion to dismiss issues" in different litigation involving some of the same Plaintiffs (the <u>Tamimi</u> case), Plaintiffs were adequately represented at the time and could have addressed the arguments in Defendants' supplemental pleadings regarding Nestle. ECF Dkt. 110 at 3-4.

This is plainly incorrect. The Court has already received extensive briefings and back-and-forth motions on the nature of Mr. Barfield's representation in this Court following his motion to withdraw, specifically including:

A) That he was given false representations by prior counsel of Plaintiffs' consent to his representation, ECF Dkt. 87 at ¶1, ¶7;

B) That he believed he was representing the Plaintiffs only for a sixty-day period during which Mr. McMahon had been suspended from the practice of law, ECF Dkt. 81 at 1, 3 and ECF Dkt. 87 at ¶1;

C) That his involvement was secondary to Mr. McMahon's and, therefore, entirely dependent on Mr. McMahon being alive, ECF Dkt. 81 at 2 (stating that Mr. Barfield would simply file pleadings drafted by Mr. McMahon); and at note 1 (indicating that Mr. Barfield meant to appear only on a limited or special basis); see also ECF Dkt. 85 at 8 (Defense motion citing Mr. Barfield's alleged comments to defense counsel via telephone that Mr. McMahon "steers the ship");

D) That he had never been in contact with Plaintiffs; ECF Dkt. 81 at 2, 4, and ECF Dkt. 87 at ¶4, ¶6;

E) That upon contacting Plaintiffs, Plaintiffs affirmed that they had no interest in his representation and sought different counsel, ECF Dkt. 81 at 6, ECF Dkt. 83, ECF Dkt. 85, and ECF Dkt. 87 at ¶7;

F) That he did not have the requisite knowledge and skill to competently represent Plaintiffs himself, ECF Dkt. 81 at 4-6;

G) And that he had suspended his practice and moved away from D.C. in 2020 due to health issues resulting from the COVID-19 pandemic and was no longer practicably able to represent clients, ECF Dkt. 81 at 5, and ECF Dkt. 87 at ¶2.

Defendants already previously objected to Mr. Barfield's withdrawal and instead argued that the case should be dismissed. ECF Dkt. 82. This Court rejected their contention and instead approved Mr. Barfield's withdrawal while providing Plaintiffs time to obtain new counsel. ECF Dkt. 88.

There is no reason to re-litigate this matter: Mr. Barfield was not competent to represent Plaintiffs' interests on his own, never had any intention of doing so, never had their consent to do so, and sought withdrawal from the case only a week after the final of two supplemental pleadings from Defendants regarding Nestle. In permitting Plaintiffs time to find new counsel, this Court was plainly permitting Plaintiffs to find someone more qualified and competent and, crucially – someone

whose representation they actually consented to – to respond to Defendants'

pleadings, including supplemental pleadings about Nestle. There is no reason for

that conclusion, or, by extension this Court's Order following the June 17, 2022

teleconference, to be called into question: the Court's Order on Mr. Barfield's

motion to withdraw, ECF Dkt. 88, was precisely for the purpose of ensuring that

Plaintiffs could find new counsel to address these matters, recognizing that prior

counsel was in no position to do so by authorizing his withdrawal.

**3) Defendants' Notice ignores other reasons for the extension and need for amendment**.

While the change in law from Nestle was certainly one reason for which an

extension and amendment was justified, Plaintiffs' counsel brought up several

other reasons in conjunction. As mentioned during the call, an amended complaint

is appropriate because Mr. McMahon's death deprives current counsel of any way

to discern proper case strategy. Aside from significant changes to governing law as

a result of Nestle, the existing complaint includes many allegations whose precise

relevance and strategic significance we will never know: the man who wrote it is

dead.

Furthermore, the reason Plaintiffs' counsel could not file responses to

Defendants' supplemental pleadings or move for an amended complaint sooner are

also important. Mr. McMahon's death cut off the primary point of contact between

Plaintiffs and any of the other individuals affiliated in any capacity with the case. The process of not only finding replacement counsel who are competent but also have the consent of Plaintiffs, many of whom live in one of two besieged enclaves with limited access to electricity, has been nightmarish.

Defendants' disregard for the obvious obstacles created by Mr. McMahon's death as evinced by their insinuation that the changes in case law are the only justifications for an extension should not fool the Court. Plaintiffs counsel have worked diligently to break through the obstacles in communication and representation created by prior counsel's death. A one month extension to address remaining legal issues and argue our case for an amended complaint after finally being able to contact Plaintiffs, obtain their consent for representation, and ensure they have competent legal counsel is entirely appropriate and reasonable.

## **CONCLUSION**

Since the start of this litigation, we have counted some thirteen times[1] that Defendants have requested extensions of time. Plaintiffs' requests for a month of time to address remaining legal contentions and argue our case for amending a complaint – some of which we have now been forced to sacrifice to address

---

1   While this count might not be exhaustive, counsel refers at least to ECF Dkts. 6, 12, 16, 17, 22, 25, 28, 44, 47, 51, 57, 65, and 66.

Defendants' ill-timed post-hoc Notice -- is entirely reasonable. This Court should

not rethink its Order.

Respectfully submitted this 20th Day of June,

<div style="margin-left:40%">

/s/ Amith Gupta
Amith Gupta, Counsel for Plaintiffs
American Trial Law Litigators, LLC
925B Peachtree St. NE, Unit 2151
Atlanta, GA 30309
Tel: (408) 355-5782
amithrgupta+law@gmail.com


/s/ Samuel W. Jarjour
Samuel W. Jarjour (Bar No. IN0012),
Counsel for Plaintiffs
7824 Coldwater Road
Fort Wayne, IN 46825
Telephone: (260) 420-2333
Facsimile: (260) 420-2335
Email: sam@jarjourlaw.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2022, I electronically filed the foregoing

RESPONSE TO DEFENDANTS' NOTICE with the Clerk of Court by using the

CM/ECF system, which will send a notice of electronic filing to all attorneys of

record.

/s/ Amith Gupta
Amith Gupta, Counsel for Plaintiffs
American Trial Law Litigators, LLC
925B Peachtree St. NE, Unit 2151
Atlanta, GA 30309
Tel: (408) 355-5782
amithrgupta+law@gmail.com