IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKO PELED, *et al.* | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:17-cv-260 (RBW) |
| | ) |
| v. | ) |
| | ) |
| BENJAMIN NETANYAHU, et al. | ) |
| | ) |
| Defendants. | ) |

### REPLY TO RESPONSE TO DEFENDANT'S NOTICE RE: STATUS CONFERENCE OF JUNE 17, 2022

On June 17, 2022, following a status conference in this case, Defendant American Friends of Bet El Institutions filed a Notice to bring to the Court's attention some relevant facts that rather clearly undercut the latest iteration of reasons offered by Plaintiffs' counsel during the telephonic hearing, as to why they should be given an extraordinary period of delay yet again, and be permitted to file an all new Second Amended Complaint in this case, five years after the previous Amended Complaint was filed and three years after motions to dismiss, raising fundamental jurisdictional grounds, among others, have been fully briefed and ripe for decision [ECF# 110].

The Defendant expressly chose not to ask the Court to modify its Order granting Plaintiffs thirty more days to file a supplement to the pending briefs, to address the decision in *Nestle USA, Inc. v. Doe I,* –U.S.–, 141 S.Ct. 1931, 210 L.Ed. 2d 207 (June 17, 2021); rather the Defendant simply brought to the Court's attention

the indisputable fact that the new "development in the law" reflected in the decision in *Nestle USA, Inc.*, already had been brought to the Court's attention a year ago, when it came out and that, contrary to Plaintiffs' counsel's representations at the status conference, the "new development" further supports the Defendants' position in the motions to dismiss and further undercuts the Plaintiffs' position on the fundamental jurisdictional issues that have been pending for three years. [ECF# 110].

The Notice also pointed out that Plaintiffs' counsel appear to just make it up as they go in offering the Court purported reasons for further delay. So, for example, the Notice pointed out that during the previous status hearing Plaintiffs' counsel claimed that further delay and new briefing was required because of the decision in *Al-Tamimi v. Adelson*, 916 F.3d 1 (D.C. Cir. 2019) - except that even a cursory review of the docket sheet would have made clear to Plaintiffs' counsel that there already had been a full second round of comprehensive briefing on motions to dismiss after the decision in *Al-Tamimi* [ECF# 110].

That, of course, was not an isolated incident, and rather sharply undercuts the repeated refrain from Plaintiffs' counsel as to how diligently they have been using their time since coming on the scene to permit Plaintiffs and the Court finally to have the benefit of such experienced and competent counsel. The Court might recall, for example, the representation during the status hearing by counsel for former Plaintiff Susan Abulhawa, that he had "no idea" why Ms. Abulhawa had been terminated from

2

the case. Such a representation was difficult to reconcile with the assurances of counsel's extraordinary diligence at all times in approaching this case, since the face of the docket sheet clearly shows his client's termination and its date, and the motion filed on her behalf to remove her from the case, readily accessible through PACER, states the exact reason for her termination, some four and a half years earlier (October 4, 2017) [ECF# 50].

Indeed, simply reading the relevant pleading to which the termination notice on the face of the docket sheet would have directed diligent counsel, would have advised counsel not just that the client had been terminated as a Plaintiff in this case four and a half years ago (October 4, 2017) on her own motion, but that the motion asked the Court to permit her withdrawal on "good cause" and included a Proposed Order finding "good cause" for the termination, which the Court, indeed, found [ECF# 50; Minute Order of October 4, 2017]. It is not too much to ask for counsel to at least go through the docket and become familiar with relevant documents before burdening the Court and the Defendants with requests for relief that are undermined by documents previously filed[1] and with requests for further delay.

---

[1] Unfortunately, this level of "diligence" and respect for the Court's Rules and the duty of candor has not been limited to these examples in the time since this new group of lawyers approached the Court about becoming involved. For example, on March 1, 2022, Plaintiffs' counsel filed a motion to continue the then set status hearing date [ECF# 92]. Counsel failed to even attempt to confer with defense counsel prior to filing the motion, as required by LCvR7(m). Plaintiffs' counsel

On June 20, 2022, Plaintiffs chose to file a response to the Notice [ECF# 111].

In their response, Plaintiffs complain that the Notice did not refer to another reason Plaintiffs seek a delay - that because Mr. McMahon is dead they can never know the "precise relevance and strategic significance" of "many allegations" in the Amended Complaint [ECF# 111 at 5]. With all due respect, if after communicating with all of the Plaintiffs, as this Court's Order required, before signing on as counsel, [ECF# 103 at 1, n.1], and after reading the voluminous Amended Complaint, these experienced and diligent attorneys (as they have represented themselves to be), were unable to discern the relevance of allegations in the Amended Complaint, that would seem to support a motion to dismiss by definition, not justify some further delay of that dismissal.

Again, with all due respect, Plaintiffs' counsel's representations that they have had no way to ascertain the reason for allegations or arguments because of McMahon's death are difficult to reconcile with the fact that McMahon did not even

---

attempted to excuse the transgression by advising that he was in a hurry [ECF# 93, n.6]. That excuse was rather sharply undercut not long after. This new crew of experienced and dilgent Plaintiffs' counsel is seeking to enter the related pending case of *Al-Tamimi v. Adelson*, 16-cv-445-TSC in similar fashion. Notwithstanding the failure to follow the local rule in this case, which was highlighted in Defendant's response [ECF# 93], on May 27, 2022 Plaintiffs' counsel filed a motion in *Al-Tamimi*, seeking a conference, like here. Judge Chutkan summarily denied their motion for, once again, failing to even attempt to confer with defense counsel prior to filing [Minute Order of May 27, 2022). Plaintiffs' counsel's conduct would appear to be something other than a function of being in a hurry at this point.

file the Plaintiffs' pleadings on the motions to dismiss. Rather his co-counsel alone, Mr. Cowden, handled the briefing for the Plaintiffs, signing a lengthy and detailed opposition to the motions to dismiss, pursuant to F.R.Civ.P 11, without Mr. McMahon even appearing on the papers [ECF# 64 at 29]. There certainly is nothing in the record to indicate that Mr. Cowden has been unavailable.

In terms of McMahon's death causing further hardship by "cut(ting) off the primary point of contact" with the Plaintiffs, it is not so clear how closely in touch Mr. McMahon had been, since the original Complaint included among the Plaintiffs, parties who actually were not even living at the time (they were later terminated as parties by the Amended Complaint).

Defendant felt obligated as an officer of the Court to being the matters in the Notice and herein discussed to the Court's attention. Defense counsel are fully aware of the schedule the Court set and will endeavor to comply with all dates.

                Respectfully Submitted,

                  /s/ David I. Schoen
                 David I. Schoen
                 (DC Bar No. 391408)

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2022, I caused the foregoing to be served on all counsel of record, by filing the same through this Court's ECF system.

/s/ David I. Schoen
David I. Schoen
(DC Bar No. 391408)

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: 334-395-6611
E-Fax: 917-591-7586
E-Mail: DSchoen593@aol.com; Schoenlawfirm@gmail.com
Counsel for Defendant American Friends of Bet El Institutions