IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKO PELED, *et al.* | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:17-cv-260 (RBW) |
| | ) |
| v. | ) |
| | ) |
| BENJAMIN NETANYAHU, et al. | ) |
| | ) |
| Defendants. | ) |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' NOTICE
OF SUPPLEMENTAL AUTHORITY**

On June 23, 2021, Defendant American Friends of Bet El Institutions ("AFBEI") submitted a Notice of Supplemental Authority, bringing to the Court's attention to the decision by the United States Supreme Court in *Nestle USA, Inc. v. Doe I*, – U.S. –, 141 S. Ct. 1931, 210 L. Ed 2d 207, 2021 U.S. LEXIS 3120; 2021 WL 2459254 (June 17, 2021). [ECC# 77]. That decision was brought to the Court's attention because it is directly relevant to and provides compelling support for the Defendants' arguments in support of their long-outstanding motions to dismiss the Amended Complaint, pending and fully briefed since July 2019.[1]

---

[1] Because a motion to dismiss the original complaint previously had been submitted by the Defendants, this motion was actually the second motion to dismiss that Defendants had submitted. Now that Plaintiffs once again apparently are seeking to submit a meritless Second Amended Complaint, rather than having the Court finally rule on the motions to dismiss that have been fully briefed for over three years, it is possible the Defendants would be forced, if the Court entertains Plaintiffs' application, to prepare yet a third motion to dismiss.

The decision in *Nestle* unequivocally and indisputably provides further support for the Defendants' motions to dismiss, particularly with respect to the Defendants' arguments that dismissal is required under Rule 12(b)(1), based on a lack of subject-matter jurisdiction, where, as here, the focus or gravamen of the conduct and injury alleged is based on extraterritorial activity. [See e.g. ECF## 34-1 at 6-7; 58-4 at 27-31; 67 at 10-13; 70 at 11-13; 71, adopting other briefs].

On July 18, 2022, those Plaintiffs in this action who are represented by attorney Amith Gupta, filed, through Mr. Gupta, a pleading styled "Supplemental Brief in Support of Plaintiffs' Responses to Defendants' Motions to Dismiss." [ECF# 116]. Rather than filing the narrow pleading for which permission was sought and granted - a response to the Notices of Supplemental Authority - or limiting the submission to a reality-based position as to the impact, if any, of the *Nestle* decision on the pending, fully briefed motions to dismiss, defense counsel filed an 11 page screed, spewing the same false, bigoted, political narrative, based on the same revisionist history that has characterized all previous counseled and *pro se* submissions by the Plaintiffs in this case.  Defendant AFBEI now files its brief reply to the Plaintiffs' submission.[2]

---

[2] Plaintiffs' counsel, Mr. Gupta, has filed a series of random pleadings since entering the case. They are at odds with his own previous filing and with the actual record in the case and violate the Court's express directions during the June 17, 2022 status conference. The most prominent example relates to Mr. Gupta's attempts, in direct contravention of the Court's June 17, 2022 directive, to file a Second Amended Complaint. During the course of the June 17, 2022 status conference, Plaintiffs'

counsel falsely claimed that the decision in *Nestle* supported their position and requested an opportunity for supplemental briefing. They also asked the Court for permission to file a motion for leave to file a Second Amended Complaint. The Court granted leave to file a supplement brief on *Nestle*, but expressly rejected Plaintiffs' counsel's request to file a motion for leave to file a Second Amended Complaint, explaining that the motions to dismiss have been pending a long time and that the Court is inclined to think they should be ruled on first. The Court invited Plaintiffs' counsel to file what they had in mind regarding a Second Amended Complaint as an attachment to their July 18, 2022 supplemental brief on *Nestle* but expressly denied the request to also file a motion for leave to amend. The Court's June 17, 2022 written Order regarding the status conference makes clear that no provision for filing a motion for leave to amend was made during the June 17th status conference. [ECF# 109].

Notwithstanding the foregoing, on July 19, 2022, Mr. Gupta filed a pleading styled "Notice Regarding Amended Complaint" [ECF# 117] in which he advised the Court that he originally had thought any "amendment of the complaint" was to be filed on July 18th, with the supplemental brief, but that following a "discussion among counsel and an analysis of the Court's order," he concluded that a motion to amend was not "due immediately." First of all, there was no "amendment to the complaint" ever authorized or approved either for July 18th or any other date. Secondly, there was no discussion with defense counsel about any such matter. Third, there is nothing in the Court's Order to be "analyzed" that in any way indicates Plaintiffs were given permission to file a motion for leave to amend. In fact, just the opposite was true. Nevertheless, following a second odd "Notice Regarding Amended Complaint" filed by Mr. Gutpa [ECF# 118], on August 8, 2022, on behalf of his client, Plaintiff, Linda Kateeb, Mr. Gupta just randomly filed a motion for leave to file a Second Amended Complaint, [ECF# 120], simply ignoring the Court's June 17, 2022 oral directive that such a motion was not to be filed unless and until the Court permitted such a motion to be filed, following a review of the supplemental briefs on *Nestle* and the Court's consideration of the pending, fully briefed motions to dismiss.

Tellingly, Plaintiff Kateeb, who is also a Plaintiff in the similar, related case, *Al-Tamimi v. Adelson*, 16-cv-445-TSC, tried a similar tactic in that case, requesting a telephonic conference to suggest a new procedure in the case, rather than having the Court deal with the long-outstanding motions to dismiss; but Judge Chutkan rejected the request and made clear that she intends to rule on the motions to dismiss as a

3

Defendant AFBEI will not dignify the Plaintiffs' efforts to advance their false political message through the pleadings in this case by replying to the revisionist "factual" assertions, offered in editorial form to supplement the allegations in the Amended Complaint. Rather this Reply focuses exclusively on the impact of the *Nestle* decision as directed by the Court.

Plaintiffs' response entirely misses the actual holding in *Nestle* and its significance for this case. Like their revisionist "factual" history, their characterization of the decision and its impact on this case bears no relationship to reality. In Plaintiffs' world, *Nestle* is a helpful decision that "concretely establish(es) the viability of Plaintiffs' claims against U.S.-based defendant corporations" (especially when considered "in conjunction with *Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386 (2017)"). [ECF# 116 at 1].[3] Mr. Gupta's assertions are the equivalent of arguing that the decision in *Brown et al. v. Board of Education of Topeka, et al.*, 347 U.S. 483 (1954) "concretely establishes" the "viability" of the "separate but equal"

---

matter of first course. [See ECF# 216 in *Al-Tamimi*].

[3] The decision in *Jesner* was, of course, discussed at some length in the briefs in support of the motions to dismiss and completely undercuts, rather than supports, the Plaintiffs' claims. [See e.g., ECF## 67 at 1-2, 13-14; 70 at 2, 12-13]. No further reference to *Jesner* is required for the limited intended purpose of the matter now before the Court.

doctrine. In reality, *Nestle* (and *Jesner*) fully and emphatically supports the Defendants' motions to dismiss under Rule 12(b)(1), for lack of subject-matter jurisdiction.

The Plaintiffs' 11 page response misses the central holding of *Nestle* - where (as in the instant case) the "focus" or gravamen of the conduct complained of, and the alleged harm to the Plaintiffs, occurs overseas, this Court has no subject-matter jurisdiction over the claims. *Nestle*, 141 S. Ct. at 1937; *see also, Jam v. Int'l Fin. Corp.*, 3 F.4th 405, 411-412 (D.C. Cir. 2021) (Randolph, J., concurring). Any reasonable reading of the Amended Complaint absolutely must conclude that the focus or gravamen of the conduct and harm alleged occured in Israel, without any question.

In *Nestle*, to a far greater degree than in the instant case, the plaintiffs alleged that "every major operational decision" by Nestle was "made or approved" in the United States and that all "financing decisions originated in the United States" *Nestle*, 143 S. Ct. at 1936. Yet, the Court squarely held that that was insufficient to establish jurisdiction in the United States' courts. The Plaintiffs here, in their response, simply do not seem to recognize the fundamental principle underlying *Nestle's* holding and, instead, spend virtually all of their bigoted narrative on alleged acts and harm occurring outside the United States. [ECF# 116 at 3-10].

To the extent Plaintiffs' try to actually address this fundamental principle from

5

*Nestle*, the outrageous allegations in the Amended Complaint referred to are nothing more than an attempt to break down into individual parts the "financing decisions" held in *Nestle* to be insufficient to confer subject-matter jurisdiction. Perhaps even more fundamental to the motion to dismiss, the allegations are not only implausible; they lack any semblance of a relationship with reality. [ECF# 116 at 10].

The decision in *Nestle* was not necessary for the Defendants' motions to dismiss to prevail; but it unquestionably supports the Defendants' position and provides additional significant support for the dismissal of the Plaintiffs' bigoted, false, revisionist claims against the Defendants.

                                Respectfully Submitted,

                                /s/ David I. Schoen
                                David I. Schoen
                                (DC Bar No. 391408)

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2022, I caused the foregoing to be served on all counsel of record, by filing the same through this Court's ECF system.

      /s/ David I. Schoen
      David I. Schoen
      (DC Bar No. 391408)

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: 334-395-6611
E-Fax: 917-591-7586
E-Mail: DSchoen593@aol.com; Schoenlawfirm@gmail.com
Counsel for Defendant American Friends of Bet El Institutions

BENJAMIN P. SISNEY (DC Bar No. 1044721)
The American Center for Law And Justice
201 Maryland Avenue, N.E.
Washington, DC 20002
Telephone: (202) 546-8890
Facsimile: (202) 546-5309

Counsel for American Friends of Bet El Institutions