IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MIKO PELED, *et al.* | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:17-cv-260 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN NETANYAHU, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO PLAINIFFF'S SUPPLEMENTAL MEMORANDUM TO PLAINTIFF'S PRIOR RESPONSE TO DEFENDANT'S SUPPLEMENTARY AUTHORITY [ECF# 128]**[1]

On September 2, 2022, the Court held a Status Conference and ordered, consistent with the manner of proceeding decided upon by Judge Chutkan in the parallel case of *Al-Tamimi, et al. v. Adelson et al.*, 1:16-cv-455-TSC, that the Court will decide the long-pending motions to dismiss as a matter of first course going forward.

On September 3, 2022, Plaintiff Linda Kateeb filed an unauthorized pleading attempting to submit additional argument outside of the briefing schedule that the Court established. More significantly, as will be explained herein, Plaintiffs'

[1] The docket sheet indicates the pleading is just filed on behalf of Plaintiff Kateeb [See Docket Entry #128]; however, the document itself indicates in places that it is filed on behalf of all plaintiffs and it refers to "Plaintiff's" (singular possessive) and Plaintiffs' (plural possessive) in various places. It is signed by Mr. Gupta, who, along with Mr. Jarjour, purports to represent Ms. Kateeb and all other remaining plaintiffs except Mr. Dudar. [ECF# 128].

submission is premised on demonstrably false representations to the Court by Plaintiffs' counsel Mr. Gupta.

The pleading must be disregarded and the Court should demand an apology and an explanation from Mr. Gutpa for the demonstrably false representations he has made in the pleading, for the indisputable breach of his duty of candor to the Court,[2] and for the shocking revelation that counsel surreptitiously (without notice to the Court or defense counsel and without permission from the Court) recorded the September 2, 2022 teleconference held by the Court. [ECF# 128 at 4, n.2].[3]

**Relevant Background**

As the Court is aware, on June 22, 2021 and July 6, 2021, Defendants filed a

---

[2] See Rule 3.3(a), Rules of Professional Conduct; LCvR 83.15(a).

[3] The undersigned represents to the Court that in 38 years litigating cases in courts around the country, including many telephonic proceedings, the undersigned has never encountered a situation in which counsel for a litigant has surreptitiously recorded an official court proceeding. There was an official court reporter present during this Conference to create an official transcript of the proceeding; so there could be no concern about whether there would be a record of the proceeding. Such conduct clearly is inconsistent with the express prohibition against recording in a federal courtroom. *See e.g.,* LCvR. 83.1(prohibiting the private recording of proceedings in the courtroom); Standing Order 20-17 https://www.dcd.uscourts.gov/sites/dcd/files/COVID-19%20Public%20and%20media%20access%20to%20judicial%20proceedings%20during%20COVID-19%20pandemic.pdf (Prohibiting the recording of telephonic of video conferences); https://www.dcd.uscourts.gov/covid-19-emergency-public-access-teleconference-information-for-judges. (Reminding all who access teleconferences that recording is prohibited).

Notice of Supplemental Authority, bringing to the Court's attention and providing a copy of the June 17, 2021 decision from the United States Supreme Court in *Nestle USA, Inc. v. Doe I*, – U.S. –, 141 S. Ct. 1931, 210 L. Ed. 2d 207 (June 17, 2021), a decision which further supports the Defendants' pending motions to dismiss [ECF## 77; 79].

On June 17, 2022, the Court held a telephonic Conference and gave Plaintiffs permission to file by July 18, 2022, a supplemental brief explaining how the *Nestle* case supposedly supported their opposition to the motions to dismiss [ECF# 109 at 2]. The Court then ordered Defendants to file a reply to that supplemental brief by August 19, 2022. [*Id.*]. Plaintiffs filed their supplemental brief on *Nestle* on July 18, 2022 [ECF# 116] and Defendants filed their reply on August 18, 2022 [ECF# 121].[4]

The *Nestle* decision was discussed at some length during the September 2, 2022 Conference and following that discussion, the Court reaffirmed what it had said at the June 17, 2022 - that it will decide the pending motions to dismiss as a matter

---

[4] Defendant Kushner Family Foundation expressly joined in the reply on August 18, 2022 [ECF# 122]. As was discussed during the September 2, 2022 Conference, Plaintiff Linda Kateeb attempted to file a motion for leave to file a second amended complaint during this period of time as well, contrary to the Court's directions during the June 17, 2022 Conference and filings were made addressing that attempt as well [ECF# 117, 118, 120, 121, notes 1&2, 122, 125, 127]. This was discussed at the September 2, 2022 Conference and the Court concluded, consistent with Judge Chutkan's decision in the parallel case, that the pending motions to dismiss must be decided first.

of first course and, in doing so, will be advised by the parties supplemental filings concerning *Nestle*.

On September 3, 2022, "Plaintiffs" (Plaintiff Kateeb) filed a completely unauthorized additional submission, again purporting to argue, notwithstanding the plain language of the decision and the consensus of legal commentators to the contrary, that *Nestle* supports Plaintiffs' position on the motions to dismiss. [ECF# 128]. Plaintiff Kateeb's submission is not just unauthorized; it is premised on demonstrably false and misleading representations to the Court. In addition, we have learned from Plaintiffs' submission, shockingly, that Plaintiffs' counsel, without the Court's permission and without notice to any party, surreptitiously tape recorded the Court's telephonic Conference. [ECF# 128 at 4, n.2].

**The Premise for Plaintiffs' Unauthorized Supplemental Memorandum is Based on Demonstrably False and Misleading Representations to the Court.**

Plaintiffs' counsel offers two premises to try to justify the unauthorized submission that runs afoul of the schedule the Court set for supplemental briefing on the purported impact of *Nestle*. Both are blatantly and demonstrably false and inexcusable. Each will be addressed below.

1. Plaintiffs' counsel claims that Plaintiff Kateeb is justified in filing this unauthorized additional submission because, he claims, Defendants never provided any "discernible legal argument whatever" in any of their filings on the subject,

despite "numerous opportunities." and because (in bold type) the telephonic Conference held on September 2, 2022, was the first time Defendants cited to the decision in *Jam v. Int'l Fin. Corp*., 3 F.4th 405, 411-412 (D.C. Cir. 2022). [ECF# 128 at 2].

Mr. Gupta's representation to the Court is demonstrably false, as he well knows. First, Defendants did, indeed, provide the Court with legal argument from *Nestle* itself that demonstrates why the decision supports the Defendants' motions to dismiss (the gravamen or focus of the Plaintiffs' claims - that the alleged conduct and the alleged harm is alleged to have occurred overseas, with far less relevant conduct in the U.S. alleged in the instant case than in *Nestle* - supports the dismissal) See e.g., ECF## 77; 121 at 5-6]. It is a clear and simple matter that *Nestle* unequivocally supports the Defendants' motions to dismiss in this case and no extended analysis based on *Nestle* is required.[5]

More to the point, however, in light of Mr. Gupta's demonstrably false claim

---

[5] See commentary, for example at: https://www.justsecurity.org/77012/the-surprisingly-broad-implications-of-nestle-usa-inc-v-doe-for-human-rights-litigation-and-extraterritoriality/ (Broad implications of *Nestle*, limiting ATS actions); https://www.ejiltalk.org/scotus-further-narrows-parent-corporate-liability-under-the-alien-tort-statute-ambiguities-and-evidentiary-thresholds-in-the-june-2021-judgment-in-nestle-usa-inc-v-doe-et-al/ (*Nestle* narrowed liability where "focus" of conduct or harm is overseas, even where U.S. corporation is aware of violations of international law by its offshore component.

that the decision in *Jam* was never mentioned before the September 2, 2022 telephonic Conference, Defendant respectfully directs the Court's attention to ECF# 121 at 5-6. On August 18, 2022, Defendants expressly cited to the decision in *Jam* on this exact point - that under *Nestle*, according to Judge Randolph's concurring opinion in *Jam*, the question for purposes of ATS jurisdiction is whether the "focus" or gravamen of the conduct complained of and the alleged harm to the Plaintiffs occurred overseas - in which case this Court has no subject-matter jurisdiction.

Moreover, this was provided to Mr. Gupta a second time, again on August 18, 2022, over two weeks before the September 2, 2022 telephonic Conference, when Defendant Kushner Family Foundation filed ECF# 121 as an exhibit to its submission advising the Court that it joins in the position set out in ECF# 121. [See ECF# 122-1 at 5-6].

Finally, on this point, there is no question that Mr. Gupta is familiar with ECF# 121. He cites to it in his unauthorized submission and quotes from a different part of it. [ECF# 128 at 2, n.1].

Mr. Gupta's representation to the Court that the September 2, 2022 telephonic Conference was the first time Defendants mentioned the decision in *Jam* and that this, therefore justifies his unauthorized submission, is a blatantly and demonstrably false representation to this Court and it is inexcusable. It certainly does not provide any authorization for the September 3rd submission.

2. The other justification Mr. Gupta posits for the purported justification for his unauthorized filing is demonstrably false, misleading and disingenuous.

Mr. Gupta asserts that he should be able to file his unauthorized submission because Defendants never before mentioned in any filing they made on this subject (specifically referring to ECF## 121, 122, and 125), that a reason for the Court to turn first to the motions to dismiss is that in the parallel case, *Al Tamimi, et al. v. Adelson, et al*, 1:16-cv-445-TSC, Judge Chutkan advised the parties that she will decide the motions to dismiss as a matter of first course. Mr. Gupta's assertion is false.

Defendants expressly advised the Court in the August 18, 2022 submissions that Judge Chutkan had announced that she would decide the motions to dismiss as a matter of first course and she rejected the attempt by the plaintiffs in *Al-Tamimi* to pursue an alternative route. [ECF# 121 at 3, n. 2; ECF# 122-1 at 3, n.2]. Mr. Gupta's assertion to the Court that Defendant only raised Judge Chutkan's action for "the first time" during the September 2, 2022 Conference and that it went "unmentioned in any of their three previous filings" [ECF# 128 at 1], is demonstrably untrue.

But Plaintiffs' counsel's efforts at misleading the Court on this subject are actually far worse than this blatant misrepresentation. The thrust of Mr. Gutpa's attempt to use this phony claim as justification for filing his unauthorized submission is that he did not know anything about the action in *Al-Tamimi*, that he is "not involved" in that case, and that he can only now for the "first available opportunity"

advise the Court that no motions to amend were ever filed in *Al-Tamimi*. [ECF# 128 at 1]. It is hard to know where to start to break this down as a complete sham.

First, while it might be technically true that Mr. Gupta is not counsel of record in *Al-Tamimi*, it is only because he failed to obey Judge Chutkan's Order. On May 27, 2022, and on June 9, 2022, Mr. Gupta filed a motion to appear *pro hac vice* in *Al-Tamimi* to represent Plaintiff Linda Kateeb, the same Plaintiff he represents in the instant case and on whose behalf he has filed this unauthorized submission in the instant case [See ECF## 203; 212 in *Al-Tamimi*; Docket Entry 128 in *Peled*]. But on July 22, 2022, Judge Chutkan denied Mr. Gupta's motions to appear *pro hac vice*, based on his failure to obey her June 29, 2022 Order directing him to identify which plaintiff(s) he represented in the case. [July 22, 2022 Minute Order in *Al-Tamimi*].

Even more to the point, however, his co-counsel in the instant case, Mr. Jarjour, who represented to the Court during the September 2, 2022 Conference that he represents all remaining Plaintiffs in the instant case with Mr. Gupta, including Plaintiff Linda Kateeb, actually is "involved" in the *Al-Tamimi* case. In fact, he represents Ms. Kateeb in both the instant case and in *Al-Tamimi* and it is Mr. Jarjour who filed Mr. Gupta's *pro hac vice* motion to represent Ms. Kateeb in *Al-Tamimi* [ECF# 203 in *Al-Tamimi*].

Mr. Jarjour participated in the September 2, 2022 telephonic Conference in the instant case. And at the time of that Conference, Mr. Jarjour, Mr. Gupta's co-counsel

for Plaintiff Linda Kateeb (and others), certainly was well aware that Judge Chutkan had rejected the idea of even a conference call with Mr. Jarjour and his colleagues to discuss, *inter alia*, a motion to file a second amended complaint in *Al-Tamimi* before she decides the motions to dismiss. The September 2, 2022 Conference certainly was not the first time Plaintiffs' counsel found out that motions to amend had not been filed in the *Al-Tamimi* case [ECF# 128 at 1]. Consider the following:

Linda Kateeb is a plaintiff in both the instant case and in *Al-Tamimi*. Mr. Jarjour represents her in both cases and Mr. Gupta represents her in the instant case with him and sought leave to represent her in *Al-Tamimi* as well. Both Messrs. Gupta and Jarjour were on the September 2, 2022 Conference call in the instant case. At the time of the September 2, 2022, Mr. Jarjour knew every relevant fact regarding what had been filed with Judge Chutkan on the subject and what Judge Chutkan had ruled - because it was Mr. Jarjour, on behalf of Ms. Kateeb, who filed the pleadings trying to get Judge Chutkan to hold a telephonic conference call to try to convince her to take an alternative route, and it was Mr. Jarjour who expressly advised Judge Chutkan that he believed an amended complaint should be filed. He knew exactly what had been filed and what had not and he knew what Judge Chutkan had ordered and he knew it in the context of representing Plaintif Kateeb who now, through Mr. Gupta, Mr. Jarjour's co-counsel, has filed the unqauthorized submission, claiming that the September 2nd telephonic Conference in the instant case was the first time the relevant

facts in Judge Chutkan's case were known. It is unequivocally and demonstrably untrue.

Ms. Kateeb, through Mr. Jarjour, actually wrote to Judge Chutkan three times to ask her to conduct a conference call prior to turning to the motions to dismiss in *Al-Tamimi*, and on each occasion, Ms. Katteeb expressly advised Judge Chutkan that among other reasons the conference call purportedly was required, he had advised his clients that a second amended complaint should be filed in *Al-Tamimi*. [See consolidated Exhibit 1 hereto, which provides the Court with the relevant filings by Mr. Jarjour in *Al-Tamimi* - ECF## 204, 205, 209]. Counsel for Ms. Kateeb certainly knew what was and was not filed in *Al-Tamimi* well before the September 2, 2022 Conference in the instant case.

For example, on May 27, 2022, Mr. Jarjour filed a motion for Ms. Kateeb in *Al-Tamimi* for a conference call to "consider the further progress" of the case [ECF# 204 at 4] and expressly included in that submission a representation to Judge Chutkan that a second amended complaint was needed in that case. [Exh. 1, ECF# 204 at 3]. The motion was denied for Mr. Jarjour's failure to comply with the local rules. [May 27, 2022 Minute Order].

Ms. Kateeb renewed her motion for a conference call on June 1, 2022, again representing to the Court that Mr. Jarjour would be advising the plaintiffs in *Al-Tamimi* that they needed to file a second amended complaint [Exh. 1, ECF# 205 at

3].

Finally, on June 6, 2022, Ms. Kateeb, through Mr. Jarjour, again asked Judge Chutkan to hold a conference call before proceeding further and again referred to the need to file a motion to file another amended complaint. [Exh. 1, ECF# 209 at 3].

Rather than even entertaining a motion for leave to file a second amended complaint in *Al-Tamimi*, on July 22, 2022, Judge Chutkan denied Ms. Kateeb's request for a conference call in favor of first turning to and deciding the long-outstanding motions to dismiss. [See ECF# 216].

It is simply disingenuous for Mr. Gupta to represent to this Court that the first Plaintiffs heard that Judge Chutkan had denied the request for a conference call and the idea of first allowing a second amended complaint, and instead had decided that the motions to dismiss must be decided first, was during the September 2, 2022 Conference in the instant case. And it certainly was not the first time Ms. Kateeb or her lawyers learned that no motion to amend had been filed in *Al-Tamimi*. [ECF# 128 at 1]. It is his client and his co-counsel in the instant case whose requests were rejected by Judge Chutkan in a written Order. [ECF# 216 in *Al-Tamimi*].

The unauthorized September 3, 2022 submission should be disregarded entirely and Defendants respectfully urge the Court to send a strong message to Plaintiffs' counsel that this conduct will not be tolerated. It undermines the integrity of the process.

Respectfully Submitted,

/s/ David I. Schoen
David I. Schoen
(DC Bar No. 391408)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of August, 2022, I caused the foregoing to be served on all counsel of record, by filing the same through this Court's ECF system.

/s/ David I. Schoen
David I. Schoen
(DC Bar No. 391408)

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: 334-395-6611
E-Fax: 917-591-7586
E-Mail: DSchoen593@aol.com; Schoenlawfirm@gmail.com

BENJAMIN P. SISNEY (DC Bar No. 1044721)
The American Center for Law And Justice
201 Maryland Avenue, N.E.
Washington, DC 20002
Telephone: (202) 546-8890
Facsimile: (202) 546-5309

Counsel for American Friends of Bet El Institutions