**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BASSEM AL-TAMIMI, *et al.*,  )
                             )
       Plaintiffs,           )
                             )    Case No. 16-cv-0445 (TSC)
   v.                        )
                             )
SHELDON ADELSON, *et al.*,   )
                             )
   and                       )
                             )
UNITED STATES OF AMERICA,    )
                             )
       Defendants.           )
_____)

## MOTION FOR A CONFERENCE CALL WITH THE COURT

Undersigned counsel request that this Court set a conference call with attorneys for Plaintiffs and Defendants and further states:

1. Pursuant to Order of this Court dated January 26, 2022 (EFC 194) Plaintiffs have until June 1, 2022, to notify the court whether they will seek representation by substitute counsel or continue this lawsuit representing themselves *pro se* or abandon the lawsuit altogether.

**BACKGROUND**

2. On June 3, 2016, William Jameson Fox entered his Appearance via *pro hac vice* in this case as an attorney for Martin F. McMahon and Associates representing Plaintiffs. (ECF 41)

3. On June 30, 2021, Fox filed a motion to withdraw as counsel, stating that he left the McMahon & Associates law firm in June 2016, shortly after appearing *pro hac vice*, and

"inadvertently failed to withdraw from this matter at that time." ECF No. 185, Fox. Mot. to Withdraw. Fox further stated that he moved to Colorado and changed his legal practice such that he no longer has the requisite legal knowledge or capacity to represent Plaintiffs. *Id.* On July 20, 2021, the court granted Fox's motion to withdraw Min. Order (July 20, 2021).

4. On July 1, 2021, Alfred Scanlan entered his appearance in a limited capacity in this case, due to the passing of Martin McMahon.

5. On July 13, 2021, Alfred Scanlan filed a notice withdrawing his appearance. ECF No. 190. As a result, Plaintiffs are now without counsel.

**UPDATE OF STATUS**

6. A group of volunteer attorneys, who were not involved in the original litigation conducted by McMahon, in January, 2022 assembled to assess the status of the case, to determine what steps were necessary to protect the interests of the Plaintiffs and, once the assessments and determinations were complete, to identify substitute counsel who would appear and represent Plaintiffs in this litigation.

7. Difficulties in communication have occurred because some Plaintiffs live in the Occupied Territories of Gaza, the West Bank, and Jerusalem controlled by the Israeli government (collectively "Palestine residents") where privileged communication is difficult.

8. The volunteer attorneys are presently attempting to organize and evaluate the files of Attorney McMahon pertaining to the Plaintiffs, most of which were obtained in late March. It appears that Attorney McMahon's firm has dissolved, as evidenced in part by Internet web pages which are no longer functioning. It is possible that obtaining additional records will require an Order from this Court or from another forum.

9. One attorney, Jonathon Kuttab, who is a member of the Bar in Israel and Palestine, as well as New York, and is an Arabic speaker, has been able to contact some Plaintiffs who are Palestine residents and who stated that they were unaware of Attorney McMahon's death. Mr. Kuttab has also asked a colleague in the West Bank to undertake vigorous efforts to assist in communicating with the Palestine residents, inform them of the status of their case, and ask whether they choose to continue with another attorney, proceed *pro se*, or abandon their claims altogether.

10. Also now working with the volunteer attorneys is Plaintiff, Susan Abulhawa. Ms. Abulhawa resides in the United States and is an Arabic speaker. She is participating in the effort to communicate with other Plaintiffs and has been in contact recently with a local attorney in Ramallah, Ghandi Rabei, who previously worked with Palestine Plaintiffs in this case on behalf of Mr McMahon.

11. In *Peled v. Netanyahu*, Cause No. 1:17-cv-00260 (ECF 103), Plaintiffs have until June 17, 2022 to have **"any attorney seeking to appear before the Court on behalf of any of the individuals named as plaintiffs that remain on record in this case must file a notice of appearance indicating which plaintiff or plaintiffs they are specifically representing"** *Id.*

12. Based on *Al-Tamimi v. Adelson*, 916 F.3d. 1, 21 (D.C. Cir 2019), and other authorities, the volunteer attorneys have concluded that Plaintiffs have stated claims upon which this Court may grant relief. They will advise Plaintiffs to seek leave from this Court to file a Second Amended Complaint which better complies with the Federal Rules of Civil Procedures than does the First Amended Complaint. (ECF No. 77)

13. Thus far, the volunteer lawyers who are in the process of appearing in this litigation are:
    a. Samuel Jarjour, Fort Wayne, IN;

    b. Kent Hull, South Bend, IN; and

    c. Amith Gupta, American Trial Law Litigator, LLC, Atlanta, GA

14. The attorneys are willing to appear and represent Plaintiff's without seeking retainers. They are currently seeking or already have general admission or permission to appear before this Court *pro hac vice*.

Wherefore, for these reasons the undersigned requests that this Court set a telephone conference to consider the further progress of this case.

                                            Respectfully submitted,

                                            /s/ Samuel W. Jarjour
                                            Samuel W. Jarjour (Bar No. IN0012)
                                            7824 Coldwater Road
                                            Fort Wayne, IN 46825
                                            Telephone: (260) 420-2333
                                            Facsimile: (260) 420-2335
                                            Email: sam@jarjourlaw.com
                                            *Counsel for Plaintiffs Bassem Al-Tamimi,*
                                            *Linda Kateeb, & Abbas Hamideh*

## CERTIFICATE OF SERVICE

I HEREBY certify that on May 27, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

                                            /s/ Samuel W. Jarjour
                                            Samuel W. Jarjour

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BASSEM AL-TAMIMI, *et al.*,  )
                             )
         Plaintiffs,         )
                             )   Case No. 16-cv-0445 (TSC)
         v.                  )
                             )
SHELDON ADELSON, *et al.*,   )
                             )
         and                 )
                             )
UNITED STATES OF AMERICA,    )
                             )
         Defendants.         )
                             )

RENEWED MOTION FOR A CONFERENCE CALL
WITH THE COURT

Undersigned counsel request that this Court set a conference call with attorneys for Plaintiffs and Defendants and further states:

1. Pursuant to Order of this Court dated January 26, 2022 (EFC 194) Plaintiffs have until June 1, 2022, to notify the court whether they will seek representation by substitute counsel or continue this lawsuit representing themselves *pro se* or abandon the lawsuit altogether.

**BACKGROUND**

2. On June 3, 2016, William Jameson Fox entered his Appearance via *pro hac vice* in this case as an attorney for Martin F. McMahon and Associates representing Plaintiffs. (ECF 41)

3. On June 30, 2021, Fox filed a motion to withdraw as counsel, stating that he left the McMahon & Associates law firm in June 2016, shortly after appearing *pro hac vice*, and "inadvertently failed to withdraw from this matter at that time." ECF No. 185, Fox. Mot. to Withdraw. Fox further stated that he moved to Colorado and changed his legal practice such that he no longer has the

1

requisite legal knowledge or capacity to represent Plaintiffs. *Id.* On July 20, 2021, the court granted Fox's motion to withdraw Min. Order (July 20, 2021).

4. On July 1, 2021, Alfred Scanlan entered his appearance in a limited capacity in this case, due to the passing of Martin McMahon.

5. On July 13, 2021, Alfred Scanlan filed a notice withdrawing his appearance. ECF No. 190. As a result, Plaintiffs are now without counsel.

**UPDATE OF STATUS**

6. A group of volunteer attorneys, who were not involved in the original litigation conducted by McMahon, in January, 2022 assembled to assess the status of the case, to determine what steps were necessary to protect the interests of the Plaintiffs and, once the assessments and determinations were complete, to identify substitute counsel who would appear and represent Plaintiffs in this litigation.

7. Difficulties in communication have occurred because some Plaintiffs live in the Occupied Territories of Gaza, the West Bank, and Jerusalem controlled by the Israeli government (collectively "Palestine residents") where privileged communication is difficult.

8. The volunteer attorneys are presently attempting to organize and evaluate the files of Attorney McMahon pertaining to the Plaintiffs, most of which were obtained in late March. It appears that Attorney McMahon's firm has dissolved, as evidenced in part by Internet web pages which are no longer functioning. It is possible that obtaining additional records will require an Order from this Court or from another forum.

9. One attorney, Jonathon Kuttab, who is a member of the Bar in Israel and Palestine, as well as New York, and is an Arabic speaker, has been able to contact some Plaintiffs who are Palestine residents and who stated that they were unaware of Attorney McMahon's death. Mr. Kuttab has also asked a colleague in the West Bank to undertake vigorous efforts to assist in communicating

with the Palestine residents, inform them of the status of their case, and ask whether they choose to continue with another attorney, proceed *pro se*, or abandon their claims altogether.

10. Also now working with the volunteer attorneys is Plaintiff, Susan Abulhawa. Ms. Abulhawa resides in the United States and is an Arabic speaker. She is participating in the effort to communicate with other Plaintiffs and has been in contact recently with a local attorney in Ramallah, Ghandi Rabei, who previously worked with Palestine Plaintiffs in this case on behalf of Mr McMahon. Together they have been able to contact most of the plaintiffs. On May 31, 2022, the undersigned participated in a conference call with Plaintiffs SALIM ABU-SALAH, HIBA BARGHOUTHI, AHMED ABO RAHMAH, NEDDAL ATTWAN, HISHAM ABU AL-HASSAN, REHAM AL-BUR'I, MOHMOUD MOHAMMID ALI SHAALAN, VILLAGE COUNCIL FOR 5 VILLAGES: 1) ABU AL-'ASJA; 2) ABU AL-GHAZLAN; 3) ABU AL-'ARQAN; 4) KARZA; 5) RABOUD, all of whom indicated they will sign our standard retainer. Counsel anticipates receipt of those retainers by Saturday, June 4th, 2022.

11. In *Peled v. Netanyahu*, Cause No. 1:17-cv-00260 (ECF 103), Plaintiffs have until June 17, 2022 to have "any attorney seeking to appear before the Court on behalf of any of the individuals named as plaintiffs that remain on record in this case must file a notice of appearance indicating which plaintiff or plaintiffs they are specifically representing" *Id.*

12. Based on *Al-Tamimi v. Adelson*, 916 F.3d. 1, 21 (D.C. Cir 2019), and other authorities, the volunteer attorneys have concluded that Plaintiffs have stated claims upon which this Court may grant relief. They will advise Plaintiffs to seek leave from this Court to file a Second Amended Complaint which better complies with the Federal Rules of Civil Procedures than does the First Amended Complaint. (ECF No. 77)

13. Thus far, the volunteer lawyers who appeared or are in the process of appearing in this litigation are:

3

a. Samuel Jarjour, Fort Wayne, IN;

b. Kent Hull, South Bend, IN, on behalf of Susan Abulhawa, and;

c. Amith Gupta, American Trial Law Litigator, LLC, Atlanta, GA

14. The attorneys are willing to appear and represent Plaintiff's on a pro bono basis. They are currently seeking or already have general admission or permission to appear before this Court *pro hac vice*.

15. Pursuant to Local Civil Rule 7(m), opposing counsel were contacted regarding this motion and given a deadline of June 1 at noon to respond with any objections. One explicit objection was received from Mr Liebeler, Counsel for Pastor John Hagee. Another response came from Mr Tolchin, who asked "Why didn't you comply with Local Rule 7(m)? Explain that please."

16. As Mr Tolchin's question is the purview of the Court, not his, we prefer to respond to the Court if the Court so asks.

WHEREFORE, for these reasons the undersigned requests that this Court set a telephone conference to consider the further progress of this case.

Respectfully submitted,

/s/ Samuel W. Jarjour
Samuel W. Jarjour (Bar No. IN0012)
7824 Coldwater Road
Fort Wayne, IN 46825
Telephone: (260) 420-2333
Facsimile: (260) 420-2335
Email: sam@jarjourlaw.com
*Counsel for Plaintiffs Bassem Al-Tamimi, Linda Kateeb, & Abbas Hamideh*

4

CERTIFICATE OF SERVICE

I HEREBY certify that on June 1, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

/s/ Samuel W. Jarjour
Samuel W. Jarjour

5

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| BASSEM AL-TAMIMI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHELDON ADELSON, et al.,<br><br>Defendants. | Case No. 16-cv-445 (TSC) |

<u>PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDA<br>OPPOSING PLAINTIFFS' MOTION FOR CONFERENCE CALL</u>

<u>Introduction</u>

Defendant Elliott Abrams (ECF 207) and Defendant John Hagee (ECF 205) (apparently on behalf on the remaining non-governmental defendants) have submitted memoranda opposing Plaintiffs' Motion for a Conference with this Court and counsel of record (ECF 204). Plaintiffs, listed below, now reply to the Defendants' responses.

<u>Argument</u>

Defendants do not acknowledge a unique factor in this case: the original attorney for plaintiffs, Mr. McMahon, died suddenly in June, 2021, and his office was dissolved, leaving Plaintiffs without counsel. Plaintiffs' Motion for the

1

conference call states that a group of volunteer attorneys have assembled to represent a group of vulnerable plaintiffs, the majority of whom live under Israeli Apartheid military occupation.[1,2] A large number of Plaintiffs live in Gaza, which has been under a literal siege for 16 years, cut off from the rest of the world, purposefully forced by Israel into food insecurity[3] and less than 4 hours of electricity per day.[4] Palestinians are one of the most (if not *the* most) surveilled societies in the world, with Israel monitoring nearly every aspect of their lives,[5] making privileged communication exceedingly difficult, particularly for individuals seeking justice or recourse. Further complicating matters is the fact that a large number of them are not English speakers. All of these plaintiffs were left stranded by McMahon's death. In fact, most of them did not even know he had died until many months after his passing. While six months to retain new counsel would be adequate for litigants in the U.S. under normal circumstances, we ask the Court to consider the extraordinary situation for the Plaintiffs, particularly in light of the fact that only a handful of them, for reasons stated above, actually received notice that the case was stayed in January.

Plaintiffs and their counsel recognize Rule 0f Professional Conduct 6.1 of the District of Columbia Bar:

---

[1] Amnesty International 10 year study report on Israeli Apartheid. https://www.amnestyusa.org/endapartheid/
[2] Human Rights Watch Report on Israeli Apartheid. https://www.hrw.org/report/2021/04/27/threshold-crossed/israeli-authorities-and-crimes-apartheid-and-persecution
[3] "to put Palestinians on a diet," quote by Avigdor Lieberman, which described Israel's purpose for calculating the minimal caloric intake for individuals in Gaza to keep them on the brink of starvation, but without causing widespread malnutrition. https://electronicintifada.net/content/israels-starvation-diet-gaza/11810
[4] OCHA, United Nations Office for the Coordination of Humanitarian Affairs. https://reliefweb.int/report/occupied-palestinian-territory/al-mezan-warns-population-gaza-strip-suffers-76-percent
[5] https://www.aljazeera.com/opinions/2022/4/13/under-israeli-surveillance-living-in-dystopia-in-palestine

> A lawyer should participate in serving those persons, or groups of persons, who are unable to pay all or a portion of reasonable attorney's fees or who are otherwise unable to obtain counsel. A lawyer may discharge this responsibility by providing professional services at no fee, or at a substantially reduced fee, to persons and groups who are unable to afford or obtain counsel, or by active participation in the work of organizations that provide legal services to them. When personal representation is not feasible, a lawyer may discharge this responsibility by providing financial support for organizations that provide legal representation to those unable to obtain counsel.
> DC R RPC Rule 6.1

These plaintiffs would have great difficulty in otherwise securing substitute private counsel to advance their claims. Defendants appear to argue that this Court should ignore Plaintiffs' situation and proceed as if their original attorney or his office were still representing them. Plaintiffs recognize that any proffered Amended Complaint requires leave of this Court to file, and they specifically acknowledge the need to address the status of the late Defendant Sheldon Adelman and his estate. <u>Defendants' Opposition to Plaintiffs' Renewed Motion for Conference Call</u>, at 2 and 3, n. 4 (ECF 206); <u>Defendant Elliott Abrams's Opposition to Plaintiffs Bassem Al-Tamimi, Linda Kateeb, and Abbas Hamideh's Renewed Motion for a Conference Call with the Court</u>, at 2 (ECF 207).

Fed. R. Civ/ Proc. 1 states, "These rules…should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." A recent decision from the Western District of Pennsylvania pointed to Rule 1 in denying a motion to withdraw filed by legal services attorneys representing an uncooperative client who would have been left to litigate her eviction *pro se*:

3

> Even if withdrawal is otherwise appropriate, other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency.
>   In addition, where withdrawal would significantly impair a party's ability to maintain the action, courts do not permit counsel to withdraw. *Another factor that may weigh against withdrawal is a concern that the client, if left unrepresented, may not be able to effectively represent his or her interests in an action and comply with the obligations of proceeding pro se.* More substantively, the court is concerned that the [litigant] may not have a fully informed and counseled appreciation of the legal consequences now facing h[er] .... To allow [the defendant's] counsel to withdraw at this time may significantly interfere with h[er] rights. Finally, the potential for increased difficulty on the part of the other litigants in obtaining a "just, speedy, and inexpensive determination" of an action—as required by the foundational principles of Federal Rule of Civil Procedure 1—may also justify denying withdrawal.[A] factor weighing in favor of denial of the motion to withdraw the fact that withdrawal would make service of filings more difficult for the other parties because they could not simply rely on the Court's CM/ECF system but would have to ensure actual delivery to an unrepresented party.
>   *Here, the Court will deny counsel's motion out of concern for the effects of withdrawal on Plaintiff, on Defendants and on the Court's ability to efficiently manage this action… Plaintiff would be left without the benefit of representation. …[T]he Court is concerned that Plaintiff is not prepared to represent herself pro se and does not appreciate the obligations to the Court and the opposing parties in doing so.*
> *Cochran v. UMH 3 Rivers LLC*, 2022 WL 91233, at *3–4 (W.D. Pa. Jan. 10, 2022) (emphasis added, citations omitted and punctuation altered).

The Court observed that defendants would "likely file dispositive motions on legal issues that will require timely responses…[i]n particular…a motion to dismiss based on lack of subject-matter jurisdiction" and expressed concern that, left without counsel:

> To the extent that the action should survive dismissal, *Plaintiff will then have to navigate her way through the discovery process,*

4

> *summary judgment motions, and (potentially) pretrial and trial proceedings. That is a tall task for any pro se litigant*—much more so for Plaintiff, who has been described in the Complaint as an indigent single mother of five minor children, two of whom are disabled…. The Court is not, at this point, confident that proceeding *pro se* is a fully informed, conscious and voluntary decision by Plaintiff. Nor does it believe that granting the Motion to Withdraw would be without risk of prejudice to Plaintiff.
> *Id.* (emphasis added, citations omitted and punctuation altered).

*Cochran* contrasts to the present case because volunteer counsel are appearing in—not requesting to withdraw from—this litigation. That opinion is instructive because the possible consequences to the present Plaintiffs, and this Court, are similar to those enumerated in *Cochran.*

More than a half-century ago, the Supreme Court observed, in reversing a dismissal of a shareholder's derivative action, "If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits." *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966). The conference call Plaintiffs seek is a first and necessary step toward achieving that adjudication.

## Conclusion

For the reasons stated here and in the Motion, Plaintiffs request that this Court conduct a conference call with all counsel of record.

                        Respectfully submitted,

                        /s/ Samuel W. Jarjour
                        Samuel W. Jarjour (Bar No. IN0012)
                        7824 Coldwater Road
                        Fort Wayne, IN 46825
                        Telephone: (260) 420-2333
                        Fax: (260) 420-2335
                        Email: sam@jarjourlaw.com
                        *Counsel for Plaintiffs listed on Appearances dated May 27, 2022 and June 6, 2022.*

                Certificate of Service

    I certify that on the 6th day of June, 2022, I served a copy of the foregoing <u>Plaintiffs' Reply to Defendants' Memoranda Opposing Plaintiffs' Motion for Conference Call on</u> each counsel of record in this case via this Court's electronic filing and service system through the Clerk of the Court.

                                                  /s/ Samuel W. Jarjour